UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CANDACE LARA, § | | |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | |
| § | | |
| ZAVATION MEDICAL PRODUCTS, § | | |
| LLC, PRECISION SPINE, INC., ZIMMER § | | |
| BIOMET, ZIMMER US, INC., ZIMMER § | | |
| BIOMET BONE HEALING § | | |
| TECHNOLOGIES d/b/a EBI, LLC, § | | |
| BIOMET MICROFIXATION, LLC f/k/a § | CASE NO. 5:21-cv-183 | |
| ZIMMER BIOMET CMF AND § | | |
| THORACIC, LLC, ZIMMER BIOMET § | | |
| DISTRIBUTION LLC, ZIMMER BIOMET § | | |
| FOUNDATION, INC., ZIMMER BIOMET § | | |
| HOLDINGS, INC., ZIMMER BIOMET § | | |
| SPINE, INC., MCKESSON § | | |
| CORPORATION, TENET HEALTHCARE § | | |
| CORPORATION, and VHS SAN § | | |
| ANTONIO PARTNERS, LLC, d/b/a § | | |
| BAPTIST HEALTH SYSTEM, § | | |
| § | | |
| *Defendants*. § | | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Precision Spine, Inc. ("Defendant"), hereby removes this action, *Lara v. Zavation Medical Products, LLC, et al.* (the "Action"), from the 57th Judicial District Court of Bexar County, Texas, where it is docketed as Cause No. 2020-CI-13089, to the United States District Court for the Western District of Texas, San Antonio Division.  In support of removal, Defendant states:

1

### *Venue and Subject Matter Jurisdiction*

1. This removal is proper because this Court has original jurisdiction over the Action and is the proper venue for removal of the same. *See* 28 U.S.C. § 1441 ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending.").

2. This Court is the proper venue for removal because the Action is pending in Bexar County, Texas, which is embraced by the San Antonio Division of the United States District Court for the Western District of Texas.

3. This Court has original jurisdiction over the Action because the amount in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.").

    a. <u>Amount in Controversy</u>: In her Original Petition, Plaintiff requests judgment, exclusive of interests and costs, in an amount exceeding $1,000,000. *See* EXHIBIT A, PAGE 3 (asserting in her Original Petition that "Plaintiff seeks money relief over $1,000,000."); *see also* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.").

    b. <u>Diversity Jurisdiction</u>: In her Original Petition, Plaintiff confirms that she resides in Gillespie County, Texas, which is "prima facie proof" that she is domiciled in and, therefore, a citizen of Texas. *See* EXHIBIT A, PAGE 3; *see Hollinger v. Home State Mut. Ins.*

*Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (explaining that "[e]vidence of a person's place of residence … is prima facie proof of his domicile [and] [f]urthermore, once established, a person's state of domicile presumptively continues unless rebutted with sufficient evidence of change") (internal quotation marks and citations omitted).  Defendant—who, as discussed below, is the sole remaining defendant in the Action—is a corporation incorporated under the laws of Delaware that maintains its principal place of business is in Parsippany, New Jersey.  Defendant, therefore, is a citizen of Delaware and New Jersey for diversity purposes.  *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed a citizen of every State … by which it has been incorporated and of the State … where it has its principal place of business").

### *Procedural Requirements for Removal*

4.      <u>Timeliness:</u> A defendant seeking to remove a civil action which was not removable as initially pled may file a notice of removal within 30 days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case has become removable, provided that the notice of removal is filed less than one year after commencement of the action.  28 U.S.C. § 1446(b)(3), (c)(1).  As initially plead, this action, which was filed in Bexar County, Texas district court on July 20, 2020, was not removable because one of the original fourteen defendants—*i.e.*, Tenet Healthcare Corporation ("Tenet"), a Nevada corporation with its principal place of business in Dallas, Texas— is a citizen of Texas and, thus, complete diversity did not exist.  *See* EXHIBIT A, PAGE 6  (naming, in Plaintiff's Original Petition, Tenet as a defendant and acknowledging that Tenet's headquarters are in Dallas, Texas); *see also* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed a citizen of every State … by which it has been incorporated and of the State … where it has its principal place of business").  However, on January 26, 2021, Plaintiff filed a Notice of Nonsuit dismissing Tenet

from the Action thereby rendering the Action removable as of that date because, with the dismissal of Tenet, complete diversity exists between the remaining parties, that is between Plaintiff and Defendant.[1]  *See* EXHIBIT A, PAGES 192-93; *see also Univ. of Tex. Med. Branch at Galveston v. Estate of Darla Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006) (holding that a notice of nonsuit is "effective when it is filed" and thus "extinguishes a case or controversy from the moment" it is filed).  This Notice of Removal was filed on February 25, 2021, within 30 days of January 26, 2021, the date the action became removable, and less than one year after July 20, 2020, the date the Action commenced.  This Notice of Removal is, therefore, timely.

5.     <u>Notice of Removal, Requirements</u>: A defendant seeking to remove a state court action to a federal district court must file with its Notice of Removal a copy of all process, pleadings, and orders served on the defendant in the underlying action.  *See* 28 U.S.C. § 1446(a).  Upon filing the Notice of Removal, the removing defendant must promptly file a copy of the Notice of Removal with the clerk of the State court from which the action is removed and give written notice to all adverse parties.  28 U.S.C. § 1446(d).  This Notice of Removal, together with EXHIBIT A hereto, which contains true and correct copies of all process, pleadings, and orders in the Action, satisfies the requirements 28 U.S.C. § 1446(a).  Moreover, in accordance with 28 U.S.C. § 1446(d), immediately upon filing of this Notice of Removal, Defendant will provide written notice of the same to all adverse parties, *i.e.*, to Plaintiff, and promptly file a copy this Notice of Removal with the clerk of the 57th Judicial District Court of Bexar County, Texas.  This Notice of Removal is, therefore, timely and complete, and all other procedural requirements for removal will be satisfied in due course.

---

[1] All other defendants originally named in Plaintiff's Original Petition, except for Defendant, were voluntarily dismissed by Plaintiff either prior to or at the time Plaintiff dismissed Tenet.

WHEREFORE, Defendant gives notice that the civil action docketed as *Lara v. Zavation Medical Products, LLC, et al.*, Cause No. 2020-CI-13089, in the 57th Judicial District Court of Bexar County, Texas, is removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully Submitted,

**BOWMAN AND BROOKE LLP**

By: */s/ Randall L. Christian*
   Randall L. Christian
   Texas Bar No. 00783826
   randall.christian@bowmanandbrooke.com
   Jonathan L. Smith
   Texas Bar No. 24088436
   jonathan.smith@bowmanandbrooke.com

2901 Via Fortuna Drive, Suite 500
Austin, Texas 78746
Tel: (512) 874-3800
Fax: (512) 874-3801

*Attorneys for Precision Spine, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on or around February 25, 2021, a true and correct copy of the foregoing "Notice of Removal," together with true and correct copies of all exhibits thereto, was served on all counsel of record, as indicated below, via electronic mail and regular U.S. mail.

Ronald L. Bair (rbair@bairhlty.com)
Kenneth A. Scott (kscott@bairhilty.com)
BAIR HILTY, P.C.
14711 Pebble Bend Drive
Houston, Texas 77068

 */s/ Jonathan L. Smith*
   Jonathan L. Smith