# EXHIBIT  A

FILED
7/20/2020 10:11 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Maria Jackson

Case 5:21-cv-00183-JKP Document 1-3 Filed 02/25/21 Page 2 of 196

**CIVIL CASE INFORMATION SHEET**

**2020CI13089**

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____    COURT *(FOR CLERK USE ONLY)*: ___57th___

STYLED _____

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: _____ Email: _____<br><br>Address: _____ Telephone: _____<br><br>City/State/Zip: _____ Fax: _____<br><br>Signature: _____ State Bar No: _____ | Plaintiff(s)/Petitioner(s): _____<br><br>_____<br><br>Defendant(s)/Respondent(s): _____<br><br>_____<br><br>[Attach additional page as necessary to list all parties] | ☐Attorney for Plaintiff/Petitioner<br>☐*Pro Se* Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____<br><br>Additional Parties in Child Support Case:<br>Custodial Parent: _____<br>Non-Custodial Parent: _____<br>Presumed Father: _____ |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract: _____<br><br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: _____ | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional Liability:<br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability List Product: _____<br>☐Other Injury or Damage: _____ | ☐Eminent Domain/ Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property: _____<br><br>**Related to Criminal Matters**<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus— Pre-indictment<br>☐Other: _____ | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children<br><br><br>**Other Family Law**<br>☐Enforce Foreign Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities of Minority<br>☐Other: _____ | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br><br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order<br><br>**Parent-Child Relationship**<br>☐Adoption/Adoption with Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental Rights<br>☐Other Parent-Child: _____ |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: _____ | ☐Administrative Appeal<br>☐Antitrust/Unfair Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: _____ | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: _____ | | |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1)*:

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case)*:

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100, 000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☐Over $1,000,000

**EXHIBIT A, PAGE 1**

FILED
7/20/2020 10:11 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Maria Jackson

Case 5:21-cv-00183-JKP-RBF   Document 1-3   Filed 02/25/21   Page 3 of 196 **13 cits.pps**

CASE NO. **2020CI13089**

| | | |
|---|---|---|
| **CANDACE LARA** | § | **IN THE DISTRICT COURT OF** |
| *Petitioner* | § | |
| | § | |
| **v.s.** | § | |
| | § | |
| | § | |
| **ZAVATION MEDICAL PRODUCTS,** | § | |
| **LLC, PRECISION SPINE, INC.,** | § | |
| **ZIMMER BIOMET, ZIMMER US,** | § | |
| **INC., ZIMMER BIOMET BONE** | § | **BEXAR COUNTY, TEXAS** |
| **HEALING TECHNOLOGIES d/b/a EBI,** | § | |
| **LLC, BIOMET MICROFIXATION,** | § | |
| **LLC f/k/a ZIMMER BIOMET CMF** | § | |
| **AND THORACIC, LLC, ZIMMER** | § | |
| **BIOMET DISTRIBUTION LLC,** | § | |
| **ZIMMER BIOMET FOUNDATION,** | § | |
| **INC., ZIMMER BIOMET HOLDINGS,** | § | |
| **INC., ZIMMER BIOMET SPINE, INC.,** | § | |
| **MCKESSON CORPORATION, TENET** | § | |
| **HEALTHCARE CORPORATION, AND** | § | |
| **VHS SAN ANTONIO PARTNERS, LLC,** | § | |
| **D/B/A BAPTIST HEALTH SYSTEM** | § | **57th** |
| *Defendants* | § | **____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE COURT:

COMES NOW, Plaintiff Candace Lara ("Plaintiff") complaining of Zavation Medical Products, LLC, Precision Spine, Inc., Zimmer Biomet, Zimmer US, Inc., Zimmer Biomet Bone Healing Technologies d/b/a EBI, LLC, Biomet Microfixation, LLC f/k/a Zimmer Biomet CMF and Thoracic, LLC, Zimmer Biomet Distribution LLC, Zimmer Biomet Foundation, Inc., Zimmer Biomet Holdings, Inc. Zimmer Biomet Spine, Inc., McKesson Corporation, Tenet Healthcare Corporation, and VHS San Antonio Partners, LLC, D/B/A Baptist Health System (collectively "Defendants") and demanding judgment for monetary damages from Defendants for personal

injuries arising from a defective product introduced into the body of Plaintiff by way of a surgery. Defendants are liable to Plaintiff on the grounds that the product designed, distributed, marketed and/or promoted by Defendants was defective, and such defect was the producing and proximate cause of injury to the Plaintiff. In support thereof, Plaintiff would show the following:

## I.
## DISCOVERY CONTROL PLAN

1.      Plaintiff intends to conduct discovery of this matter under Discovery Control Plan Level 3 pursuant to Rule 190.1 and 190.4 of the Texas Rules of Civil Procedure.

## II.
## STATEMENT OF RELIEF SOUGHT

2.      Plaintiff seeks money relief over $1,000,000 and demands judgment for all the other relief to which Plaintiff is deemed to be entitled.   The damages sought are within the jurisdictional limits of this Court.

## III.
## PARTIES

3.      Candace Lara is a natural person and resident of Gillespie County, Texas.

4.      Defendant, ZAVATION MEDICAL PRODUCTS, LLC is a Limited Liability Company duly formed under the laws of the state of Mississippi and doing business in Mississippi and Texas.  Defendant ZAVATION MEDICAL PRODUCTS, LLC may be served with process by serving its registered agent, C.T. Corporation System, at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.  SERVICE IS REQUESTED AT THIS TIME.

5.      Defendant PRECISION SPINE, INC. is a Foreign For-Profit Corporation duly formed under the laws of the state of Delaware and doing business in New Jersey and Texas. Defendant PRECISION SPINE, INC. may be served with process by serving its registered agent,

EXHIBIT A, PAGE 3

Cogency Global Inc. at 248 E. Capitol Street, Suite 840, Jackson, Mississippi 39201. SERVICE IS REQUESTED AT THIS TIME.

6.      Defendant ZIMMER BIOMET is a Foreign For-Profit Corporation duly formed under the laws of the state of Delaware and doing business in Indiana and Texas. Defendant ZIMMER BIOMET may be served with process by serving its registered agent, Corporation Service Company, at 135 North Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204. SERVICE IS REQUESTED AT THIS TIME.

7.      Defendant ZIMMER US, INC. is a Foreign For-Profit Corporation duly formed under the laws of the state of Delaware and doing business in Indiana and Texas. Defendant ZIMMER US, INC. may be served with process by serving its registered agent, Corporation Service Company, at 135 North Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204. SERVICE IS REQUESTED AT THIS TIME.

8.      Defendant ZIMMER BIOMET BONE HEALING TECHNOLOGIES d/b/a EBI, LLC is a Domestic Limited Liability Company duly formed under the laws of the state of Indiana and doing business in Indiana and Texas. Defendant ZIMMER BIOMET BONE HEALING TECHNOLOGIES d/b/a EBI, LLC may be served with process by serving its registered agent, Corporation Service Company, at 135 North Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204. SERVICE IS REQUESTED AT THIS TIME.

9.      Defendant BIOMET MICROFIXATION, LLC f/k/a ZIMMER BIOMET CMF AND THORACIC, LLC is a Foreign Limited Liability Company duly formed under the laws of the state of Florida and doing business in Indiana and Texas. Defendant BIOMET MICROFIXATION, LLC f/k/a ZIMMER BIOMET CMF AND THORACIC, LLC may be served with process by serving its registered agent, Corporation Service Company, at 135 North

EXHIBIT A, PAGE 4

Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204.  SERVICE IS REQUESTED AT THIS TIME.

10.     Defendant ZIMMER BIOMET DISTRIBUTION LLC is a Foreign Limited Liability Company duly formed under the laws of the state of Delaware and doing business in Indiana and Texas.  Defendant ZIMMER BIOMET DISTRIBUTION LLC may be served with process by serving its registered agent, Corporation Service Company, at 135 North Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204.  SERVICE IS REQUESTED AT THIS TIME.

11.     Defendant ZIMMER BIOMET FOUNDATION, INC. is a Domestic Nonprofit Corporation duly formed under the laws of the state of Indiana and doing business in Indiana and Texas.  Defendant ZIMMER BIOMET FOUNDATION, INC. may be served with process by serving its registered agent, Corporation Service Company, at 135 North Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204.  SERVICE IS REQUESTED AT THIS TIME.

12.     Defendant ZIMMER BIOMET HOLDINGS, INC. is a Foreign For-Profit Corporation duly formed under the laws of the state of Delaware and doing business in Indiana and Texas.  Defendant ZIMMER BIOMET HOLDINGS, INC. may be served with process by serving its registered agent, Corporation Service Company, at 135 North Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204.  SERVICE IS REQUESTED AT THIS TIME.

13.     Defendant ZIMMER BIOMET SPINE, INC. is a Foreign For-Profit Corporation duly formed under the laws of the state of Delaware and doing business in Indiana and Texas. Defendant ZIMMER BIOMET SPINE, INC. may be served with process by serving its registered agent, Corporation Service Company, at 135 North Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204.  SERVICE IS REQUESTED AT THIS TIME.

14.     Defendant MCKESSON CORPORATION is a Foreign For-Profit Corporation

duly formed under the laws of the State of Delaware, and doing business in Texas.  Defendant

MCKESSON CORPORATION has an office in Dallas, Texas, and is doing business in Texas.

Defendant MCKESSON CORPORATION may be served with process by serving its registered

agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E.

7th Street, Suite 620, Austin, Texas 78701-3218.   SERVICE IS REQUESTED AT THIS TIME.

15.    Defendant TENET HEALTHCARE CORPORATION is a corporation with

headquarters located at 1445 Ross Ave., Suite 1400, Dallas, Texas 75202, and is doing business

in Texas.  Defendant TENET HEALTHCARE CORPORATION may be served with process by

serving its registered agent for service of process, CT Corporation System, 1999 Bryan Street,

Suite 900, Dallas, Texas 75201.  SERVICE IS REQUESTED AT THIS TIME.

16.    Defendant VHS SAN ANTONIO PARTNERS, LLC D/B/A BAPTIST HEALTH

SYSTEM is a domestic limited liability company with its principal place of business located at

215 E. Quincy Blvd., Suite 200, San Antonio, Texas 78215, and is doing business in Texas.

Defendant VHS SAN ANTONIO PARTNERS, LLC D/B/A BAPTIST HEALTH SYSTEM may

be served with process by serving its registered agent for service of process, CT Corporation

System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.  SERVICE IS REQUESTED AT

THIS TIME.

## IV.
## VENUE AND JURISDICTION

17.    The amount in controversy and the damages sought in this civil action are within

the jurisdictional limits of this Court, and compliance with Texas Rule of Civil Procedure 47.

Plaintiff seeks and demands judgment for monetary relief over $1,000,000.

18.     Venue is proper in Bexar County, Texas pursuant to TEX. CIV. PRAC. & REM.

EXHIBIT A, PAGE 6

CODE § 15.002 (a)(1) (Vernon 1995) because all or a substantial part of the events and/or omissions giving rise to Plaintiff's claims occurred in Bexar County, Texas.  Specifically, the surgery by which the product(s) were implanted into Plaintiff was performed at Baptist Medical Center, San Antonio, Bexar County, Texas.

## V.
## STATEMENT OF FACTS

19.     On or about September 13, 2016, Plaintiff underwent surgery on her L5-S1 spine. The surgeon, Dr. Anthony Owusu, Jr. M.D., inserted a product described as screws, a cage and other hardware, in order to stabilize Plaintiff's spine and allow healing of her injured back.  After the surgery, Plaintiff began to experience serious and debilitating pain.  She took steps to relieve the pain and identify the problem, to no avail.  Doctors were unable to determine the cause of her continued pain and disability.  Plaintiff underwent pain management and testing.  Finally, on or about July 18, 2018, petitioner underwent a myelogram and CT scan which revealed that a surgical screw had broken, and the screw was directly in contact with bone in her spine, causing the pain experienced by Petitioner.

## VI.
## THE PRODUCT(S)

20.     The defectively designed, manufactured, marketed and promoted products include the following:

A.     10-2003 L2 Surgical Screws (four);

B.     13R-6540-6545 L2 Surgical Screws (four);

C.     11-C040 L2 Surgical Rods (two);

D.     10-1001 L2 Surgical Screw (one);

E.     10-C3215-13 L2 Surgical Cage (one);

    F.      10-P3215-138 L2 Surgical Plate (one);

    G.      10-4025 L2 Surgical Screws (four); and,

    H.      1002-13 L2 Surgical Cap (one).

Said products are herein sometimes referred to as "screws, cage and other hardware" or "product" or "products."

## VII.
## DEFENDANTS MANUFACTURED PRODUCTS

21.    Defendants, Zavation Medical Products, LLC, Precision Spine, Inc., Zimmer Biomet, Zimmer US, Inc., Zimmer Biomet Bone Healing Technologies d/b/a EBI, LLC, Biomet Microfixation, LLC f/k/a Zimmer Biomet CMF and Thoracic, LLC, Zimmer Biomet Distribution LLC, Zimmer Biomet Foundation, Inc., Zimmer Biomet Holdings, Inc., and Zimmer Biomet Spine, Inc. were, at the time of this occurrence, and are now engaged in the business of  designing, manufacturing, packaging, marketing, promoting, supplying and distributing certain products, including the  surgical screws and cage inserted into and around Plaintiff's spinal column at L5-S1, for sale to and for use by members of the general public. Defendants placed the screws, cage, and other hardware into the stream of commerce by delivering the product to hospitals and medical professionals, sometimes by intermediaries and suppliers, including Defendants McKesson Corporation, Tenet Healthcare Corporation and VHS San Antonio Partners, LLC.

## VIII.
## DEFENDANTS DISTRIBUTED PRODUCTS

22.    Defendants McKesson Corporation, Tenet Healthcare Corporation and VHS San Antonio Partners, LLC marketed, distributed, promoted and supplied the products to Plaintiff through her health care provider. Said Defendants placed or continued to place the products in the stream of commerce.

EXHIBIT A, PAGE 8

EXHIBIT A, PAGE 9

## IX.
## PLAINTIFF RECEIVED THE PRODUCT

23.     On or about September 13, 2016, plaintiff underwent surgery which included the implantation of the screws, cage and other hardware manufactured by one or more of the Defendants and supplied by McKesson Corporation, Tenet Healthcare Corporation and VHS San Antonio Partners, LLC d/b/a Baptist Medical Center.  Plaintiff paid for the product through health insurance.  The screws, cage and other hardware designed manufactured, packaged, marketed, distributed, promoted and supplied by Defendants was in the same condition at the time plaintiff was injured as it was when it was originally manufactured and at the time it was distributed or sold by McKesson Corporation, Tenet Healthcare Corporation and VHS San Antonio Partners, LLC.

## X.
## PLAINTIFF'S USE OF THE PRODUCT

24.     Plaintiff was injured by using or consuming the screw, cage and other hardware in the manner intended and foreseen by the Defendants.  The product in question was sold and marketed as screws, cage and hardware to be inserted into and around a human spinal column and/or individual vertebrae of a patient in the manner intended and foreseen by the defendants.

## XI.

## PLAINTIFF WAS INJURED BY PRODUCT

25.     Unbeknownst to Plaintiff for an extended period of time, the screw, cage or other hardware failed or broke following the September 13, 2016 surgery.  Plaintiff, through active medical care and with the assistance of physicians, attempted to identify the source of her continued pain and disability, to no avail, until July 18, 2018.  At that time, Plaintiff underwent a myelogram which revealed that a surgical screw failed, and one part of the screw was in direct contact with bones or nerves in Plaintiff's back, subjecting her to extreme physical pain and mental

EXHIBIT A, PAGE 10

anguish.  Plaintiff was injured by using the product in the manner described above.

## XII.
## INJURY WAS CAUSED BY DEFECT IN PRODUCT

26.     The product in question,  the screws, cages or other hardware, were defective and unsafe for their intended purposes at the time it left the control of each Defendant in that it failed to conform to the product design and specifications of other similar products in that it lacked sufficient strength, flexibility or other characteristics required for the product to perform as intended.

27.     Pleading additionally and in the alternative, the product was defectively designed so as to render it unreasonably dangerous to plaintiff. In particular, the design was such that the screw, cage or other hardware were incompatible together and improperly designed for the intended use. A safer alternative design would have utilized better quality materials, manufacturing processes, and/or a design that would eliminate the potential for the product to break or otherwise fail while in Plaintiff's body.  On information and belief, such safer alternative design existed at the time the product was manufactured. A safer alternative design would have prevented or significantly reduced the risk of the plaintiff's injuries, without substantially impairing the product's utility. Furthermore, the safer alternative design was economically and technologically feasible at the time the product left the control of the defendants by the application of existing or reasonably achievable scientific knowledge.

28.     Pleading in the alternative, the products were defectively supplied, marketed and promoted by Defendants McKesson Corporation, Tenet Healthcare Corporation and VHS San Antonio Partners, LLC in that they did not include or transmit applicable warnings, or failed to

EXHIBIT A, PAGE 11

provide adequate warnings.  Further, said Defendants placed into the stream of commerce, or passed on through the stream of commerce, the defective products.

29.     These defects were a producing cause of the plaintiff's injuries and damages.

## XIII.
## DEFENDANTS WERE NEGLIGENT

30.     Defendants, Zavation Medical Products, LLC, Precision Spine, Inc., Zimmer Biomet, Zimmer US, Inc., Zimmer Biomet Bone Healing Technologies d/b/a EBI, LLC, Biomet Microfixation, LLC f/k/a Zimmer Biomet CMF and Thoracic, LLC, Zimmer Biomet Distribution LLC, Zimmer Biomet Foundation, Inc., Zimmer Biomet Holdings, Inc., and Zimmer Biomet Spine, Inc. were negligent in manufacturing or designing or marketing or promoting the product in the following respects:  The surgical screw, cage and surrounding hardware should not have failed, and the screws manufactured or designed or marketed by Defendants should not have broken soon after implantation into and around Plaintiff's spine.

31.     Defendants, Zavation Medical Products, LLC, Precision Spine, Inc., Zimmer Biomet, Zimmer US, Inc., Zimmer Biomet Bone Healing Technologies d/b/a EBI, LLC, Biomet Microfixation, LLC f/k/a Zimmer Biomet CMF and Thoracic, LLC, Zimmer Biomet Distribution LLC, Zimmer Biomet Foundation, Inc., Zimmer Biomet Holdings, Inc. and Zimmer Biomet Spine, Inc. were negligent in failing to design the product so that would not fail or break during the period of its intended use, causing serious and debilitating pain, and a safer alternative design should have been incorporated by a reasonable and prudent manufacturer under the same or similar circumstances.

32.     Defendants McKesson Corporation, Tenet Healthcare Corporation and VHS San Antonio Partners, LLC were negligent in distributing the products.

EXHIBIT A, PAGE 12

33.     The product was placed on the market without sufficient warning the consumers of the device that the screws might break shortly after introduction into the spine, causing severe and debilitating pain.  In fact, it was the reasonable expectation of Plaintiff that the products would last the remainder of her lifetime.

34.     These acts and omissions, taken by themselves or in combination, were a proximate cause of the plaintiff's injuries and damages.

## XIV.
## RES IPSA LOQUITOR APPLIES

35.     Plaintiff cannot more specifically allege the acts of negligent manufacture or design on the part of Defendants, because facts in that regard are peculiarly within the knowledge of the Defendants. In the alternative, in the event Plaintiff is unable to prove specific acts of design or manufacture, including negligence and strict product liability, plaintiff relies on the doctrine of res ipsa loquitur. In this connection, plaintiff will show that the character of the occurrence giving rise to this litigation is such that it would not have happened in the absence of negligence, and that the design and manufacture of the  screws, cage and other hardware was within the exclusive control of Defendants, Zavation Medical Products, LLC, Precision Spine, Inc., Zimmer Biomet, Zimmer US, Inc., Zimmer Biomet Bone Healing Technologies d/b/a EBI, LLC, Biomet Microfixation, LLC f/k/a Zimmer Biomet CMF and Thoracic, LLC, Zimmer Biomet Distribution LLC, Zimmer Biomet Foundation, Inc., Zimmer Biomet Holdings, Inc. and Zimmer Biomet Spine, Inc. at the time the negligence probably occurred. Plaintiff had no means of ascertaining the method or manner in which the product was designed and manufactured, and it came into Plaintiff's possession in the same condition it was in when it left the control of Defendants, Zavation Medical Products, LLC, Precision Spine, Inc., Zimmer Biomet, Zimmer US, Inc., Zimmer Biomet Bone

EXHIBIT A, PAGE 13

Healing Technologies d/b/a EBI, LLC, Biomet Microfixation, LLC f/k/a Zimmer Biomet CMF and Thoracic, LLC, Zimmer Biomet Distribution LLC, Zimmer Biomet Foundation, Inc., Zimmer Biomet Holdings, Inc., and Zimmer Biomet Spine, Inc. Thus, Defendants, Zavation Medical Products, LLC, Precision Spine, Inc., Zimmer Biomet, Zimmer US, Inc., Zimmer Biomet Bone Healing Technologies d/b/a EBI, LLC, Biomet Microfixation, LLC f/k/a Zimmer Biomet CMF and Thoracic, LLC, Zimmer Biomet Distribution LLC, Zimmer Biomet Foundation, Inc., Zimmer Biomet Holdings, Inc., and Zimmer Biomet Spine, Inc. were negligent in the design and/or the manufacture of the screw, cage and other hardware, which negligence was a proximate cause of the injuries and damages sustained by plaintiff.

## XV.
## PLAINTIFF'S INJURIES FROM PRODUCT DEFECT

36.     Plaintiff sustained serious personal injuries when the surgical screw broke or otherwise failed.  Plaintiff was in excruciating pain for almost two years before doctors could identify the source of the problem, the broken screw.  Plaintiff was eventually required to undergo a surgery to remove the broken screw and repair the damage done.  Plaintiff has incurred reasonable and necessary doctors and medical expenses as a result of the treatment required. Plaintiff has also suffered severe physical and mental pain, suffering, and anguish.

37.     At the time of the product failed, plaintiff was employed as a keyholder/ Lead Sales at Dollar General, and was earning $ 10.50 per hour. Due to this injury, plaintiff was unable to work for Dollar General, and has sustained lost wages in the past.

## XVI.
## DAMAGES AND PRAYER FOR RELIEF

38.     The above paragraphs are incorporated herein by reference as if fully set forth herein verbatim.

EXHIBIT A, PAGE 14

39.     As a producing and proximate result of Defendant's conduct, by act or omission, Plaintiff Candace Lara was injured and otherwise sustained damages. Plaintiff prays that Defendants, Zavation Medical Products, LLC, Precision Spine, Inc., Zimmer Biomet, Zimmer US, Inc., Zimmer Biomet Bone Healing Technologies d/b/a EBI, LLC, Biomet Microfixation, LLC f/k/a Zimmer Biomet CMF and Thoracic, LLC, Zimmer Biomet Distribution LLC, Zimmer Biomet Foundation, Inc., Zimmer Biomet Holdings, Inc., Zimmer Biomet Spine, Inc., McKesson Corporation, Tenet Healthcare Corporation and VHS San Antonio Partners, LLC be cited to appear and answer herein and that after a lawful trial that the court (via judgment) award both special and general money damages to Plaintiff Candace Lara and against Defendants, including:

A.      Reasonable and necessary costs of medical care and treatment incurred in the past as a result of the injuries sued for herein and in all reasonable probability will be incurred in the future;

B.      Past and future physical pain and mental anguish;

C.      Past and future physical impairment and/or disfigurement;

D.      Past lost earnings and future loss of earning capacity;

E.      Costs of court; and

F.      Pre and post judgment interest as allowed by law.

## XVII.
## REQUEST FOR DISCLOSURE AND NOTICE OF INTENT

COMES NOW Candace Lara, Plaintiff in the above-entitled and numbered cause, and pursuant to Rule 194, advises that each Defendant is requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a), (b), (c), (d), (e), (f), (g), (h), (i), (k) and (l). Such disclosure must comply with Tex. R. Civ. P. 194 and be presented in writing at the office of BairHilty, P.C.

**EXHIBIT A, PAGE 15**

Notice is hereby given of intent to utilize items produced in discovery in the trial of this matter and the authenticity of such items is self-proven pursuant per Tex. R. Civ. P. 193.7.

## XVIII.
## JURY DEMAND

COMES NOW Candace Lara, Plaintiff, and hereby prays that the above and foregoing action be tried by a jury on all issues, claims, and demands presented herein, and that this case be placed upon this Court's jury docket. The required fee is being tendered with this jury demand.


Respectfully submitted,

**BairHilty, P.C.**

**RONALD L. BAIR**
State Bar No. 01554900
Email: rbair@bairhilty.com
14711 Pebble Bend Drive
Houston, Texas 77068
Telephone: (713)862-5599
Facsimile: (713)868-9444

**ATTORNEYS FOR PLAINTIFF
CANDACE LARA**

PRIVATE PROCESS

Case Number: 2020-CI-13089

2020CI13089  S00001

CANDACE LARA
VS.
ZAVATION MEDICAL PRODUCTS LLC ET AL
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
57th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:  ZAVATION MEDICAL PRODUCTS LLC

Andrew C. Manger IV
SCH 822
8/4/2020

BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE  was filed on the 20th day of July, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 29TH DAY OF JULY A.D., 2020.

RONALD L BAIR
ATTORNEY FOR PLAINTIFF
14711 PEBBLE BEND DR
HOUSTON, TX 77068-2923



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Elvira Enriquez*, Deputy

---

CANDACE LARA
VS
ZAVATION MEDICAL PRODUCTS LLC ET AL

**Officer's Return**

Case Number: 2020-CI-13089
Court:  57th Judicial District Court

I received this CITATION on _____ at _____ o'clock ___M. and:( } executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE  the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

Declarant

**EXHIBIT A, PAGE 17**

FILE COPY (DK002)

DOCUMENT  SCANNED  AS  FILED

PRIVATE PROCESS

Case Number: 2020-CI-13089

2020CI13089 S00002

**CANDACE LARA**
**vs.**
**ZAVATION MEDICAL PRODUCTS LLC ET AL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
57th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:  PRECISION SPINE INC

Andrew C. Manger IV
SCH 822
8/4/2020

BY SERVING ITS REGISTERED AGENT, COGENCY GLOBAL INC

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE was filed on the 20th day of July, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 29TH DAY OF JULY A.D., 2020.

RONALD L BAIR
ATTORNEY FOR PLAINTIFF
14711 PEBBLE BEND DR
HOUSTON, TX 77068-2923



**Mary Angie Garcia**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Elvira Enriquez*, Deputy

| CANDACE LARA<br>VS<br>ZAVATION MEDICAL PRODUCTS LLC ET AL | **Officer's Return** | Case Number: 2020-CI-13089<br>Court: 57th Judicial District Court |
|---|---|---|

I received this CITATION on _____ at _____o'clock ___M. and ( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

Declarant

**EXHIBIT A, PAGE 18**

DOCUMENT SCANNED AS FILED

FILE COPY (DK002)

PRIVATE PROCESS

Case Number: 2020-CI-13089

2020CI13089  S00003

CANDACE LARA

VS.

ZAVATION MEDICAL PRODUCTS LLC ET AL

(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
57th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   ZIMMER BIOMET

Andrew C. Manger IV
SCH 822
8/41/2020

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE was filed on the 20th day of July, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 29TH DAY OF JULY A.D., 2020.

RONALD L BAIR
ATTORNEY FOR PLAINTIFF
14711 PEBBLE BEND DR
HOUSTON, TX 77068-2923



**Mary Angie Garcia**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Elvira Enriquez*, Deputy

---

| CANDACE LARA | | |
|---|---|---|
| VS | **Officer's Return** | Case Number: 2020-CI-13089 |
| ZAVATION MEDICAL PRODUCTS LLC ET AL | | Court: 57th Judicial District Court |

I received this CITATION on _____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

Declarant

**EXHIBIT A, PAGE 19**

DOCUMENT SCANNED AS FILED

FILE COPY (DK002)

PRIVATE PROCESS

Case Number: 2020-CI-13089

2020CI13089 S00004

**CANDACE LARA**
**VS.**
**ZAVATION MEDICAL PRODUCTS LLC ET AL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
57th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   ZIMMER US INC

*Andrew C. Manger IV*
SCH 822
8/4/2020

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE was filed on the 20th day of July, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 29TH DAY OF JULY A.D., 2020.

RONALD L BAIR
ATTORNEY FOR PLAINTIFF
14711 PEBBLE BEND DR
HOUSTON, TX 77068-2923



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Elvira Enriquez*, Deputy

---

CANDACE LARA
VS
ZAVATION MEDICAL PRODUCTS LLC ET AL

**Officer's Return**

Case Number: 2020-CI-13089
Court:  57th Judicial District Court

I received this CITATION on _____ at _____ o'clock ___M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE  the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

Declarant

**EXHIBIT A, PAGE 20**

DOCUMENT  SCANNED  AS  FILED

FILE COPY (DK002)

PRIVATE PROCESS

Case Number: 2020-CI-13089

2020CI13089   S00005

**CANDACE LARA**

**VS.**

**ZAVATION MEDICAL PRODUCTS LLC ET AL**

(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
57th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   ZIMMER BIOMET BONE HEALING TECHNOLOGIES
DBA EBI LLC

Andrew C. Manger IV
SCH 822
6/4/2020

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE was filed on the 20th day of July, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 29TH DAY OF JULY A.D., 2020.

RONALD L BAIR
ATTORNEY FOR PLAINTIFF
14711 PEBBLE BEND DR
HOUSTON, TX 77068-2923



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Elvira Enriquez*, Deputy

| CANDACE LARA<br>VS<br>ZAVATION MEDICAL PRODUCTS LLC ET AL | **Officer's Return** | Case Number: 2020-CI-13089<br>Court: 57th Judicial District Court |
|---|---|---|

I received this CITATION on _____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas

By :_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

Declarant

**EXHIBIT A, PAGE 21**

FILE COPY (DK002)

DOCUMENT SCANNED AS FILED

PRIVATE PROCESS

Case Number: 2020-CI-13089

2020CI13089  S00006

**CANDACE LARA**
**VS.**
**ZAVATION MEDICAL PRODUCTS LLC ET AL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
57th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   BIOMET MIRCROFIXATION LLC
FKA ZIMMER BIOMET CMF AND THORACIC LLC

BY SERVING ITS REGISTERED AGENT, CORPORATON SERVICE COMPANY

Andrew C. Manger IV
SCH 822
8/4/2020

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE was filed on the 20th day of July, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 29TH DAY OF JULY A.D., 2020.

RONALD L BAIR
ATTORNEY FOR PLAINTIFF
14711 PEBBLE BEND DR
HOUSTON, TX 77068-2923



**Mary Angie Garcia**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Elvira Enriquez*, Deputy

---

**CANDACE LARA**
**VS**
**ZAVATION MEDICAL PRODUCTS LLC ET AL**

**Officer's Return**

Case Number: 2020-CI-13089
Court: 57th Judicial District Court

I received this CITATION on _____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas
By: _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

Declarant

**EXHIBIT A, PAGE 22**

FILE COPY (DK002)

**DOCUMENT SCANNED AS FILED**

PRIVATE PROCESS

Case Number: 2020-CI-13089

2020CI13089 S00007

CANDACE LARA
VS.
ZAVATION MEDICAL PRODUCTS LLC ET AL
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
57th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   ZIMMER BIOMET DISTRIBUTION LLC

*Andrew C. Manger IV*
SCH 822
4/4/2020

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk  who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were  served this CITATION and ORIGINAL PETITION  AND REQUESTS FOR DISCLOSURE  , a default judgment may be taken against you." Said ORIGINAL PETITION  AND REQUESTS FOR DISCLOSURE  was filed on the 20th day of July, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 29TH DAY OF JULY A.D., 2020.

RONALD L BAIR
ATTORNEY FOR PLAINTIFF
14711 PEBBLE BEND DR
HOUSTON, TX 77068-2923



**Mary Angie Garcia**
Bexar County District Clerk
101 W. Nueva, Suite  217
San Antonio, Texas   78205

By: *Elvira Enriquez*, Deputy

---

| CANDACE LARA<br>VS<br>ZAVATION MEDICAL PRODUCTS LLC ET AL | **Officer's Return** | Case Number: 2020-CI-13089<br>Court:  57th Judicial District Court |
| --- | --- | --- |

I received this CITATION on _____ at _____o'clock ___M. and:(  ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION  AND REQUESTS FOR DISCLOSURE   the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____  o'clock ___M. at:_____ or  (  )  not  executed  because _____

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By: _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____. _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

**EXHIBIT A, PAGE 23**

FILE COPY (DK002)

DOCUMENT  SCANNED  AS  FILED

PRIVATE PROCESS

Case Number: 2020-CI-13089

2020CI13089  S00008

**CANDACE LARA**
**VS.**
**ZAVATION MEDICAL PRODUCTS LLC ET AL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
57th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   ZIMMER BIOMET FOUNDATION INC

Andrew C. Manger IV
SCH 822
8/4/2020

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE was filed on the 20th day of July, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 29TH DAY OF JULY A.D., 2020.

RONALD L BAIR
ATTORNEY FOR PLAINTIFF
14711 PEBBLE BEND DR
HOUSTON, TX 77068-2923



**Mary Angie Garcia**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Elvira Enriquez*, Deputy

---

| CANDACE LARA<br>VS<br>ZAVATION MEDICAL PRODUCTS LLC ET AL | **Officer's Return** | Case Number: 2020-CI-13089<br>Court:  57th Judicial District Court |

I received this CITATION on _____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M. al:_____ or ( ) not executed because _____

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas

By :_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____. _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

**EXHIBIT A, PAGE 24**

FILE COPY (DK002)

**DOCUMENT SCANNED AS FILED**

PRIVATE PROCESS

Case Number: 2020-CI-13089

2020CI13089 S00009

**CANDACE LARA**
**VS.**
**ZAVATION MEDICAL PRODUCTS LLC ET AL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
57th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:  ZIMMER BIOMET HOLDINGS INC

Andrew C. Manger IV
SCH 822

8/4/2020

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk  who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were  served this CITATION and ORIGINAL PETITION  AND REQUESTS FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION  AND REQUESTS FOR DISCLOSURE  was filed on the 20th day of July, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 29TH DAY OF JULY A.D., 2020.

RONALD L BAIR
ATTORNEY FOR PLAINTIFF
14711 PEBBLE BEND DR
HOUSTON, TX 77068-2923



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Elvira Enriquez*, Deputy

---

**CANDACE LARA**
**VS**
**ZAVATION MEDICAL PRODUCTS LLC ET AL**

**Officer's Return**

Case Number: 2020-CI-13089
Court: 57th Judicial District Court

I received this CITATION on _____ at _____ o'clock ___M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION  AND REQUESTS FOR DISCLOSURE  the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas

By: _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____. 20_____.

Declarant

**EXHIBIT A, PAGE 25**

FILE COPY (DK002)

DOCUMENT  SCANNED  AS  FILED

PRIVATE PROCESS

Case Number: 2020-CI-13089

2020CI13089 S00010

**CANDACE LARA**
**VS.**
**ZAVATION MEDICAL PRODUCTS LLC ET AL**
(Note:Attached Document May Contain Additional Litigants.)

**CITATION**

"THE STATE OF TEXAS"

Directed To:   ZIMMER BIOMET SPINE INC

IN THE DISTRICT COURT
57th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

*Andrew C. Manger IV*
SCH 822
8/4/2020

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE was filed on the 20th day of July, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 29TH DAY OF JULY A.D., 2020.

RONALD L BAIR
ATTORNEY FOR PLAINTIFF
14711 PEBBLE BEND DR
HOUSTON, TX 77068-2923



**Mary Angie Garcia**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Elvira Enriquez*, Deputy

---

CANDACE LARA
VS
ZAVATION MEDICAL PRODUCTS LLC ET AL

**Officer's Return**

Case Number: 2020-CI-13089
Court:  57th Judicial District Court

I received this CITATION on _____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas

By :_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

Declarant

**EXHIBIT A, PAGE 26**

FILE COPY (DK002)

DOCUMENT SCANNED AS FILED

PRIVATE PROCESS

Case Number: 2020-CI-13089

2020CI13089 S00911

**CANDACE LARA**
**VS.**
**ZAVATION MEDICAL PRODUCTS LLC ET AL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
57th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

"THE STATE OF TEXAS"

Andrew C. Manger IV
SCH 822
8/4/2020

Directed To: MCKESSON CORPORATION

BY SERVING ITS REGISTERED AGENT, CORP SVC CO DBA CSC LAWYERS INC SERVICE COMPANY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE was filed on the 20th day of July, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 29TH DAY OF JULY A.D., 2020.

RONALD L BAIR
ATTORNEY FOR PLAINTIFF
14711 PEBBLE BEND DR
HOUSTON, TX 77068-2923



**Mary Angie Garcia**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Elvira Enriquez*, Deputy

---

| CANDACE LARA<br>VS<br>ZAVATION MEDICAL PRODUCTS LLC ET AL | **Officer's Return** | Case Number: 2020-CI-13089<br>Court: 57th Judicial District Court |
|---|---|---|

I received this CITATION on _____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas

By :_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

**EXHIBIT A, PAGE 27**

FILE COPY (DK002)

**DOCUMENT SCANNED AS FILED**

PRIVATE PROCESS

Case Number: 2020-CI-13089

2020CI13089  S00012

CANDACE LARA

**vs.**

ZAVATION MEDICAL PRODUCTS LLC ET AL

(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
57th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

"THE STATE OF TEXAS"

Directed To:   TENET HEALTHCARE CORPORATION

Andrew C. Manger IV
SCH 822
8/4/2020

BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk  who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were  served this CITATION and ORIGINAL PETITION  AND REQUESTS FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION  AND REQUESTS FOR DISCLOSURE  was filed on the 20th day of July, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 29TH DAY OF JULY A.D., 2020.

RONALD L BAIR
ATTORNEY FOR PLAINTIFF
14711 PEBBLE BEND DR
HOUSTON, TX 77068-2923



**Mary Angie Garcia**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas   78205

By :  *Elvira Enriquez*,  Deputy

---

CANDACE LARA
VS
ZAVATION MEDICAL PRODUCTS LLC ET AL

**Officer's Return**

Case Number: 2020-CI-13089
Court:  57th Judicial District Court

I received this CITATION on _____ at _____o'clock ___M. and:(   ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION  AND

REQUESTS  FOR  DISCLOSURE   the  date  of  delivery  endorsed  on  it  to  the  defendant, _____, in  person  on  the

_____ at _____ o'clock ___M. at:_____ or  (   )  not  executed  because

_____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas

By :_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is

_____. _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

Declarant

**EXHIBIT A, PAGE 28**

FILE COPY (DK002)

**DOCUMENT  SCANNED  AS  FILED**

PRIVATE PROCESS

Case Number: 2020-CI-13089



2020CI13089 S00013

**CANDACE LARA**
**vs.**
**ZAVATION MEDICAL PRODUCTS LLC ET AL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
57th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Andrew C. Manger IV
SCH 822
8/4/2020

Directed To:  VHS SAN ANTONIO LLC
DBA BAPTIST HEALTH SYSTEM

BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE was filed on the 20th day of July, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 29TH DAY OF JULY A.D., 2020.

RONALD L BAIR
ATTORNEY FOR PLAINTIFF
14711 PEBBLE BEND DR
HOUSTON, TX 77068-2923



**Mary Angie Garcia**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Elvira Enriquez*, Deputy

---

CANDACE LARA
VS
ZAVATION MEDICAL PRODUCTS LLC ET AL

**Officer's Return**

Case Number: 2020-CI-13089
Court:  57th Judicial District Court

I received this CITATION on _____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE  the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By :_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

**EXHIBIT A, PAGE 29**

FILE COPY (DK002)

DOCUMENT SCANNED AS FILED

FILED
8/19/2020 3:36 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Luis Herrera

Case 5:21-cv-00183-JKP-RBF   Document 1-3   Filed 02/25/21   Page 31 of 196

CAUSE NO. 2020CI13089

| | | |
|---|---|---|
| CANDACE LARA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | |
| ZAVATION MEDICAL PRODUCTS, | § | |
| LLC, PRECISION SPINE, INC., | § | |
| ZIMMER BIOMET, ZIMMER US, INC., | § | |
| ZIMMER BIOMET BONE HEALING | § | |
| TECHNOLOGIES d/b/a EBI, LLC, | § | |
| BIOMET MICROFIXATION, LLC f/k/a | § | |
| ZIMMER BIOMET CMF AND | § | BEXAR COUNTY, TEXAS |
| THORACIC, LLC, ZIMMER BIOMET | § | |
| DISTRIBUTION, LLC, ZIMMER | § | |
| BIOMET FOUNDATION, INC., | § | |
| ZIMMER BIOMET HOLDINGS, INC., | § | |
| ZIMMER BIOMET SPINE, INC., | § | |
| MCKESSON CORPORATION, TENET | § | |
| HEALTHCARE CORPORATION, AND | § | |
| VHS SAN ANTONIO PARTNERS, LCC | § | |
| D/B/A BAPTIST HEALTH SYSTEM | § | 57TH JUDICIAL DISTRICT |

## **DEFENDANTS' ORIGINAL ANSWER**

COME NOW DEFENDANTS, Tenet Healthcare Corporation and VHS San Antonio Partners, LLC d/b/a Baptist Health System, and in answer to Plaintiff's Original Petition, would show unto the court as follows:

### I.

Defendants specially except to the conclusory and unsegregated allegations in paragraphs 12 and 13 of Plaintiff's Original Petition that Tenet Healthcare Corporation and VHS San Antonio Partners, LLC defectively supplied, marketed, and promoted the products. Defendants would show themselves entitled to segregation of the allegations and to a specific pleading of each standard of care allegedly violated.

**EXHIBIT A, PAGE 30**

II.

Defendants specially except to the failure of Plaintiff to plead compliance with conditions precedent, under Chapter 74 of the Texas Civil Practice and Remedies Code.

III.

Subject to the foregoing special exceptions, without waiving same, Defendants deny generally the allegations of Plaintiff's Original Petition and demand strict proof thereof.

Defendants specifically deny the allegation that they are sellers under Tex. Civ. Prac. & Rem. Code §82. Defendants further deny under common law that they placed any products in the stream of commerce; therefore, Defendants should be entitled to a judgment that Plaintiff take nothing on the pleadings.

IV.

Defendants plead that the statute of limitations has expired. Plaintiff has pled that the products were placed during a surgery on September 13, 2017, resulting in limitations running on September 13, 2019, under Tex. Civ. Prac. & Remedies Code §74.251.

V.

Further, Plaintiff should be judicially estopped from claiming to have made diligent effort in investigating a potential healthcare liability claim based on Plaintiff's two prior sworn statements. As mentioned above, the Chapter 74 two-year limitations period ran on September 13, 2019. Per Plaintiff's two verified Petitions to Take Deposition Before Suit, Plaintiff verifies under oath that by June of 2020, only a claim against a hardware manufacturer was being investigated. See, *Exhibits A & B, Petitioner Candace Lara's Verified Petition to Take Deposition Before Suit, with Verification (Bexar County); Petitioner Candace Lara's Verified Petition to Take Deposition Before Suit, with Verification (Harris County).* These verifications make clear that almost three

years later, by June of 2020, Plaintiff was not investigating a potential claim against a healthcare provider, but only the manufacturer of a surgical screw.

## VI. Request for Jury Trial

Defendants request this matter be tried before a jury and have tendered the appropriate fee.

WHEREFORE, PREMISES CONSIDERED, Defendants move and pray that upon due hearing, their special exceptions be sustained, and that upon final hearing, Plaintiff takes nothing and Defendants go hence with costs, plus such other and further relief to which they are justly entitled to receive.

Respectfully submitted,
**COOKSEY, MARCIN & HUSTON, PLLC**
25511 Budde Road, Suite 2202
The Woodlands, Texas 77380
Telephone:  (281) 719-5881
Facsimile: (281) 719-5847

By:  _/s/_Curry L. Cooksey
Curry L. Cooksey
State Bar No. 04762400
curry@cmh.legal
Courtney A. Parecki
State Bar No. 24104796
courtney@cmh.legal
Samantha A. Gonzalez
State Bar No. 24107783
samantha@cmh.legal
**E-Service: eservice@cmh.legal**

**ATTORNEYS FOR DEFENDANTS TENET HEALTHCARE CORPORATION AND VHS SAN ANTONO PARTNERS, LCC D/B/A BAPTIST HEALTH SYSTEM**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing instrument has been served on all counsel of record pursuant to the Texas Rules of Civil Procedure on this the 19th day of August 2020.

_/s/_Curry L. Cooksey

**EXHIBIT A, PAGE 32**

# EXHIBIT A

FILED
6/19/2020 10:02 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Martha Medellin

Case 5:21-cv-00183-JKP-RBF   Document 1-3   Filed 02/25/21   Page 35 of 196

CIT PTS PPS

## 2020CI11172

CASE NO. _____

| | | |
|---|---|---|
| IN RE CANDACE LARA | § | IN THE DISTRICT COURT OF |
| | § | |
| *Petitioner* | § | |
| | § | |
| | § | BEXAR COUNTY, TEXAS |
| | § | |
| | § | |
| | § | 288th ___ JUDICIAL DISTRICT |
| | § | |
| | § | |

### PETITIONER CANDACE LARA'S VERIFIED
### PETITION TO TAKE DEPOSITION BEFORE SUIT

TO THE HONORABLE COURT:

Petitioner, Candace Lara, asks the Court for permission to take a deposition by oral examination to obtain testimony to investigate a potential claim, as allowed by Texas Rule of Civil Procedure 202.

### I.
### INTRODUCTION

1.     Petitioner is an individual who resides in Gillespie County, Texas.

2.     The following persons/entities are sought to be deposed:

a.     Dr. Anthony Owusu

b.     Billing records custodian of Next Generation Orthopedic & Spine Institute

c.     Medical records custodian of Next Generation Orthopedic & Spine Institute.

### II.
### BACKGROUND AND ARGUMENT

3.     Petitioner seeks to take the deposition of Dr. Anthony Owusu, the billing records custodian of Next Generation Orthopedic & Spine Institute, and the medical records custodian of

**EXHIBIT A, PAGE 34**

Unofficial Copy

Next Generation Orthopedic & Spine Institute to investigate a potential claim by petitioner. PETITIONER IS NOT SEEKING TO INVESTIGATE A CLAIM AGAINST DR. ANTHONY OWUSU OR NEXT GENERATION ORTHOPEDIC & SPINE INSTITUTE.  PETITIONER IS SEEKING TO OBTAIN INFORMATION TO PURSUE A CLAIM AGAINST A MANUFUCTURER OF A SURGICAL SCREW.  AS SUCH, NO EXPERT REPORT IS NECESSARY TO PERMIT THIS PETITION AS NO CLAIM IS ANTICIPATED AGAINST A HEALTH CARE PROVIDER.

4.     The subject matter of the anticipated suit is the failure of a medical device inserted into petitioner's spine.  Petitioner underwent back surgery on or about September, 2016. The surgery was performed by Dr. Owusu.  Shortly after the surgery, Petitioner began to experience serious and debilitating pain.  She took steps to relieve the pain and identify the problem, to no avail, including pain management and testing.  Finally, on or about July 18, 2018, petitioner underwent a myelogram and CT scan which revealed that a surgical screw had broken, and the screw was directly in contact with bone in her spine, believed to be causing the pain experienced by Petitioner.

5.     Petitioner's interest in the anticipated suit is as a potential plaintiff against the manufacturer of the failed hardware, the identify of which manufacturer is unknown.  Petitioner has claims against the unknown/unidentified manufacturer of the hardware, and the identity of the manufacturer is necessary to pursue her rightful claims.

6.     The identity of those who may have an interest adverse to that of petitioner are unknown, as the purpose of obtaining the testimony is to ascertain the manufacturer of the surgical screw.

7.     This petition is filed in Bexar County, Texas, where venue of the anticipated suit

**EXHIBIT A, PAGE 35**

Unofficial Copy

may lie.

8.    Petitioner asks the Court to issue an order authorizing her to examine the following by oral deposition:

a.    Dr. Anthony Owusu, who may be served at 75 Wincrest Falls Drive, Cypress, Texas 77429.

b.    Billing records custodian of Next Generation Orthopedic & Spine Institute, who may be served at 2020 Babcock Rd., Suite 24, San Antonio, Texas 78229, or wherever they may be found.

c.    Medical records custodian of Next Generation Orthopedic & Spine Institute, who may be served at 2020 Babcock Rd., Suite 24, San Antonio, Texas 78229, or wherever they may be found.

9.    Petitioner expects to elicit the following testimony from the witnesses:

a.    Dr. Anthony Owusu – the name, address and telephone number of the manufacturer of the surgical screw, the date of purchase, the terms of purchase, the cost of purchase, and any warnings, instructions, or other materials included with the surgical screw when purchased or when introduced into the body of petitioner.

b.    Billing records custodian of Next Generation Orthopedic & Spine Institute – the name, address and telephone number of the manufacturer of the surgical screw, the date of purchase, the terms of purchase, the cost of purchase, and any warnings, instructions, or other materials included with the surgical screw when purchased or when introduced into the body of petitioner.

c.    Medical records custodian of Next Generation Orthopedic & Spine Institute – the name, address and telephone number of the manufacturer of the surgical screw, the date of

EXHIBIT A, PAGE 36

Unofficial Copy

purchase, the terms of purchase, the cost of purchase, and any warnings, instructions, or other materials included with the surgical screw when purchased or when introduced into the body of petitioner.

10.     Petitioner needs to depose these witnesses because they have access to the information which would allow petitioner to identify the manufacturer of the defective surgical screw.  Petitioner has sought, and continues to seek, documentary evidence and testimony concerning the identity of the manufacturer of the surgical screw, but has not, to date, been able to obtain the necessary information through other means.

11.     Petitioner requests that the Court order the following persons to produce documents at the deposition(s):

a.      Dr. Anthony Owusu – medical, billing and product information as follows: medical records, nurse notes, doctor notes, dictated reports, radiology reports and records, surgery notes, billing records describing the procedures performed and identifying the manufacturer of the surgical screw implanted into petitioner, and all product warnings, instructions, limitations of use, warranties, representations or other documents identifying the manufacturer of the hardware and the instructions, precautions, warnings, warranties, limitations or other terms relevant to petitioners claim against the manufacturer of the surgical screw.

b.      Billing records custodian of Next Generation Orthopedic & Spine Institute – any and all billing records, including itemized statements pertaining to the purchase of, payment for, allocation of charge for, or pass through billing to petitioner of the cost of the surgical screw, and any of surgical screw, including the specific items of surgical screw implanted into petitioner.

c.      Medical records custodian of Next Generation Orthopedic & Spine Institute billing and product information as follows:  medical records, nurse notes, doctor notes, dictated

Page 4

Unofficial Copy

reports, radiology reports and records, surgery notes, billing records describing the procedures performed and identifying the manufacturer of the surgical screw implanted into petitioner, and all product warnings, instructions, limitations of use, warranties, representations or other documents identifying the manufacturer of the hardware and the instructions, precautions, warnings, warranties, limitations or other terms relevant to petitioners claim against the manufacturer of the surgical screw, including all documents identifying the manufacturer of the hardware implanted into petitioner's back.

12.    The requested depositions may prevent a failure or delay of justice in an anticipated suit by allowing petitioner to identify the proper defendant for said lawsuit.  The likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden and expense of the procedure.

### III.
### HEARING

13.    After service of this petition and notice, Rule 202.3(a) requires that the Court hold a hearing on the petition.

### IV.
### PRAYER

14.    For these reasons, petitioner asks the Court to set this petition for hearing and, after the hearing, to order the deposition of Dr. Anthony Owusu, and the billing and medical records custodians of Next Generation Orthopedic & Spine Institute and the production of documents listed in this petition.

Page 5

**EXHIBIT A, PAGE 38**

Unofficial Copy

Respectfully submitted,

**BairHilty, P.C.**

_____

**RONALD L. BAIR**
State Bar No. 01554900
Email: rbair@bairhilty.com
14711 Pebble Bend Drive
Houston, Texas 77068
Telephone: (713)862-5599
Facsimile: (713)868-9444

**ATTORNEYS FOR PETITIONER
CANDACE LARA**

**EXHIBIT A, PAGE 39**

Unofficial Copy

## VERIFICATION

STATE OF TEXAS          §
                        §
BEXAR COUNTY            §

BEFORE ME, the undersigned authority, personally appeared Candace Lara, a person whose identity is known to me, who being by me duly sworn, deposed as follows:

"My name is Candace Lara. I am over 18 years of age, of sound mind, and am fully capable of making this verification.

"I have read the foregoing "Petitioner Candace Lara's Verified Petition to Take Deposition Before Suit" and attest that the facts stated in paragraphs 4 through ___ are true and correct and within my person knowledge.

Further Affiant sayeth naught."

Candace Lara

SUBSCRIBED AND SWORN TO BEFORE ME on the _15th_ day of June, 2020.

Notary Public in and for the
State of Texas



JERRY WAYNE DANIELS, JR.
Notary Public, State of Texas
Comm. Expires 05-30-2023
Notary ID 132031969

1

**EXHIBIT A, PAGE 40**

Unofficial Copy

# EXHIBIT
# B

6/18/2020 4:36 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 43870878
By: Adiliani Solis
Filed: 6/18/2020 4:36 PM



CASE NO. _____

| | | |
|---|---|---|
| **IN RE CANDACE LARA** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Petitioner* | § | |
| | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| | § | |
| | § | |
| | § | \_\_\_\_ **JUDICIAL DISTRICT** |
| | § | |
| | § | |

**PETITIONER CANDACE LARA'S VERIFIED
PETITION TO TAKE DEPOSITION BEFORE SUIT**

TO THE HONORABLE COURT:

Petitioner, Candace Lara, asks the Court for permission to take a deposition by oral examination to obtain testimony to investigate a potential claim, as allowed by Texas Rule of Civil Procedure 202.

**I.
INTRODUCTION**

1.     Petitioner is an individual who resides in Gillespie County, Texas.

2.     The following persons/entities are sought to be deposed:

a.     Dr. Anthony Owusu

b.     Billing records custodian of Next Generation Orthopedic & Spine Institute

c.     Medical records custodian of Next Generation Orthopedic & Spine Institute.

**II.
BACKGROUND AND ARGUMENT**

3.     Petitioner seeks to take the deposition of Dr. Anthony Owusu, the billing records custodian of Next Generation Orthopedic & Spine Institute, and the medical records custodian of

Next Generation Orthopedic & Spine Institute in order to perpetuate the testimony of these witnesses.  PETITIONER IS NOT SEEKING TO INVESTIGATE A CLAIM AGAINST DR. ANTHONY OWUSU OR NEXT GENERATION ORTHOPEDIC & SPINE INSTITUTE. PETITIONER IS SEEKING TO OBTAIN INFORMATION TO PURSUE A CLAIM AGAINST A MANUFUCTURER OF A SURGICAL SCREW.  AS SUCH, NO EXPERT REPORT IS NECESSARY TO PERMIT THIS PETITION AS NO CLAIM IS ANTICIPATED AGAINST A HEALTH CARE PROVIDER.

4.     The subject matter of the anticipated depositions is the failure of a medical device inserted into petitioner's spine.  Petitioner underwent back surgery on or about September, 2016. The surgery was performed by Dr. Owusu.   Shortly after the surgery, Petitioner began to experience serious and debilitating pain.  She took steps to relieve the pain and identify the problem, to no avail, including pain management and testing.  Finally, on or about July 18, 2018, petitioner underwent a myelogram and CT scan which revealed that a surgical screw had broken, and the screw was directly in contact with bone in her spine, believed to be causing the pain experienced by Petitioner.

5.     Petitioner's interest is as a potential plaintiff against the manufacturer of the failed hardware, the identity of which manufacturer is unknown.  Petitioner has claims against the unknown/unidentified manufacturer of the hardware, and the identity of the manufacturer is necessary to pursue her rightful claims.

6.     The identity of those who may have an interest adverse to that of petitioner are unknown, as the purpose of obtaining the testimony is to ascertain the manufacturer of the surgical screw.

7.     This petition is filed in Harris County, Texas, where venue of the anticipated suit

EXHIBIT A, PAGE 43

may lie.

8.      Petitioner asks the Court to issue an order authorizing her to examine the following by oral deposition:

a.      Dr. Anthony Owusu, who may be served at 75 Wincrest Falls Drive, Cypress, Texas 77429, or wherever he may be found.

b.      Billing records custodian of Next Generation Orthopedic & Spine Institute, who may be served at 20639 Kuykendahl Road, Spring, Texas 77379, or wherever they may be found.

c.      Medical records custodian of Next Generation Orthopedic & Spine Institute who may be served at 20639 Kuykendahl Road, Spring, Texas 77379, or wherever they may be found.

9.      Petitioner expects to elicit the following testimony from the witnesses:

a.      Dr. Anthony Owusu – the name, address and telephone number of the manufacturer of the surgical screw, the date of purchase, the terms of purchase, the cost of purchase, and any warnings, instructions, or other materials included with the surgical screw when purchased or when introduced into the body of petitioner.

b.      Billing records custodian of Next Generation Orthopedic & Spine Institute – the name, address and telephone number of the manufacturer of the surgical screw, the date of purchase, the terms of purchase, the cost of purchase, and any warnings, instructions, or other materials included with the surgical screw when purchased or when introduced into the body of petitioner.

c.      Medical records custodian of Next Generation Orthopedic & Spine Institute – the name, address and telephone number of the manufacturer of the surgical screw, the date of

EXHIBIT A, PAGE 44

purchase, the terms of purchase, the cost of purchase, and any warnings, instructions, or other materials included with the surgical screw when purchased or when introduced into the body of petitioner.

10. Petitioner needs to depose these witnesses because they have access to the information which would allow petitioner to identify the manufacturer of the defective surgical screw. Petitioner has sought, and continues to seek, documentary evidence and testimony concerning the identity of the manufacturer of the surgical screw, but has not, to date, been able to obtain the necessary information through other means.

11. Petitioner requests that the Court order the following persons to produce documents at the deposition(s):

a. Dr. Anthony Owusu – medical, billing and product information as follows: medical records, nurse notes, doctor notes, dictated reports, radiology reports and records, surgery notes, billing records describing the procedures performed and identifying the manufacturer of the surgical screw implanted into petitioner, and all product warnings, instructions, limitations of use, warranties, representations or other documents identifying the manufacturer of the hardware and the instructions, precautions, warnings, warranties, limitations or other terms relevant to petitioners claim against the manufacturer of the surgical screw.

b. Billing records custodian of Next Generation Orthopedic & Spine Institute – any and all billing records, including itemized statements pertaining to the purchase of, payment for, allocation of charge for, or pass through billing to petitioner of the cost of the surgical screw, and any of surgical screw, including the specific items of surgical screw implanted into petitioner.

c. Medical records custodian of Next Generation Orthopedic & Spine Institute billing and product information as follows: medical records, nurse notes, doctor notes, dictated

EXHIBIT A, PAGE 45

reports, radiology reports and records, surgery notes, billing records describing the procedures performed and identifying the manufacturer of the surgical screw implanted into petitioner, and all product warnings, instructions, limitations of use, warranties, representations or other documents identifying the manufacturer of the hardware and the instructions, precautions, warnings, warranties, limitations or other terms relevant to petitioners claim against the manufacturer of the surgical screw, including all documents identifying the manufacturer of the hardware implanted into petitioner's back.

12.     The requested depositions may prevent a failure or delay of justice in an anticipated suit by allowing petitioner to identify the proper defendant for said lawsuit.   The likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden and expense of the procedure.

### III.
### HEARING

13.     After service of this petition and notice, Rule 202.3(a) requires that the Court hold a hearing on the petition.

### IV.
### PRAYER

14.     For these reasons, petitioner asks the Court to set this petition for hearing and, after the hearing, to order the deposition of Dr. Anthony Owusu, and the billing and medical records custodians of Next Generation Orthopedic & Spine Institute and the production of documents listed in this petition.

EXHIBIT A, PAGE 46

Respectfully submitted,

**BairHilty, P.C.**

_____

**RONALD L. BAIR**
State Bar No. 01554900
Email: rbair@bairhilty.com
14711 Pebble Bend Drive
Houston, Texas 77068
Telephone: (713)862-5599
Facsimile: (713)868-9444

**ATTORNEYS FOR PETITIONER
CANDACE LARA**

<u>VERIFICATION</u>

STATE OF TEXAS     §
           §
HARRIS COUNTY    §

  BEFORE ME, the undersigned authority, personally appeared Candace Lara, a person whose identity is known to me, who being by me duly sworn, deposed as follows:

  "My name is Candace Lara. I am over 18 years of age, of sound mind, and am fully capable of making this verification.

  "I have read the foregoing "Petitioner Candace Lara's Verified Petition to Take Deposition Before Suit" and attest that the facts stated in paragraphs 4 through ____ are true and correct and within my person knowledge.

  Further Affiant sayeth naught."

             _____
             Candace Lara

SUBSCRIBED AND SWORN TO BEFORE ME on the 15ᵗʰ day of June, 2020.

             _____
             Notary Public in and for the
             State of Texas

JERRY WAYNE DANIELS. JR.
Notary Public, State of Texas
Comm. Expires 05-30-2023
Notary ID 132031969

Unofficial Copy Office of Marilyn Burgess District Clerk

1

**CAUSE NO. 2020CI13089**

| | | |
|---|---|---|
| **CANDACE LARA** | § | **IN THE DISTRICT COURT OF** |
| *Petitioner* | § | |
| | § | |
| **v.s.** | § | |
| | § | |
| **ZAVATION MEDICAL PRODUCTS,** | § | |
| **LLC, PRECISION SPINE, INC.,** | § | |
| **ZIMMER BIOMET, ZIMMER US,** | § | |
| **INC., ZIMMER BIOMET BONE** | § | **BEXAR COUNTY, TEXAS** |
| **HEALING TECHNOLOGIES d/b/a EBI,** | § | |
| **LLC, BIOMET MICROFIXATION,** | § | |
| **LLC f/k/a ZIMMER BIOMET CMF** | § | |
| **AND THORACIC, LLC, ZIMMER** | § | |
| **BIOMET DISTRIBUTION LLC,** | § | |
| **ZIMMER BIOMET FOUNDATION,** | § | |
| **INC., ZIMMER BIOMET HOLDINGS,** | § | |
| **INC., ZIMMER BIOMET SPINE, INC.,** | § | |
| **MCKESSON CORPORATION, TENET** | § | |
| **HEALTHCARE CORPORATION, AND** | § | |
| **VHS SAN ANTONIO PARTNERS, LLC,** | § | |
| **D/B/A BAPTIST HEALTH SYSTEM** | § | |
| *Defendants* | § | **57TH JUDICIAL DISTRICT** |

## MOTION TO DISMISS WITHOUT PREJUDICE

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW, CANDACE LARA, Plaintiff in the above-styled and numbered cause, and files this Motion to Dismiss without Prejudice as to Defendants, ZIMMER BIOMET, ZIMMER US, INC., ZIMMER BIOMET BONE HEALING TECHNOLOGIES d/b/a EBI, LLC, BIOMET MICROFIXATION, LLC f/k/a ZIMMER BIOMET CMF AND THORACIC, LLC ZIMMER BIOMET DISTRIBUTION LLC, ZIMMER BIOMET FOUNDATION, INC., ZIMMER BIOMET HOLDINGS, INC., ZIMMER BIOMET SPINE, INC., and in consideration of a Limited Tolling Agreement hereby presently dismisses all of her claims against said Defendants, without prejudice.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, CANDACE LARA, respectfully request the court to enter an order of dismissal without prejudice as to Defendants, ZIMMER BIOMET, ZIMMER US, INC., ZIMMER BIOMET BONE HEALING TECHNOLOGIES d/b/a EBI, LLC, BIOMET MICROFIXATION, LLC f/k/a ZIMMER BIOMET CMF AND THORACIC, LLC ZIMMER BIOMET DISTRIBUTION LLC, ZIMMER BIOMET FOUNDATION, INC.,

ZIMMER BIOMET HOLDINGS, INC., ZIMMER BIOMET SPINE, INC., and grant any and all other relief to which Plaintiff may show themselves justly entitled.

Respectfully submitted,

**BAIR HILTY, P.C.**

By: _____
    RONALD L. BAIR
    SBN: 01554900
    rbair@bairhilty.com
    KENNETH A. SCOTT
    SBN: 00791629
    kscott@bairhilty.com
    14711 Pebble Bend Drive
    Houston, Texas 77068
    Tel:  (713) 862-5599
    Fax: (713) 868-9444
    **ATTORNEY FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

      I do hereby certify that a true and correct copy of the foregoing has been forwarded to all known counsel of record pursuant to the Texas Rules of Civil Procedure on this the 2nd day of September, 2020.

Sara P. Scullen                      *Via E-File*
Patrick Nolan
QUARLES & BRADY, LLP
411 East Wisconsin Avenue,
Suite 2400
Milwaukee, WI 53202-4426

_____
RONALD L. BAIR

2

FILED
9/2/2020 4:36 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Jessica Zapata

Case 5:21-cv-00183-JKP-RBF   Document 1-3   Filed 02/25/21   Page 52 of 196

**CAUSE NO. 2020CI13089**

| | | |
|---|---|---|
| **CANDACE LARA** | § | **IN THE DISTRICT COURT OF** |
| *Petitioner* | § | |
| | § | |
| **v.s.** | § | |
| | § | |
| **ZAVATION MEDICAL PRODUCTS,** | § | |
| **LLC, PRECISION SPINE, INC.,** | § | |
| **ZIMMER BIOMET, ZIMMER US,** | § | |
| **INC., ZIMMER BIOMET BONE** | § | **BEXAR COUNTY, TEXAS** |
| **HEALING TECHNOLOGIES d/b/a EBI,** | § | |
| **LLC, BIOMET MICROFIXATION,** | § | |
| **LLC f/k/a ZIMMER BIOMET CMF** | § | |
| **AND THORACIC, LLC, ZIMMER** | § | |
| **BIOMET DISTRIBUTION LLC,** | § | |
| **ZIMMER BIOMET FOUNDATION,** | § | |
| **INC., ZIMMER BIOMET HOLDINGS,** | § | |
| **INC., ZIMMER BIOMET SPINE, INC.,** | § | |
| **MCKESSON CORPORATION, TENET** | § | |
| **HEALTHCARE CORPORATION, AND** | § | |
| **VHS SAN ANTONIO PARTNERS, LLC,** | § | |
| **D/B/A BAPTIST HEALTH SYSTEM** | § | |
| *Defendants* | § | **57TH JUDICIAL DISTRICT** |

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE**

ON THIS DAY the Court considered Plaintiff's, CANDACE LARA Motion to Dismiss as to Defendants, ZIMMER BIOMET, ZIMMER US, INC., ZIMMER BIOMET BONE HEALING TECHNOLOGIES d/b/a EBI, LLC, BIOMET MICROFIXATION, LLC f/k/a ZIMMER BIOMET CMF AND THORACIC, LLC ZIMMER BIOMET DISTRIBUTION LLC, ZIMMER BIOMET FOUNDATION, INC., ZIMMER BIOMET HOLDINGS, INC., ZIMMER BIOMET SPINE, INC., without prejudice.

The Court, having considered such Motion finds that it is well taken and should be GRANTED.

It is therefore, ORDERED, ADJUDGED and DECREED that all claims of Plaintiff, CANDACE LARA against Defendants, ZIMMER BIOMET, ZIMMER US, INC., ZIMMER BIOMET BONE HEALING TECHNOLOGIES d/b/a EBI, LLC, BIOMET MICROFIXATION, LLC f/k/a ZIMMER BIOMET CMF AND THORACIC, LLC ZIMMER BIOMET DISTRIBUTION LLC, ZIMMER BIOMET FOUNDATION, INC., ZIMMER BIOMET

**EXHIBIT A, PAGE 51**

HOLDINGS, INC., ZIMMER BIOMET SPINE, INC., should be, and hereby are, dismissed without prejudice.

SIGNED this_____day of_____, 2020.


_____
JUDGE PRESIDING


APPROVED:

**BAIRHILTY, P.C.**

_____
RONALD L. BAIR
State Bar No. 01554900
rbair@bairhilty.com
KENNETH A. SCOTT
State Bar No. 00791629
kscott@bairhilty.com
14711 Pebble Bend Drive
Houston, Texas 77068
Telephone: (713)862-5599
Facsimile: (713)868-9444
**ATTORNEYS FOR PLAINTIFF**


_____
AIMEE GONG
Litigation Counsel
Zimmer Biomet
345 East Main Street
Warsaw, IN 46580
**Aimee.Gong@zimmerbiomet.com**
Telephone: (574)267-6131
**Authorized Representative of Defendants, Zimmer**

2

FILED
9/4/2020 4:31 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Luis Herrera

Case 5:21-cv-00183-JKP-RBF   Document 1-3   Filed 02/25/21   Page 54 of 196

## CAUSE NO. 2020CI13089

| | | |
|---|---|---|
| CANDANCE LARA | § | |
| | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| ZAVATION MEDICAL PRODUCTS, | § | |
| LLC, PRECISION SPINE, INC. | § | |
| ZIMMER BIOMET, ZIMMER US, | § | |
| INC., ZIMMER BIOMET BONE | § | |
| HEALING TECHNOLOGIES, d/b/a EBI | § | |
| LLC BIOMET MICROFIXATION, | § | BEXAR COUNTY, TEXAS |
| LLC, f/k/a ZIMMER BIOMET CMF | § | |
| AND THORACIC, LLC, ZIMMER | § | |
| BIOMET DISTRIBUTION LLC, | § | |
| ZIMMER BIOMET FOUNDATION, | § | |
| INC., ZIMMER BIOMET HOLDINGS, | § | |
| INC., ZIMMER BIOMET SPINE, INC., | § | |
| MCKESSON CORPORATION, TENET | § | |
| HEALTHCARE CORPORATION, AND | § | |
| VHS SAN ANTONIO PARTNERS, LLC, | § | |
| D/B/A BAPTIST HEALTH SYSTEM | § | |
| | § | |
| | § | |
| Defendants. | § | 57TH JUDICIAL DISTRICT |

## DEFENDANT ZAVATION MEDICAL PRODUCTS, LLC'S ORIGINAL ANSWER AND DEFENSES TO PLAINTIFF'S ORIGINAL PETITION, AND SPECIAL EXCEPTIONS

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant Zavation Medical Products, LLC ("Zavation") files this original answer, pursuant to Rule 92 of the Texas Rules of Civil Procedure, in order to respond to the allegations and causes of action asserted in the Original Petition ("Petition") filed by Plaintiff Candace Lara ("Plaintiff") and any subsequently amended or supplemented petition.  In support thereof, Zavation would respectfully show the Court as follows:

**EXHIBIT A, PAGE 53**

## GENERAL DENIAL

Subject to stipulations or admissions that may hereafter be made, Zavation enters its general denial, pursuant to Rule 92 of the Texas Rules of Civil Procedure, thereby denying each and every, all and singular, of the material allegations made by Plaintiff, and Zavation requests that Plaintiff be required to prove all charges and allegations by the applicable standard of proof required by the laws of the State of Texas.

## SPECIAL EXCEPTION

Zavation specially excepts to the conclusory and unsegregated allegations in paragraph 21 of Plaintiff's Original Petition.   Zavation would show itself entitled to segregation of the allegations and to a specific pleading of the product(s) manufactured by Zavation.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation.

### SECOND DEFENSE

Plaintiff has failed to state a claim for which relief can be granted.

### THIRD DEFENSE

Plaintiff's claims are barred by the doctrine of federal preemption, as established by statute, including the preemption provision of the Medical Device Amendments, 21 U.S.C. § 360k(a), to the federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301, et seq., and by state and federal case law, and are barred by the Supremacy Clause of the United States Constitution, because the product at issue is regulated by the U.S. Food and Drug Administration ("FDA") under the Medical Device Amendments, 21 U.S.C. § 360k, et seq., to the federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301, et seq., and other federal statutes and regulations.

## FOURTH DEFENSE

At all relevant times, Zavation was in full compliance with all applicable federal statutes and regulations, including but not limited to the Medical Device Amendments, 21 U.S.C. § 360k, et seq., to the federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301, et seq., and other federal statutes and regulations, and Plaintiff's claims are accordingly barred.

## FIFTH DEFENSE

Plaintiff's claims against Zavation are expressly and/or impliedly preempted by federal law, including but not limited to, the regulations promulgated by the FDA and contained in Chapter 21 of the Code of Federal Regulations.  *See* 21 U.S.C. § 301 *et seq.*; *see also* Fed. Reg. 3922 (Jan. 24, 2006).

## SIXTH DEFENSE

Plaintiff's claims are barred because Zavation complied with all applicable state and federal statutes regarding the product at issue including the requirements and regulations promulgated by the FDA and contained in Chapter 21 of the Code of Federal Regulations.  In the event that Plaintiff's claims are not barred, Zavation is entitled to a presumption that the product at issue is free from any defect or defective condition as the plans or design for the product at issue or the methods and techniques of manufacturing, inspecting, and testing the product at issue were in conformity with government standards established for the industry that were in existence at the time the plans or designs for the product at issue or the methods and techniques of manufacturing, inspecting, and testing the product at issue were adopted.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the deference that federal and state constitutional law and federal and state common law give to discretionary actions by the FDA under the Federal Food, Drug & Cosmetic Act, 21 U.S.C. § 301 et seq., and regulations

promulgated there under.

## EIGHTH DEFENSE

Plaintiff's claims are governed and barred, in whole or in part, by Sections 2, 4, and 6 of The Restatement (Third) of Torts (including the comments thereto) because Zavation complied with all applicable statutes and with the requirements and regulations of the FDA.

## NINTH DEFENSE

Any claims by Plaintiff relating to alleged communications with regulatory agencies in the United States government are barred in whole or in part by operation of applicable law, including the First Amendment rights of Zavation to petition the government.

## TENTH DEFENSE

Plaintiff's claims regarding warnings and labeling are barred in whole or in part by the doctrine of primary jurisdiction, in that the FDA is charged under the law with determining the content of warnings and labeling for medical devices.

## ELEVENTH DEFENSE

Plaintiff cannot state a claim with regard to warnings and labeling for medical devices because the remedy sought by Plaintiff is subject to the exclusive regulation of FDA.

## TWELFTH DEFENSE

Zavation is entitled to the rebuttable presumptions provided under Sections 82.007 and 82.008 of the Texas Civil Practice & Remedies Code.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part because the product at issue provided a benefit to users of such product and greatly outweighed any risk created by using such product, any risk could not have been avoided through the use of the highest standards of scientific and technical knowledge available at the time, the benefit provided to users could not be achieved in

another manner with less risk, and adequate warnings concerning the risk were provided.

## FOURTEENTH DEFENSE

To the extent that any of Plaintiff's claims can be, or are construed as, alleging a violation of consumer protection laws, Zavation specifically pleads all affirmative defenses available to Zavation under the rules and statutes of Texas and any other state whose law is deemed to apply in this case, and under the common law principles of Texas and any other state whose law is deemed to apply in this case.

## FIFTEENTH DEFENSE

The injuries and damages allegedly suffered in this action, which are denied, were not foreseeable to Zavation given the state of scientific knowledge and state-of-the-art at the time of the alleged injuries.  At all times relevant, the product at issue conformed to state-of-the-art specifications and state-of-scientific knowledge for such product at that time, as well as all applicable statutes and regulations, including those of FDA.

## SIXTEENTH DEFENSE

Plaintiff knowingly and voluntarily assumed any and all risks associated with the use of the product at issue in this case and thus the "last clear chance" and assumption of the risk doctrines bar in whole or in part the damages that Plaintiff seeks to recover herein.

## SEVENTEENTH DEFENSE

Plaintiff's inadequate warning claims are barred because the alleged risk of which Plaintiff claims is open, obvious, and/or a matter of common knowledge.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part because the product at issue was consistent with and/or exceeded consumer expectations.

## NINETEENTH DEFENSE

At all relevant times, the warnings and instructions accompanying the product at issue were governed by and conformed with applicable federal statutes, rules and regulations; therefore, warnings and instructions relating to the product were presumptively adequate.

## TWENTIETH DEFENSE

Plaintiff's causes of action are barred by the learned intermediary doctrine.

## TWENTY-FIRST DEFENSE

Zavation is not liable to Plaintiff because the end users of the product at issue, Plaintiff's physician(s), were sophisticated users of the product.

## TWENTY-SECOND DEFENSE

Zavation states that the sole proximate cause of the injuries and/or damages alleged by Plaintiff was the actions, omissions, or negligence of a person or persons, other than Zavation, for whose actions, omissions, or negligence Zavation is in no way liable.  Plaintiff is not, therefore, entitled to recover from Zavation in this action.  As to Plaintiff or to any other entity or person whose conduct or intervening negligence resulted in the alleged injuries and/or damages of Plaintiff, if any, Zavation expressly pleads the doctrines of assumption of risk, contributory negligence, comparative fault and/or comparative negligence, as well as the provisions of any applicable comparative fault and/or comparative negligence and/or contributory negligence statute, law or policy of Texas, including but not limited to Chapter 33 of the Texas Civil Practices & Remedies Code, and any other applicable state.  Thus Plaintiff cannot recover damages at all, or alternatively, any damages must be reduced by the percentages of responsibility as determined by the trier of fact.

## TWENTY-THIRD DEFENSE

The injuries and damages allegedly suffered in this action, which are denied, may have

been caused, in whole or in part, by Plaintiff's own fault, which bars or proportionately reduces Zavation's liability, if any, for Plaintiff's alleged damages.

### TWENTY-FOURTH DEFENSE

Plaintiff voluntarily and unreasonably chose to encounter known dangers.

### TWENTY-FIFTH DEFENSE

The liability of Zavation, if any, for Plaintiff's non-economic loss must be apportioned in accordance with the provisions of the law of Texas and any other applicable state.

### TWENTY-SIXTH DEFENSE

Plaintiff's alleged injuries, losses, or damages attributable to the use of the product at issue in this case, if any, were solely caused by and attributable to the abnormal, unforeseeable, unintended, unreasonable, and improper use or misuse which was made of said product.

### TWENTY-SEVENTH DEFENSE

Plaintiff's alleged injuries, losses, or damages attributable to the use of the product at issue in this case, if any, were not legally caused by the product at issue, but instead were legally caused by intervening and superseding causes or circumstances.

### TWENTY-EIGHTH DEFENSE

Zavation expressly denies any third party engaging in the acts alleged by Plaintiff was acting as Zavation's agent or servant, at the instruction of Zavation, or within its control. Therefore, Plaintiff's claims, to the extent they seek to recover for the acts or omissions of such third parties, are barred in whole or in part as a matter of law.

### TWENTY-NINTH DEFENSE

Plaintiff's causes of action are barred because the injuries and damages allegedly suffered in this action, which are denied, were due to an allergic, idiosyncratic or idiopathic reaction to the product at issue in this case, or by an unforeseeable illness, unavoidable accident, or preexisting

condition, and/or another unrelated medical, genetic or environmental condition, disease or illness, without any negligence or culpable conduct by Zavation.

### THIRTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of avoidable consequences and/or Plaintiff's failure to mitigate her damages.

### THIRTY-FIRST DEFENSE

Plaintiff's claims may be barred, in whole or in part, from recovery, due to spoliation of evidence and the failure to properly preserve evidence necessary to the determination of the claim.

### THIRTY-SECOND DEFENSE

Plaintiff' claims against Zavation are barred by the doctrines of equitable estoppel, laches, consent, waiver, informed consent, release, unclean hands, res judicata, and collateral estoppel. Additionally, if Plaintiff had or has filed bankruptcy during the relevant time period of the events alleged in the Petition or files for bankruptcy at some point in the future, the claims of any such plaintiff may be "property of the bankruptcy estate" which should be prosecuted by the bankruptcy trustee rather than plaintiff, or, if not disclosed by Plaintiff on the schedules and/or statement of financial affairs, may be barred by the doctrine of judicial estoppel.

### THIRTY-THIRD DEFENSE

To the extent Plaintiff's claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred by *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001).

### THIRTY-FOURTH DEFENSE

The product at issue may have been altered after the product left the control, custody and possession of Zavation, and said alteration relieves Zavation of any and all liability.

## THIRTY-FIFTH DEFENSE

Any strict liability cause of action for relief is subject to the limitations set forth in Restatement (Second) of Torts, Section 402A, comment k.

## THIRTY-SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part under Section 402A, comment j and k of the Restatement (Second) of Torts, and/or the Restatement (Third) of Torts: Products Liability, Sections 2, 4, and 6 and comments thereto.

## THIRTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised her claims by any means.

## THIRTY-EIGHTH DEFENSE

Any recovery by Plaintiff must be reduced or offset by all amounts paid, payable by, or available from collateral sources.

## THIRTY-NINTH DEFENSE

Plaintiff's claims for pain and suffering are barred because they violate Zavation's rights to procedural and substantive due process and equal protection as guaranteed by the Constitutions of the United States and Texas or any other applicable state.  Zavation asserts the provisions of all applicable statutory caps on damages of any sort under the laws of Texas and any other applicable state.

## FORTIETH DEFENSE

Zavation specifically pleads as to Plaintiff's strict liability claims, all affirmative defenses available to Zavation under the rules and statutes of Texas and any other state whose law is deemed to apply in this case, and under any common law principles of Texas and any other state whose

law is deemed to apply in this case.

## FORTY-FIRST DEFENSE

Zavation specifically pleads as to Plaintiff's negligence claims all affirmative defenses available to Zavation under the rules and statutes Texas and any other state whose law is deemed to apply in this case, and under any common law principles of Texas and any other state whose law is deemed to apply in this case.

## FORTY-SECOND DEFENSE

Zavation hereby gives notice that it intends to rely upon and incorporate by reference any affirmative defenses that may be asserted by any co-defendant in this lawsuit.

## AMENDMENT AND SUPPLEMENTATION OF ANSWER

Zavation reserves its rights to amend and/or supplement its answer pursuant to the Texas Rules of Civil Procedure.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Zavation prays that this Court, upon full and final hearing of this matter, enter judgment that Plaintiff take nothing against Zavation by way of her claims in this action and for such other relief, both special and general, in law and in equity, to which Zavation may show itself to be justly entitled.

Respectfully submitted this 4th day of September 2020.

BUTLER SNOW LLP

By:     */s/ Christopher Cowan*
         Christopher Cowan
         State Bar No. 2408475
         chris.cowan@butlersnow.com
         Katie A. Fillmore
         State Bar No. 24069717

Katie.fillmore@butlersnow.com
1400 Lavaca Street, Suite 1000
Austin, Texas 78701
737-802-1800 P
737-802-1801 F

**Attorneys for Defendant**
**Zavation Medical Products, LLC**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing was served on September 4, 2020 on counsel of record via the Court's CM/ECF system and via email.


_____ */s/ Christopher Cowan*
Christopher Cowan

FILED
9/4/2020 3:28 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Jessica Uriegas

Case 5:21-cv-00183-JKP-RBF   Document 1-3   Filed 02/25/21   Page 66 of 196

PRIVATE PROCESS

Case Number: 2020-CI-13089

2020CI13089   S00006

**CANDACE LARA**

**VS.**

**ZAVATION MEDICAL PRODUCTS LLC ET AL**

(Note: Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
57th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   BIOMET MIRCROFIXATION LLC
FKA ZIMMER BIOMET CMF AND THORACIC LLC

BY SERVING ITS REGISTERED AGENT, CORPORATON SERVICE COMPANY

*135 N. Pennsylvania Cr. #1610*
*Indianapolis, IN 46204*

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE was filed on the 20th day of July, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 29TH DAY OF JULY A.D., 2020.

RONALD L BAIR
ATTORNEY FOR PLAINTIFF
14711 PEBBLE BEND DR
HOUSTON, TX 77068-2923



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas   78205

By: *Elvira Enriquez*, Deputy

| | |
|---|---|
| CANDACE LARA<br>VS<br>ZAVATION MEDICAL PRODUCTS LLC ET AL | **Officer's Return** | Case Number: 2020-CI-13089<br>Court: 57th Judicial District Court |

I received this CITATION on 08/07/2020 at 9:22 o'clock P.M. and (✓) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE the date of delivery endorsed on it to the defendant, *Corporation Service Company* , in person on the *August 10, 2020* at 1:26 o'clock P.M. at *135 N. Pennsylvania St* or ( ) not executed because *#1610*
*Indianapolis, IN 46204*

✱ *Accepted by Becky Mayo*

Fees: _____ Badge/PPS #: _____ Date certification expires: _____

_____ County, Texas

By: _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is *Mark Fleming* , my date of birth is *02/18/1958* , and my address is
*P.O. Box 287, Upland, IN 46989   Grant* County, *IN*

I declare under penalty of perjury that the foregoing is true and correct. Executed in *Marion* County, State of ~~Texas~~ *Indiana*, on the *10th* day of *August*, 2020.

*Mark Fleming*
Declarant

RETURN TO COURT (DK002)

**EXHIBIT A, PAGE 65**

FILED
9/4/2020 3:22 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Jessica Uriegas

Case 5:21-cv-00183-JKP-RBF   Document 1-3   Filed 02/25/21   Page 67 of 196

PRIVATE PROCESS

Case Number: 2020-CI-13089

2020CI13089  S00007

**CANDACE LARA**

**VS.**

**ZAVATION MEDICAL PRODUCTS LLC ET AL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
57th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   ZIMMER BIOMET DISTRIBUTION LLC

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY

*135 N. Pennsylvania St # 1610*
*Indianapolis IN 46204*

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE  was filed on the 20th day of July, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 29TH DAY OF JULY A.D., 2020.

RONALD L BAIR
ATTORNEY FOR PLAINTIFF
14711 PEBBLE BEND DR
HOUSTON, TX 77068-2923



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Elvira Enriquez*, Deputy

---

| CANDACE LARA VS ZAVATION MEDICAL PRODUCTS LLC ET AL | **Officer's Return** | Case Number: 2020-CI-13089 Court: 57th Judicial District Court |
|---|---|---|

I received this CITATION on 08/07/2020 at 9:22 o'clock P.M. and.(✓) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE  the date of delivery endorsed on it to the defendant Corporation Service Company  in person on the August 10, 2020 at 1:26 o'clock P.M. at 135 N. Pennsylvania St. or ( ) not executed because #1610 Indianapolis, IN 46204

*  Accepted by Becky Mays

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas

By : _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is  *Mark Fleming* , my date of birth is  *02/18/1958* , and my address is *P.O. Box 287, Upland, IN 46989  Grant County Indiana*

I declare under penalty of perjury that the foregoing is true and correct. Executed in  *Marion*  County, State of ~~Texas~~ *Indiana*, on the *10th* day of *August*, 20*20*.

*Mark Fleming*
Declarant

RETURN TO COURT (DK002)

**EXHIBIT A, PAGE 66**

FILED
9/4/2020 3:20 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Jessica Uriegas

Case 5:21-cv-00183-JKP-RBF   Document 1-3   Filed 02/25/21   Page 68 of 196

PRIVATE PROCESS

Case Number: 2020-CI-13089

2020CI13089 S00008

CANDACE LARA
vs.
ZAVATION MEDICAL PRODUCTS LLC ET AL
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
57th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   ZIMMER BIOMET FOUNDATION INC

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY

*135 N Pennsylvania St. # 1610*
*Indianapolis, IN 46204*

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE was filed on the 20th day of July, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 29TH DAY OF JULY A.D., 2020.

RONALD L BAIR
ATTORNEY FOR PLAINTIFF
14711 PEBBLE BEND DR
HOUSTON, TX 77068-2923



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Elvira Enriquez*, Deputy

| CANDACE LARA | | Case Number: 2020-CI-13089 |
| vs | **Officer's Return** | Court: 57th District District Court |
| ZAVATION MEDICAL PRODUCTS LLC ET AL | | |

I received this CITATION on 08/07/2020 at 9:22 o'clock P M. and (*) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE the date of delivery endorsed on it to the defendant Corporation Service Company in person on the August 10, 2020 at 1:26 o'clock P M. at 135 N. Pennsylvania St or ( ) not executed because #1610 * Accepted by Becky Mayo Indianapolis, IN 46204

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas

By: _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is Mark Fleming , my date of birth is 02/18/1958 , and my address is P.O. Box 287, Upland, IN 46989 Grant County, Indiana

I declare under penalty of perjury that the foregoing is true and correct. Executed in Marion County, State of Texas, on Indiana the 10th day of August, 2020.

*Mark Fleming*
Declarant

RETURN TO COURT (DK002)

**EXHIBIT A, PAGE 67**

FILED
9/4/2020 3:18 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Jessica Uriegas

Case 5:21-cv-00183-JKP-RBF   Document 1-3   Filed 02/25/21   Page 69 of 196

PRIVATE PROCESS

Case Number: 2020-CI-13089

2020CI13089   S00009

**CANDACE LARA**

**VS.**

**ZAVATION MEDICAL PRODUCTS LLC ET AL**

(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
57th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   ZIMMER BIOMET HOLDINGS INC

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY

*135 N Pennsylvania St # 1010*
*Indianapolis IN 46204*

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE was filed on the 20th day of July, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 29TH DAY OF JULY A.D., 2020.

RONALD L BAIR
ATTORNEY FOR PLAINTIFF
14711 PEBBLE BEND DR
HOUSTON, TX 77068-2923



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Elvira Enriquez,* Deputy

| | | |
|---|---|---|
| CANDACE LARA | **Officer's Return** | Case Number: 2020-CI-13089 |
| VS | | Court: 57th Judicial District Court |
| ZAVATION MEDICAL PRODUCTS LLC ET AL | | |

I received this CITATION on *08/07/2020* at *9:22* o'clock *P* M. and ( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE the date of delivery endorsed on it to the defendant *Corporation Service Company* in person on the *August 10, 2020* at *1:26* o'clock *P* M. at *135 N. Pennsylvania St* or ( ) not executed because *# 1610 Indianapolis, IN 46204*

*Accepted by Becky Mayo*

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas

By :_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is *Mark Fleming* , my date of birth is *02/18/1958* , and my address is *PO Box 287, Upland, IN 46989* *Grant* County. *IN*

I declare under penalty of perjury that the foregoing is true and correct. Executed in *Marion* County, State of ~~Texas~~, *Indiana* on the *10th* day of *August*, 20*20* .

*Mark Fleming*
Declarant

RETURN TO COURT (DK002)

**EXHIBIT A, PAGE 68**

FILED
9/4/2020 3:16 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Jessica Uriegas

Case 5:21-cv-00183-JKP-RBF   Document 1-3   Filed 02/25/21   Page 70 of 196

PRIVATE PROCESS

Case Number: 2020-CI-13089

2020CI13089   S00010

**CANDACE LARA**

**VS.**

**ZAVATION MEDICAL PRODUCTS LLC ET AL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
57th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   ZIMMER BIOMET SPINE INC

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY

*135 N Pennsylvania St #1410*
*Indianapolis IN 46204*

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE was filed on the 20th day of July, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 29TH DAY OF JULY A.D., 2020.

RONALD L BAIR
ATTORNEY FOR PLAINTIFF
14711 PEBBLE BEND DR
HOUSTON, TX 77068-2923



*Mary Angie Garcia*
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas   78205

By: *Elvira Enriquez*, Deputy

---

CANDACE LARA
VS
ZAVATION MEDICAL PRODUCTS LLC ET AL

**Officer's Return**

Case Number: 2020-CI-13089
Court:  57th Judicial District Court

I received this CITATION on 08/07/2020 at 9:22 o'clock P_M and ( ✓ ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE the date of delivery endorsed on it to the defendant *Corporation Service Company* in person on the *August 10, 2020* at *1:26* o'clock P_M at *135 N. Pennsylvania St #1410* or ( ) not executed because *Indianapolis, IN 46204*

✱ *Accepted by Becky Mayo*

Fees:_____ Badge/PPS i:_____ Date certification expires:_____

_____ County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS

_____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is *Mark Fleming*, my date of birth is *02/18/1958*, and my address is *P.O. Box 287, Upland, IN 46989   Grant* County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in *Marion* County, State of ~~Texas~~ *Indiana*, on the *10* day of *August*, 20 *20*.

*Mark Fleming*
Declarant

RETURN TO COURT (DK002)

**EXHIBIT A, PAGE 69**

FILED
9/4/2020 3:14 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Jessica Uriegas

Case 5:21-cv-00183-JKP-RBF   Document 1-3   Filed 02/25/21   Page 71 of 196

PRIVATE PROCESS

Case Number: 2020-CI-13089

2020CI13089   S00003

CANDACE LARA

VS.

ZAVATION MEDICAL PRODUCTS LLC ET AL

(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
57th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   ZIMMER BIOMET

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY

135 N. Pennsylvania St # 1610
Indianapolis, Indiana 46204

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE was filed on the 20th day of July, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 29TH DAY OF JULY A.D., 2020.

RONALD L BAIR
ATTORNEY FOR PLAINTIFF
14711 PEBBLE BEND DR
HOUSTON, TX 77068-2923



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas   78205

By: *Elvira Enriquez*, Deputy

---

CANDACE LARA
VS
ZAVATION MEDICAL PRODUCTS LLC ET AL

**Officer's Return**

Case Number: 2020-CI-13089
Court:   57th Judicial District Court

I received this CITATION on 08/07/2020 at 9:22 o'clock P.M. and ( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE the date of delivery endorsed on it to the defendant, Corporation Service Company , in person on the August 10, 2020 at 1:26 o'clock P.M. at 135 N. Pennsylvania St or ( ) not executed because # 1610 Indianapolis, IN 46204

* Accepted by Becky Mayo

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas

By: _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is Mark Fleming , my date of birth is 02/18/1958 , and my address is P.O. Box 287, Upland, IN 46989 Grant County, INDIANA .

I declare under penalty of perjury that the foregoing is true and correct. Executed in Marion County, State of ~~Texas~~ Indiana, on the 10th day of August, 2020.

*Mark Fleming*
Declarant

RETURN TO COURT (DK002)

**EXHIBIT A, PAGE 70**

FILED
9/4/2020 3:12 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Jessica Uriegas

Case 5:21-cv-00183-JKP-RBF   Document 1-3   Filed 02/25/21   Page 72 of 196

PRIVATE PROCESS

Case Number: 2020-CI-13089

2020CI13089   S00004

**CANDACE LARA**

**VS.**

**ZAVATION MEDICAL PRODUCTS LLC ET AL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
57th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   ZIMMER US INC

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY

135 N. Pennsylvania St. #1610
Indianapolis, Indiana 46204

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE  was filed on the 20th day of July, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 29TH DAY OF JULY A.D., 2020.

RONALD L BAIR
ATTORNEY FOR PLAINTIFF
14711 PEBBLE BEND DR
HOUSTON, TX 77068-2923



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas   78205

By: *Elvira Enriquez*, Deputy

| CANDACE LARA VS ZAVATION MEDICAL PRODUCTS LLC ET AL | **Officer's Return** | Case Number: 2020-CI-13089 Court:  57th Judicial District Court |
|---|---|---|

I received this CITATION on 08/07/2020  at 9:22 o'clock P.M. and (✓) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE  the date of delivery endorsed on it to the defendant, Corporation Service Company, in person on the August 10, 2020  at 1:26  o'clock P.M.  at 135 N. Pennsylvania St or (  ) not executed because #1610

✱ Accepted by Becky Mayo  Indianapolis, IN 46204

Fees:_____  Badge/PPS #:_____  Date certification expires:_____

_____ County, Texas

By: _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is  Mark Fleming  , my date of birth is 02/18/2020  , and my address is
P.O. Box 287, Upland, IN 46989  Grant County. INDIANA

I declare under penalty of perjury that the foregoing is true and correct. Executed in  Marion  County, State of ~~Texas~~ Indiana on the  10ᵗʰ  day of August, 20 20.

*Mark Fleming*
Declarant

RETURN TO COURT (DK002)

**EXHIBIT A, PAGE 71**

FILED
9/4/2020 3:11 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Jessica Uriegas

Case 5:21-cv-00183-JKP-RBF   Document 1-3   Filed 02/25/21   Page 73 of 196

Case Number: 2020-CI-13089

PRIVATE PROCESS

2020CI13089   S00005

CANDACE LARA

VS.

ZAVATION MEDICAL PRODUCTS LLC ET AL
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
57th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

# CITATION

"THE STATE OF TEXAS"

Directed To:   ZIMMER BIOMET BONE HEALING TECHNOLOGIES
DBA EBI LLC

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY

135 N. Pennsylvania St #1610
Indiana polis Indiana 46204

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION  AND REQUESTS FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION  AND REQUESTS FOR DISCLOSURE  was filed on the 20th day of July, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 29TH DAY OF JULY A.D., 2020.

RONALD L BAIR
ATTORNEY FOR PLAINTIFF
14711 PEBBLE BEND DR
HOUSTON, TX 77068-2923



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas   78205

By: *Elvira Enriquez*, Deputy

---

CANDACE LARA
VS
ZAVATION MEDICAL PRODUCTS LLC ET AL

**Officer's Return**

Case Number: 2020-CI-13089
Court:  57th Judicial District Court

I received this CITATION on 08/07/2020 at 9:22 o'clock P M. and ( ✓) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE  the date of delivery endorsed on it to the defendant, Corporation Service Company, in person on the August 10, 2020 at 1:26 o'clock P M. at 135 N. Pennsylvania St #1610 or ( ) not executed because Indianapolis, IN 46204

* Accepted by Becky Mayo

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas

By : _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is Mark Fleming, my date of birth is 02/18/1958, and my address is P.O. Box 287, Upland, IN 46989 Grant County. Indiana Indiana

I declare under penalty of perjury that the foregoing is true and correct. Executed in Marion County, State of Texas, on the 10th day of August, 2020.

*Mark Fleming*
Declarant

RETURN TO COURT (DK002)

**EXHIBIT A, PAGE 72**

FILED
9/4/2020 3:08 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Jessica Uriegas

Case 5:21-cv-00183-JKP-RBF    Document 1-3    Filed 02/25/21    Page 74 of 196

PRIVATE PROCESS

Case Number: 2020-CI-13089

2020CI13089    S00012

CANDACE LARA

**VS.**

ZAVATION MEDICAL PRODUCTS LLC ET AL

(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
57th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   TENET HEALTHCARE CORPORATION

BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM

*1445 Ross Ave # 1400
Dallas TX 75202*

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE was filed on the 20th day of July, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 29TH DAY OF JULY A.D., 2020.

RONALD L BAIR
ATTORNEY FOR PLAINTIFF
14711 PEBBLE BEND DR
HOUSTON, TX 77068-2923



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Elvira Enriquez*, Deputy

---

CANDACE LARA
VS
ZAVATION MEDICAL PRODUCTS LLC ET AL

**Officer's Return**

Case Number: 2020-CI-13089
Court:  57th Judicial District Court

I received this CITATION on ___8/7/20___ at ___501___ o'clock _P_.M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE  the date of delivery endorsed on it to the defendant, *Tenet Healthcare Corporation to CT Corporation* in person on the ___8/11/20___ at ___830___ o'clock _A_.M. at *1999 Bry-St, Suite 900* or ( ) not executed because _____
*Dallas, TX 75201*                                  *System to induce smieicuth*
                                                      *Antoinette William*
Fees:_____  Badge/PPS #:_*1574*_  Date certification expires:_*10/31/21*_        *Dallas*_____ County, Texas
                                                                              *Cous Malone*
                                                            By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS   ___8/11/20___

BETHANY PALLISTER
Notary Public, State of Texas
Comm. Expires 06-01-2024
Notary ID 129009133

*Brett Pall*
_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20____.

_____
Declarant

RETURN TO COURT (DK002)

**EXHIBIT A, PAGE 73**

FILED
9/4/2020 3:32 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Mario Hernandez

Case 5:21-cv-00183-JKP-RBF   Document 1-3   Filed 02/25/21   Page 75 of 196

## AFFIDAVIT OF SERVICE

State of Texas                    County of Bexar                    District Court

Case Number: 2020-CI-13089

Plaintiff/Petitioner:
**CANDACE LARA**

vs.

Defendant/Respondent:
**ZAVATION MEDICAL PRODUCTS, LLC, et al.**

Received by LIBERTY LITIGATION SUPPORT to be served on **Precision Spine, Inc., by serving its Registered Agent, Cogency Global, Inc., 248 East Capitol Street, #840, Jackson, MS 39232** .

I, KRISTIE SMITH-LEWIS, being duly sworn, depose and say that on the **21st day of August, 2020** at **11:00 am, I:**

Served the within named establishment by delivering a true copy of **Citation and Plaintiff's Original Petition and Requests for Disclosure to Renee Caldicott, Authorized to Accept** at the address of **248 East Capitol Street, # 840, Jackson, MS 39232** .

I am over the age of eighteen, and have no interest in the above action.

Subscribed and Sworn to before me on the 2nd day
of August , 20 by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

_____
**KRISTIE SMITH-LEWIS**
Process Server

**LIBERTY LITIGATION SUPPORT**
**7171 Highway 6 North**
**Suite 250**
**Houston, TX 77095**
**(832) 427-5460**

Our Job Serial Number: HAT-2020015452

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1t

*STATE OF MISSISSIPPI*
*NOTARY PUBLIC*
*ID # 209444*
*SURITA MINER*
*Commission Expires*
*July 9, 2024*
*RANKIN COUNTY*

**EXHIBIT A, PAGE 74**

FILED
9/4/2020 3:30 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Roy Bais

Case 5:21-cv-00183-JKP-RBF   Document 1-3   Filed 02/25/21   Page 76 of 196

## AFFIDAVIT OF SERVICE

**State of Texas**                **County of Bexar**                **District Court**

Case Number: 2020-CI-13089

Plaintiff/Petitioner:                                                                                        57th
**CANDACE LARA**

vs.

Defendant/Respondent:
**ZAVATION MEDICAL PRODUCTS, LLC, et al.**

Received by LIBERTY LITIGATION SUPPORT to be served on **Zavation Medical Products, LLC, by serving its Registered Agent, CT Corporation System, 645 Lakeland East Drive, #101, Flowood, MS 39232** .

I, KRISTIE SMITH-LEWIS, being duly sworn, depose and say that on the **12th day of August, 2020** at **11:00 am, I:**

Served the within named establishment by delivering a true copy of **Citation and Plaintiff's Original Petition and Requests for Disclosure to Matt Thibodeaux, Agent** at the address of **645 Lakeland East Drive, #101, Flowood, MS 39232.**

I am over the age of eighteen, and have no interest in the above action.

Subscribed and Sworn to before me on the ___ day
of _August_, _20_ by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

**KRISTIE SMITH-LEWIS**
Process Server

**LIBERTY LITIGATION SUPPORT**
7171 Highway 6 North
Suite 250
Houston, TX 77095
(832) 427-5460

Our Job Serial Number: HAT-2020014638

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1t

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 209444
SURITA MINER
Commission Expires
July 9, 2024
RANKIN COUNTY

**EXHIBIT A, PAGE 75**

FILED
9/4/2020 3:25 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Roy Bais

Case 5:21-cv-00183-JKP-RBF   Document 1-3   Filed 02/25/21   Page 77 of 196

PRIVATE PROCESS

Case Number: 2020-CI-13089



2020CI13089   S00013

**CANDACE LARA**

**VS.**

**ZAVATION MEDICAL PRODUCTS LLC ET AL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
57th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   VHS SAN ANTONIO LLC
DBA BAPTIST HEALTH SYSTEM

BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE  was filed on the 20th day of July, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 29TH DAY OF JULY A.D., 2020.

RONALD L BAIR
ATTORNEY FOR PLAINTIFF
14711 PEBBLE BEND DR
HOUSTON, TX 77068-2923



*Mary Angie Garcia*
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Elvira Enriquez*, Deputy

---

CANDACE LARA
VS
ZAVATION MEDICAL PRODUCTS LLC ET AL

**Officer's Return**

Case Number: 2020-CI-13089
Court: 57th Judicial District Court

I received this CITATION on 8|10|20 at 535 o'clock P M. and:(X) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE  the date of delivery endorsed on it to the defendant VHS San Antonio LLC DBA Baptist Health System in person on the 8|11|20 at 830 o'clock A M. at 1999 Bryan St, Suite 900   or (  ) not executed because Dallas, TX 75201

to CT Corporation System to Intake Specialist Ambinette Williams,

Fees:_____ Badge/PPS #: 1574 Date certification expires: 10/31/21

Dallas _____ County, Texas

By: _____ Caleb Moore

8|11|20

Bill Pell

NOTARY PUBLIC, STATE OF TEXAS

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS

BETHANY PALLISTER
Notary Public, State of Texas
Comm. Expires 06-01-2024
Notary ID 129009133

OR: My name is _____, date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of _____, 20____.

_____
Declarant

ORIGINAL (DK002)

**EXHIBIT A, PAGE 76**

FILED
9/4/2020 3:24 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Mario Hernandez

Case 5:21-cv-00183-JKP-RBF   Document 1-3   Filed 02/25/21   Page 78 of 196

## AFFIDAVIT OF SERVICE

State of Texas                    County of Bexar                    57th Judicial District Court

Case Number: 2020CI13089

Plaintiff:
**Candace Lara**

vs.

Defendant:
**Zavation Medical Products, LLC, et al.**

For:
BairHilty, P.C.
14711 Pebble Bend Dr.
Houston, TX 77068

Received by Malone Process Service, LLC on the 7th day of August, 2020 at 5:14 pm to be served on **McKesson Corporation by serving its registered agent, Corp Svc Co dba CSC Lawyers Inc Service Company, 211 E. 7th St., #620, Austin, Travis County, TX 78701**.

I, Erin Cuppett, being duly sworn, depose and say that on the **10th day of August, 2020** at **2:43 pm, I:**

delivered to the **REGISTERED AGENT** by delivering a true copy of the **Citation and Plaintiff's Original Petition and Requests for Disclosure** with the date of delivery endorsed thereon by me, to **Samantha Guerra, Corp Svc Co dba CSC Lawyers Inc Service Company** as the designated agent to accept service of process at the address of **211 E. 7th St., #620, Austin, Travis County, TX 78701** on behalf of **McKesson Corporation** and informed said person of the contents therein.

I certify that I am over the age of 18, have no interest in the above action, and am a certified process server, in good standing, in the judicial circuit in which the foregoing occurred.  The facts in this affidavit are within my personal knowledge and true and correct.

Subscribed and sworn to before me on the 10th day of August, 2020 by the affiant who is personally known to me.

_____
NOTARY PUBLIC



NICOLE M. WADE
My Notary ID # 129086987
Expires August 9, 2024

_____
**Erin Cuppett**
PSC-13350, Exp. 12/31/2021

**Malone Process Service, LLC**
**P.O. Box 720040**
**Dallas, TX 75372**
**(877) 997-3783**

Our Job Serial Number: ATX-2020007968

**EXHIBIT A, PAGE 77**

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1t



# BAIR ★ HILTY

A PROFESSIONAL CORPORATION
## ATTORNEYS AND COUNSELORS AT LAW

**Kenneth A. Scott**
Of Counsel
14711 Pebble Bend Drive
Houston, Texas 77068
Telephone: (713) 862-5599
Facsimile: (713) 868-9444
kscott@bairhilty.com

September 11, 2020

Bexar County Civil District Courts
100 Dolorosa, Room 2.16
San Antonio, Texas 78205
ATTN: Staff Attorneys

*Via CMRRR: 9489 0090 0027 6067 0284 96*

> *RE:   Cause No. 2020CI13089; Candace Lara v. Zavation Medical Products, LLC, Precision Spine, Inc., Zimmer Biomet, Zimmer US, Inc., Zimmer Biomet Bone Healing Technologies d/b/a EBI, LLC, Biomet Microfixation, LCC f/k/a Zimmer Biomet CMF and Thoracic, LLC, Zimmer Biomet Distribution LLC, Zimmer Biomet Foundation, Inc., Zimmer Biomet Holdings, Inc., Zimmer Biomet Spine, Inc., McKesson Corporation, Tenet Healthcare Corporation and VHS San Antonio Partners, LLC D/B/A/ Baptist Health System; In the 57th Judicial District Court of Bexar County, Texas.*

To whom this may concern:

Please find enclosed, copy of the file stamped proposed Order Granting Plaintiff's Motion to Dismiss without Prejudice. Please note, this is an uncontested/ agreed order.

Therefore, please issue ruling to the attached proposed order with Judge's signature and return conformed copy to our office, at your earliest convenience.

I appreciate your attention to this request. Please feel free to email me at sarms@bairhilty.com, if you have any questions.

Very truly yours,

**BAIRHILTY, P.C**

Stephanie Arms

KAS/saa

DEPUTY

2020 SEP 11 P 4: 12

FILED
DISTRICT CLERK
BEXAR CO. TEXAS

**EXHIBIT A, PAGE 78**

DOCUMENT SCANNED AS FILED

**US POSTAGE**
**$ 006.90⁰**
SEP 11 20...

02 7H
0001286415
MAILED FROM ZIP CODE 77068

PITNEY BOWES

CERTIFIED MAIL

FIRST CLASS

9489 0090 0027 6067 0284 9...

Bexar County Civil District Courts
ATTN: Staff Attorneys
100 Dolorosa, Room 2.16
San Antonio, Texas 78205

Y, P.C.
bble Bend Drive
, Texas 770...

FILED
DISTRICT CLERK
BEXAR CO. TEXAS

2020 SEP 17 P 4: 12¹

BY _____
                DEPUTY

9...0-7919 -- SAA

DOCUMENT SCANNED AS FILED



2020CI13089 -D057

## CAUSE NO. 2020CI13089

| | | |
|---|---|---|
| **CANDACE LARA** | § | **IN THE DISTRICT COURT OF** |
| *Petitioner* | § | |
| | § | |
| **v.s.** | § | |
| | § | |
| **ZAVATION MEDICAL PRODUCTS,** | § | |
| **LLC, PRECISION SPINE, INC.,** | § | |
| **ZIMMER BIOMET, ZIMMER US,** | § | |
| **INC., ZIMMER BIOMET BONE** | § | **BEXAR COUNTY, TEXAS** |
| **HEALING TECHNOLOGIES d/b/a EBI,** | § | |
| **LLC, BIOMET MICROFIXATION,** | § | |
| **LLC f/k/a ZIMMER BIOMET CMF** | § | |
| **AND THORACIC, LLC, ZIMMER** | § | |
| **BIOMET DISTRIBUTION LLC,** | § | |
| **ZIMMER BIOMET FOUNDATION,** | § | |
| **INC., ZIMMER BIOMET HOLDINGS,** | § | |
| **INC., ZIMMER BIOMET SPINE, INC.,** | § | |
| **MCKESSON CORPORATION, TENET** | § | |
| **HEALTHCARE CORPORATION, AND** | § | |
| **VHS SAN ANTONIO PARTNERS, LLC,** | § | |
| **D/B/A BAPTIST HEALTH SYSTEM** | § | |
| *Defendants* | § | **57TH JUDICIAL DISTRICT** |

## ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE

ON THIS DAY the Court considered Plaintiff's, CANDACE LARA Motion to Dismiss as to Defendants, ZIMMER BIOMET, ZIMMER US, INC., ZIMMER BIOMET BONE HEALING TECHNOLOGIES d/b/a EBI, LLC, BIOMET MICROFIXATION, LLC f/k/a ZIMMER BIOMET CMF AND THORACIC, LLC ZIMMER BIOMET DISTRIBUTION LLC, ZIMMER BIOMET FOUNDATION, INC., ZIMMER BIOMET HOLDINGS, INC., ZIMMER BIOMET SPINE, INC., without prejudice.

The Court, having considered such Motion finds that it is well taken and should be GRANTED.

It is therefore, ORDERED, ADJUDGED and DECREED that all claims of Plaintiff, CANDACE LARA against Defendants, ZIMMER BIOMET, ZIMMER US, INC., ZIMMER BIOMET BONE HEALING TECHNOLOGIES d/b/a EBI, LLC, BIOMET MICROFIXATION, LLC f/k/a ZIMMER BIOMET CMF AND THORACIC, LLC ZIMMER BIOMET DISTRIBUTION LLC, ZIMMER BIOMET FOUNDATION, INC., ZIMMER BIOMET

09/18/2020 VOL 5318 PG 1789

**EXHIBIT A, PAGE 80**

HOLDINGS, INC., ZIMMER BIOMET SPINE, INC., should be, and hereby are, dismissed without prejudice.

SIGNED this_____day of **SEP 1 7 2020**_____, 2020.

_____
JUDGE PRESIDING

**ANTONIA ARTEAGA**
DISTRICT JUDGE
**57TH** DISTRICT COURT

APPROVED:

**BAIRHILTY, P.C.**

_____
RONALD L. BAIR
State Bar No. 01554900
rbair@bairhilty.com
KENNETH A. SCOTT
State Bar No. 00791629
kscott@bairhilty.com
14711 Pebble Bend Drive
Houston, Texas 77068
Telephone: (713)862-5599
Facsimile: (713)868-9444
**ATTORNEYS FOR PLAINTIFF**

_____
AIMEE GONG
Litigation Counsel
Zimmer Biomet
345 East Main Street
Warsaw, IN 46580
**Aimee.Gong@zimmerbiomet.com**
Telephone: (574)267-6131
**Authorized Representative of Defendants, Zimmer**

2

2020CI13089 -D057

**CAUSE NO. 2020CI13089**

| | | |
|---|---|---|
| **CANDACE LARA** | § | **IN THE DISTRICT COURT OF** |
| *Petitioner* | § | |
| | § | |
| **v.s.** | § | |
| | § | |
| | § | |
| **ZAVATION MEDICAL PRODUCTS,** | § | |
| **LLC, PRECISION SPINE, INC.,** | § | |
| **ZIMMER BIOMET, ZIMMER US,** | § | |
| **INC., ZIMMER BIOMET BONE** | § | **BEXAR COUNTY, TEXAS** |
| **HEALING TECHNOLOGIES d/b/a EBI,** | § | |
| **LLC, BIOMET MICROFIXATION,** | § | |
| **LLC f/k/a ZIMMER BIOMET CMF** | § | |
| **AND THORACIC, LLC, ZIMMER** | § | |
| **BIOMET DISTRIBUTION LLC,** | § | |
| **ZIMMER BIOMET FOUNDATION,** | § | |
| **INC., ZIMMER BIOMET HOLDINGS,** | § | |
| **INC., ZIMMER BIOMET SPINE, INC.,** | § | |
| **MCKESSON CORPORATION, TENET** | § | |
| **HEALTHCARE CORPORATION, AND** | § | |
| **VHS SAN ANTONIO PARTNERS, LLC,** | § | |
| **D/B/A BAPTIST HEALTH SYSTEM** | § | |
| *Defendants* | § | **57TH JUDICIAL DISTRICT** |

## ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE

ON THIS DAY the Court considered Plaintiff's, CANDACE LARA Motion to Dismiss as to Defendants, ZIMMER BIOMET, ZIMMER US, INC., ZIMMER BIOMET BONE HEALING TECHNOLOGIES d/b/a EBI, LLC, BIOMET MICROFIXATION, LLC f/k/a ZIMMER BIOMET CMF AND THORACIC, LLC ZIMMER BIOMET DISTRIBUTION LLC, ZIMMER BIOMET FOUNDATION, INC., ZIMMER BIOMET HOLDINGS, INC., ZIMMER BIOMET SPINE, INC., without prejudice.

The Court, having considered such Motion finds that it is well taken and should be GRANTED.

It is therefore, ORDERED, ADJUDGED and DECREED that all claims of Plaintiff, CANDACE LARA against Defendants, ZIMMER BIOMET, ZIMMER US, INC., ZIMMER BIOMET BONE HEALING TECHNOLOGIES d/b/a EBI, LLC, BIOMET MICROFIXATION, LLC f/k/a ZIMMER BIOMET CMF AND THORACIC, LLC ZIMMER BIOMET DISTRIBUTION LLC, ZIMMER BIOMET FOUNDATION, INC., ZIMMER BIOMET

09/21/2020 VOL 53218 PG 1989

**EXHIBIT A, PAGE 82**

HOLDINGS, INC., ZIMMER BIOMET SPINE, INC., should be, and hereby are, dismissed without prejudice.

SIGNED this_____day of_____**SEP 1 7 2020**_____, 2020.

_____

JUDGE PRESIDING

APPROVED:

**ANTONIA ARTEAGA**
**DISTRICT JUDGE**
**57TH DISTRICT COURT**

**BAIRHILTY, P.C.**

_____

RONALD L. BAIR
State Bar No. 01554900
rbair@bairhilty.com
KENNETH A. SCOTT
State Bar No. 00791629
kscott@bairhilty.com
14711 Pebble Bend Drive
Houston, Texas 77068
Telephone: (713)862-5599
Facsimile: (713)868-9444
**ATTORNEYS FOR PLAINTIFF**

_____

AIMEE GONG
Litigation Counsel
Zimmer Biomet
345 East Main Street
Warsaw, IN 46580
Aimee.Gong@zimmerbiomet.com
Telephone: (574)267-6131
**Authorized Representative of Defendants, Zimmer**

2

09/21/2020 VOL 5318 PG 1990

Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva Suite 217
San Antonio, TX 78205
Return Service Requested

```
*      RULE 306A    *
*  OFFICIAL NOTICE  *
```

2020-CI-13089          9/21/2020
CANDACE LARA
    VS
ZAVATION MEDICAL PRODUCTS LLC
IN THE  57TH DISTRICT COURT
OF BEXAR COUNTY, TEXAS, A
JUDGMENT/ORDER/DECREE WAS
SIGNED BY THE HONORABLE
ANTONIA ARTEAGA
PRESIDING ON THE 17TH DAY OF
SEPTEMBER A.D., 2020.
A COPY OF THIS DOCUMENT IS
AVAILABLE AT THE ABOVE ADDRESS
SUITE B117.

020CI13089  S00016

CHRISTOPHER R COWAN
515 CONGRESS AVE 1750
AUSTIN TX,78701-3504

**EXHIBIT A, PAGE 84**

Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva Suite 217
San Antonio, TX 78205
Return Service Requested

1

```
*     RULE 306A     *
* OFFICIAL NOTICE *
```

**2020-CI-13089        9/21/2020**
**CANDACE LARA**
    **VS**
**ZAVATION MEDICAL PRODUCTS LLC**
**IN THE  57TH DISTRICT COURT**
**OF BEXAR COUNTY, TEXAS, A**
**JUDGMENT/ORDER/DECREE WAS**
**SIGNED BY THE HONORABLE**
**ANTONIA ARTEAGA**
**PRESIDING ON THE 17TH DAY OF**
**SEPTEMBER A.D., 2020.**
**A COPY OF THIS DOCUMENT IS**
**AVAILABLE AT THE ABOVE ADDRESS**
**SUITE B117.**

020CI13089  S00015

**CURRY L COOKSEY**
**25511 BUDDE RD 2202**
**THE WOODLANDS TX,77380-2080**

**EXHIBIT A, PAGE 85**

Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva Suite 217
San Antonio, TX 78205
Return Service Requested

1

**2020-CI-13089          9/21/2020**
**CANDACE LARA**
   **VS**
**ZAVATION MEDICAL PRODUCTS LLC**
**IN THE  57TH DISTRICT COURT**
**OF BEXAR COUNTY, TEXAS, A**
**JUDGMENT/ORDER/DECREE WAS**
**SIGNED BY THE HONORABLE**
**ANTONIA ARTEAGA**
**PRESIDING ON THE 17TH DAY OF**
**SEPTEMBER A.D., 2020.**
**A COPY OF THIS DOCUMENT IS**
**AVAILABLE AT THE ABOVE ADDRESS**
**SUITE B117.**

```
*     RULE 306A     *
* OFFICIAL NOTICE *
```

020CI13089  S00014

**RONALD L BAIR**
**14711 PEBBLE BEND DR**
**HOUSTON TX,77068-2923**

**EXHIBIT A, PAGE 86**

FILED
9/28/2020 8:28 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Annabelle Kung

Case 5:21-cv-00183-JKP-RBF    Document 1-3    Filed 02/25/21    Page 88 of 196

CAUSE NO. 2020CI13089

| | | |
|---|---|---|
| CANDACE LARA, | § | IN THE DISTRICT COURT OF |
| *Petitioner*, | § | |
| | § | |
| v. | § | BEXAR COUNTY, TEXAS |
| | § | |
| ZAVATION MEDICAL PRODUCTS, | § | |
| LLC; PRECISION SPINE, INC.; | § | |
| MCKESSON CORPORATION; TENET | § | |
| HEALTHCARE CORPORATION; and | § | |
| VHS SAN ANTONIO PARTNERS, LLC, | § | |
| D/B/A BAPTIST HEALTH SYSTEM, | § | 57TH JUDICIAL DISTRICT |
| *Defendants*. | | |

## DEFENDANT MCKESSON CORPORATION'S
## ORIGINAL ANSWER AND AFFIRMATIVE DEFENSE

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, MCKESSON CORPORATION ("Defendant"), and files this Original Answer

in the above numbered and entitled cause of action as follows:

### I.
### GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendant generally denies the allegations

contained in Plaintiff's Original Petition and demands strict proof by a preponderance of credible

evidence of all Plaintiff's allegations.

### II.
### DEFENSES

Defendant would further show affirmatively as follows:

#### Causation

Defendant did not market, distribute, promote, or supply the products at issue. Therefore,

Plaintiff's damages, if any, were not proximately caused by any act or omission of Defendant.

#### Superseding Cause

Plaintiff's damages, if any, resulted from a superseding or intervening cause.

118932.000009 4844-5772-5128.3

**EXHIBIT A, PAGE 87**

**Third Parties**

Plaintiff's damages, if any, were caused by the conduct, acts, errors, and/or omissions of some other person, party, or third party over which Defendant has no control. Thus, Plaintiff's damages, if any, should be barred or reduced pursuant to the comparative negligence, fault, responsibility, or causation of any persons, parties, or third parties over whose conduct Defendant has no control.

**Proportionate Responsibility and Contribution**

Defendant asserts all rights of proportionate responsibility and/or contribution available pursuant to Chapters 32 and 33 of the Texas Civil Practice and Remedies Code. Recovery against Defendant, if any, should be barred or reduced by the percentage of fault or responsibility for Codefendants, settling parties, and responsible third parties as provided in Chapter 33 of the Texas Civil Practice and Remedies Code. Such parties should be required to provide contribution toward such damages in accordance with their apportioned responsibility.

**III.**
**JURY DEMAND**

Defendant requests a trial by jury in this case.

**IV.**
**REQUESTS FOR DISCLOSURE**

Under Texas Rule of Civil Procedure 194, Plaintiff is requested to disclose, within 30 days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

**V.**
**PRAYER**

MCKESSON CORPORATION, respectfully prays that Plaintiff CANDACE LARA, takes nothing by this suit and that all relief requested by Plaintiff CANDACE LARA be denied.

Defendant further prays for such other and further relief, both at law and in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

DYKEMA GOSSETT PLLC
112 East Pecan Street, Suite 1800
San Antonio, Texas  78205
(210) 554-5500 – Telephone
(210) 226-8395 – Facsimile

By: */s/ Ryan J. Sullivan*
        Jane E. Bockus
        SBN:  02541700
        jbockus@dykema.com
        Ryan J. Sullivan
        SBN:  24102548
        rsullivan@dykema.com

**Attorneys for Defendant,**
MCKESSON CORPORATION

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing document was served on counsel of record via email and/or fax pursuant to the Texas Rules of Civil Procedure on September 28, 2020.

Ronald L. Bair
SBN:  01554900
BAIRHILTY, P.C.
14711 Pebble Bend Drive
Houston, Texas 77068
Telephone: (713) 862-5599
Facsimile: (713) 868-9444
rbair@bairhilty.com

*ATTORNEY FOR PLAINTIFF*

*/s/ Ryan J. Sullivan*
Ryan J. Sullivan

FILED
10/22/2020 11:54 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Krystal Torres

CAUSE NO. 2020-CI-13089

| | | |
|---|---|---|
| CANDACE LARA, | § | IN THE DISTRICT COURT OF |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | BEXAR COUNTY, TEXAS |
| | § | |
| ZAVATION MEDICAL PRODUCTS, | § | |
| LLC, PRECISION SPINE, INC., | § | |
| MCKESSON CORPORATION, TENET | § | |
| HEALTHCARE CORPORATION, and | § | |
| VHS SAN ANTONIO PARTNERS, LLC, | § | |
| d/b/a BAPTIST HEALTH SYSTEM, | § | |
| | § | |
| Defendants. | § | 57TH JUDICIAL DISTRICT |

**PRECISION SPINE, INC.'S
ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

Defendant Precision Spine, Inc., hereinafter, "Precision Spine," answers Plaintiff's Original Petition as follows:

**SPECIAL EXCEPTION**

1.      Precision Spine specially excepts to the conclusory and unsegregated allegations contained in paragraph 21 of Plaintiff's Original Petition.  Precision Spine is entitled to a segregation of the allegations against it and specification as to which product(s) plaintiff's claims Precision Spine manufactured.

**GENERAL DENIAL**

2.      Subject to its special exception and pursuant to Texas Rule of Civil Procedure 92, Precision Spine pleads a general denial and respectfully requests that plaintiff be required to prove her allegations by a preponderance of the credible evidence or by such other standard applicable to the matter in issue as required by the laws and Constitution of Texas.

## AFFIRMATIVE DEFENSES

3.      Subject to its General Denial and pursuant to Texas Rule of Civil Procedure 94, Precision Spine asserts that plaintiff's claims are barred, in whole or in part, by the defenses set forth below. By setting forth these defenses, Precision Spine does not assume the burden of proving any fact, issue, or element of a cause where such burden belongs to plaintiff. Moreover, nothing herein stated is intended to be, nor shall be construed as, an acknowledgment that any particular issue or subject matter is relevant to plaintiff's allegations.  Precision Spine reserves the right to plead any affirmative defense asserted by any co-defendant and all affirmative defenses that may become evident or appreciated after investigation and discovery in this action:

a.      Plaintiff has failed to state a claim upon which relief can be granted.

b.      Plaintiff's claims are barred by the applicable statute of limitations.

c.      Plaintiff's claims are barred in whole or in part because plaintiff, in consenting to the treatment recommended by her physician or other health care provider, expressly and voluntarily assumed the risk of injury or adverse effect associated with the medical procedures performed and/or the products at issue.

d.      To the extent plaintiff's claims purport to impose requirements or standards different from or in addition to requirements, standards, or obligations imposed by federal law including, but not limited to, the Federal Food, Drug and Cosmetic Act, 21 USC §§ 301 *et seq.*, those claims are preempted in accordance with the Supremacy Clause of the U.S. Constitution.

e.      Plaintiff's claims are barred, in whole or in part, by the Texas Products Liability Act, and Precision Spine asserts all defenses and presumptions available under Chapter 82 of the Texas Civil Practice and Remedies Code.

2

f.      Plaintiff's action is subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including without limitation the requirement of Section 33.003 that the trier of fact determine the relative responsibility of each claimant, settling person, and responsible third party.  Precision Spine hereby invokes Chapter 33, in all respects, and demands that the relative responsibility of each claimant, defendant, settling person, and responsible third party be assessed by the jury.

g.      Plaintiff's claims are barred in whole or in part because the product at issue, together with the accompanying labeling and instruction for use, was made in accordance with the state of the art at the time the product was designed and manufactured.

h.      Plaintiff's claims are barred, in whole or in part, by plaintiff's failure to mitigate damages.

i.      Plaintiff's alleged injuries and/or damages were solely caused by some person or agency for whom Precision Spine is not legally responsible.

j.      Plaintiff's claims are barred, in whole or in part, because any injuries or damages that plaintiff may have sustained were caused by independent, intervening, and/or superseding events for which Precision Spine is not liable.

k.      In the unlikely event that an adverse judgment is rendered against Precision Spine, Precision Spine is entitled to contribution, credit and/or indemnity, as provided by the laws and statutes of the State of Texas including, but not limited to, the provisions of Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

l.      Plaintiff's recovery, if any, for past medical expenses is subject to the limitations set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code.

3

m.      In the unlikely event that an adverse judgment is rendered against Precision Spine, Precision Spine pleads its right to all available credits and offsets to which it is entitled under law.

n.      Should Precision Spine be held liable to plaintiff, which liability is specifically denied, any damages awarded are subject to the restrictions found in Chapter 41 of the Texas Civil Practice and Remedies Code.

o.      Precision Spine, invoking Section 18.091 of the Texas Civil Practice and Remedies Code, requests that plaintiff be required to present any evidence of loss of earning capacity, loss of contributions of a pecuniary value, or loss of inheritance in the form of a net loss after reduction for income tax payment or unpaid tax liability and that the Court instruct the jury as to whether any recovery for compensatory damages sought is subject to federal or state income tax.

## REQUEST FOR DISCLOSURE

4.      Pursuant to Texas Rule of Civil Procedure 94, Precision Spine requests that plaintiff disclose, within 30 days of service of this request, the information or material described in Texas Rules of Civil Procedure 194.2 (a)-(l).  See Tex. R. Civ. P. 194.2.

## JURY DEMAND

5.      Precision Spine requests a trial by jury pursuant to Rule 216 of the Texas Rules of Civil Procedure.

## PRAYER

Precision Spine respectfully prays that plaintiff take nothing by her suit and for an award of all costs and expenses incurred on Precision Spine's behalf.   Precision Spine further prays for all other and further relief, both at law and in equity, to which it may be justly entitled.

4

Respectfully Submitted,

**BOWMAN AND BROOKE LLP**


By: */s/ Randall L. Christian*
    Randall L. Christian
    Texas Bar No. 00783826
    randall.christian@bowmanandbrooke.com
    Jonathan L. Smith
    Texas Bar No. 24088436
    jonathan.smith@bowmanandbrooke.com

2901 Via Fortuna Drive, Suite 500
Austin, Texas 78746
Tel: (512) 874-3800
Fax: (512) 874-3801

ATTORNEYS FOR DEFENDANT
PRECISION SPINE, INC.


## CERTIFICATE OF SERVICE

    I hereby certify that October 22, 2020, a true and correct copy of the foregoing was served on all counsel of record in compliance with and satisfaction of the Texas Rules of Civil Procedure.


    */s/ Randall L. Christian*
    Randall L. Christian

5

FILED
11/17/2020 4:03 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Mario Hernandez

Case 5:21-cv-00183-JKP-RBF   Document 1-3   Filed 02/25/21   Page 97 of 196

**CAUSE NO. 2020CI13089**

| | | |
|---|---|---|
| **CANDACE LARA** | § | **IN THE DISTRICT COURT OF** |
| *Petitioner* | § | |
| | § | |
| **v.s.** | § | |
| | § | |
| **ZAVATION MEDICAL PRODUCTS,** | § | |
| **LLC, PRECISION SPINE, INC.,** | § | |
| **ZIMMER BIOMET, ZIMMER US,** | § | |
| **INC., ZIMMER BIOMET BONE** | § | **BEXAR COUNTY, TEXAS** |
| **HEALING TECHNOLOGIES d/b/a EBI,** | § | |
| **LLC, BIOMET MICROFIXATION,** | § | |
| **LLC f/k/a ZIMMER BIOMET CMF** | § | |
| **AND THORACIC, LLC, ZIMMER** | § | |
| **BIOMET DISTRIBUTION LLC,** | § | |
| **ZIMMER BIOMET FOUNDATION,** | § | |
| **INC., ZIMMER BIOMET HOLDINGS,** | § | |
| **INC., ZIMMER BIOMET SPINE, INC.,** | § | |
| **MCKESSON CORPORATION, TENET** | § | |
| **HEALTHCARE CORPORATION, AND** | § | |
| **VHS SAN ANTONIO PARTNERS, LLC,** | § | |
| **D/B/A BAPTIST HEALTH SYSTEM** | § | |
| *Defendants* | § | **57TH JUDICIAL DISTRICT** |

## PLAINTIFF'S NOTICE OF FILING OF AFFIDAVITS CONCERNING COST AND NECESSITY OF MEDICAL SERVICES

TO:     Defendant, Zavation Medical Products, LLC by and through its attorneys of record, Christopher Cowan and Katie A. Fillmore, Butler Snow, LLP, 1400 Lavaca Street, Suite 1000, Austin, Texas 78701.

TO:     Defendants, Tenet Healthcare Corporation and VHS San Antonio Partners, LLC d/b/a Baptist Health System by and through their attorneys of record, Curry L. Cooksey, Courtney A. Parecki and Samantha A. Gonzalez, Cooksey, Marcin & Huston, PLLC, 25511 Budde Road, Suite 2202, The Woodlands, Texas 77380.

TO:     Defendant, McKesson Corporation by and through its attorneys of record, Ryan J. Sullivan and Jane E. Bockus, Dykema Gossett, PLLC, 112 E. Pecan Street, Suite 1800, San Antonio, Texas 78205.

TO:     Defendant, Precision Spine, Inc. by and through its attorneys of record, Michael Dawson, General Counsel-Precision Spine, Inc., 5 Sylvan Way, Suite 220, Parsippany, NJ 07054.

1

**EXHIBIT A, PAGE 96**

COME NOW, Plaintiff, CANDACE LARA, in the above entitled and numbered cause and give notice of filing, pursuant to the Texas Rules of Civil Evidence and Section 18.001, Texas Rules of Civil practice & Remedies Code the following Affidavit:

1. **Affidavit of Billing Records Custodian of Baylor, Scott & White Medical Center – Round Rock; executed by Jessica Naumann;**

Respectfully submitted,

**BAIRHILTY, P.C.**

_____
RONALD L. BAIR
State Bar No.: 01554900
rbair@bairhilty.com
KENNETH A. SCOTT
State Bar No.: 00791629
kscott@bairhilty.com
14711 Pebble Bend Drive
Houston, Texas 77068
Telephone: (713)862-5599
Facsimile: (713)868-9444
**ATTORNEYS FOR PLAINTIFF**

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel of record, listed below, in the manner required by the Texas Rules of Civil Procedure on this 17th day of November 2020.

| | |
|---|---|
| Christopher Cowan | *Via e-Service: chris.cowan@butlersnow.com* |
| Katie A. Fillmore | *Via e-Service: Katie.fillmore@butlersnow.com* |
| BUTLER SNOW, LLP | |
| 1400 Lavaca Street, Suite 1000 | |
| Austin, Texas 78701 | |

| | |
|---|---|
| Curry L. Cooksey | *Via e-Service: eservice@cmh.legal* |
| Courtney A. Parecki | |
| Samantha A. Gonzalez | |
| COOKSEY, MARCIN & HUSTON, PLLC | |
| 25511 Budde Road, Suite 2202 | |
| The Woodlands, Texas 77380 | |

| | |
|---|---|
| Ryan J. Sullivan | *Via e-Service: RSullivan@dykema.com* |
| Jane E. Bockus | *Via e-Service: JBockus@dykema.com* |
| DYKEMA (DYKEMA GOSSETT, PLLC) | |
| 112 E. Pecan Street, Suite 1800 | |
| San Antonio, Texas 78205 | |

| | |
|---|---|
| Michael Dawson | *Via e-Service: mike.dawson@precisionspineinc.com* |
| Precision Spine, Inc. | |
| 5 Sylvan Way, Suite 220 | |
| Parsippany, NJ 07054 | |

_____
   RONALD L. BAIR / KENNETH A. SCOTT

EXHIBIT A, PAGE 98

STATE OF TEXAS          §

COUNTY OF BELL          §

**AFFIDAVIT FOR BILLING RECORDS**

Baylor Scott & White Medical Center at Round Rock

Records pertaining to Patient, Candace Jean Lara

BEFORE ME, the undersigned authority, personally appeared Jessica Naumann , who being by me duly sworn, deposed as follows:

I, the undersigned, am over 18 years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am the Custodian of Billing Records for Baylor Scott & White Medical Center - Round Rock . Attached to this affidavit are billing records that provide an itemized statement of the services and the charge for those services that Baylor Scott & White Medical Center - Round Rock provided to Candace Jean Lara (patient) from 04/06/2017 to 12/30/2018 .

The amount charged was $ 169,159.33 .
The amount(s) paid by insurance or any third party payers was/were $ 105,558.76 .
The amount paid by Medicare was/were $ 0.00 .
The amount(s), if any, discounted, adjusted and/or written off was/were $ 62,055.83 .
The total amount(s), if any, paid by the patient was $ 40.00 .
The outstanding balance still owed by the patient is $ 1,504.74 .

The attached records are kept by me in the regular course of business. The information contained in the records was transmitted to me in the regular course of business by Baylor Scott & White Medical Center - Round Rock or an employee or representative of Baylor Scott & White Medical Center - Round Rock who had personal knowledge of the information. The records were made at or near the time or reasonably soon after the time that the service was provided. There are a total of 75 pages. Charity adjustments and/or uninsured self-pay discounts are not applicable when there is third party liability and are due and payable. The service provided was necessary and the amount charged for the service was reasonable at the time and place that the service was provided.

The records are exact duplicates of the original.

Custodian of Billing Records
Printed Name: Jessica Naumann

Sworn and subscribed before me this 22 day of October , 2020.

BETTY JONES
NOTARY PUBLIC
STATE OF TEXAS
Comm. # 13014120-1
Exp. 03/04/2023

Notary Public in and for the State of Texas

My Commission Expires: 03/04/2023

**EXHIBIT A, PAGE 99**

FILED
11/30/2020 5:23 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Jessica Zapata

Case 5:21-cv-00183-JKP-RBF   Document 1-3   Filed 02/25/21   Page 101 of 196

CAUSE NO. 2020CI13089

| | | |
|---|---|---|
| **CANDACE LARA** | § | **IN THE DISTRICT COURT OF** |
| *Petitioner* | § | |
| | § | |
| **v.s.** | § | |
| | § | |
| **ZAVATION MEDICAL PRODUCTS,** | § | |
| **LLC, PRECISION SPINE, INC.,** | § | |
| **ZIMMER BIOMET, ZIMMER US,** | § | |
| **INC., ZIMMER BIOMET BONE** | § | **BEXAR COUNTY, TEXAS** |
| **HEALING TECHNOLOGIES d/b/a EBI,** | § | |
| **LLC, BIOMET MICROFIXATION,** | § | |
| **LLC f/k/a ZIMMER BIOMET CMF** | § | |
| **AND THORACIC, LLC, ZIMMER** | § | |
| **BIOMET DISTRIBUTION LLC,** | § | |
| **ZIMMER BIOMET FOUNDATION,** | § | |
| **INC., ZIMMER BIOMET HOLDINGS,** | § | |
| **INC., ZIMMER BIOMET SPINE, INC.,** | § | |
| **MCKESSON CORPORATION, TENET** | § | |
| **HEALTHCARE CORPORATION, AND** | § | |
| **VHS SAN ANTONIO PARTNERS, LLC,** | § | |
| **D/B/A BAPTIST HEALTH SYSTEM** | § | |
| *Defendants* | § | **57ᵀᴴ JUDICIAL DISTRICT** |

## MOTION TO DISMISS WITHOUT PREJUDICE

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW, CANDACE LARA, Plaintiff in the above-styled and numbered cause, and files this Motion to Dismiss without Prejudice as to Defendant, ZAVATION MEDICAL PRODUCTS, LLC, and in consideration of a Limited Tolling Agreement hereby presently dismisses all of her claims against said Defendant, without prejudice.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, CANDACE LARA, respectfully request the court to enter an order of dismissal without prejudice as to Defendant, ZAVATION MEDICAL PRODUCTS, LLC, and grant any and all other relief to which Plaintiff may show herself justly entitled.

**EXHIBIT A, PAGE 100**

Respectfully submitted,

**BAIR HILTY, P.C.**

By: _____
RONALD L. BAIR
SBN: 01554900
rbair@bairhilty.com
KENNETH A. SCOTT
SBN: 00791629
kscott@bairhilty.com
14711 Pebble Bend Drive
Houston, Texas 77068
Tel:  (713) 862-5599
Fax: (713) 868-9444
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been forwarded to all known counsel of record pursuant to the Texas Rules of Civil Procedure on this the 30th day of November 2020.

Curry L. Cooksey                                     Email: curry@cmh.legal
Courtney A. Parecki                                 Email: courtney@cmh.legal
COOKSEY, MARCIN & HUSTON, PLLC
25511 Budde Road, Suite 2202
The Woodlands, Texas 77380


Christopher R. Cowan                              Email: Chris.Cowan@butlersnow.com
Katie A. Fillmore                                     Email: Katie.fillmore@butlersnow.com
BUTLER SNOW, LLP
1400 Lavaca Street, Suite 1000
Austin, Texas 78701


Ryan J. Sullivan                                       Email: RSullivan@dykema.com
Jane E. Bockus                                        Email: JBockus@dykema.com
DYKEMA (DYKEMA GOSSETT, PLLC)
112 E. Pecan Street, Suite 1800
San Antonio, Texas 78205

2

Randall L. Christian
Jonathan L. Smith
BOWMAN AND BROOKE, LLP
2901 Via Fortuna Drive, Suite 500
Austin, Texas 78746

Email: randall.christian@bowmanandbrooke.com
Email: jonathan.smith@bowmanandbrooke.com

RONALD L. BAIR/ KENNETH A. SCOTT

**EXHIBIT A, PAGE 102**

FILED
11/30/2020 5:23 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Jessica Zapata

Case 5:21-cv-00183-JKP-RBF   Document 1-3   Filed 02/25/21   Page 104 of 196

## CAUSE NO. 2020CI13089

| | | |
|---|---|---|
| **CANDACE LARA** | § | **IN THE DISTRICT COURT OF** |
| *Petitioner* | § | |
| | § | |
| **v.s.** | § | |
| | § | |
| **ZAVATION MEDICAL PRODUCTS,** | § | |
| **LLC, PRECISION SPINE, INC.,** | § | |
| **ZIMMER BIOMET, ZIMMER US,** | § | |
| **INC., ZIMMER BIOMET BONE** | § | **BEXAR COUNTY, TEXAS** |
| **HEALING TECHNOLOGIES d/b/a EBI,** | § | |
| **LLC, BIOMET MICROFIXATION,** | § | |
| **LLC f/k/a ZIMMER BIOMET CMF** | § | |
| **AND THORACIC, LLC, ZIMMER** | § | |
| **BIOMET DISTRIBUTION LLC,** | § | |
| **ZIMMER BIOMET FOUNDATION,** | § | |
| **INC., ZIMMER BIOMET HOLDINGS,** | § | |
| **INC., ZIMMER BIOMET SPINE, INC.,** | § | |
| **MCKESSON CORPORATION, TENET** | § | |
| **HEALTHCARE CORPORATION, AND** | § | |
| **VHS SAN ANTONIO PARTNERS, LLC,** | § | |
| **D/B/A BAPTIST HEALTH SYSTEM** | § | |
| *Defendants* | § | **57TH JUDICIAL DISTRICT** |

## ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE

ON THIS DAY the Court considered Plaintiff's, CANDACE LARA Motion to Dismiss as to Defendant, ZAVATION MEDICAL PRODUCTS, LLC, without prejudice.

The Court, having considered such Motion finds that it is well taken and should be GRANTED.

It is therefore, ORDERED, ADJUDGED and DECREED that all claims of Plaintiff, CANDACE LARA against Defendant, ZAVATION MEDICAL PRODUCTS, LLC, should be, and hereby are, dismissed without prejudice.

SIGNED this _____ day of _____, 2020.

_____
JUDGE PRESIDING

**EXHIBIT A, PAGE 103**

APPROVED:

**BAIRHILTY, P.C.**

_____
RONALD L. BAIR
State Bar No. 01554900
rbair@bairhilty.com
KENNETH A. SCOTT
State Bar No. 00791629
kscott@bairhilty.com
14711 Pebble Bend Drive
Houston, Texas 77068
Telephone: (713)862-5599
Facsimile: (713)868-9444
**ATTORNEYS FOR PLAINTIFF**

2

CAUSE NO. 2020CI13089

| | | |
|---|---|---|
| **CANDACE LARA** | § | **IN THE DISTRICT COURT OF** |
| *Petitioner* | § | |
| | § | |
| **v.s.** | § | |
| | § | |
| **ZAVATION MEDICAL PRODUCTS,** | § | |
| **LLC, PRECISION SPINE, INC.,** | § | |
| **ZIMMER BIOMET, ZIMMER US,** | § | |
| **INC., ZIMMER BIOMET BONE** | § | **BEXAR COUNTY, TEXAS** |
| **HEALING TECHNOLOGIES d/b/a EBI,** | § | |
| **LLC, BIOMET MICROFIXATION,** | § | |
| **LLC f/k/a ZIMMER BIOMET CMF** | § | |
| **AND THORACIC, LLC, ZIMMER** | § | |
| **BIOMET DISTRIBUTION LLC,** | § | |
| **ZIMMER BIOMET FOUNDATION,** | § | |
| **INC., ZIMMER BIOMET HOLDINGS,** | § | |
| **INC., ZIMMER BIOMET SPINE, INC.,** | § | |
| **MCKESSON CORPORATION, TENET** | § | |
| **HEALTHCARE CORPORATION, AND** | § | |
| **VHS SAN ANTONIO PARTNERS, LLC,** | § | |
| **D/B/A BAPTIST HEALTH SYSTEM** | § | |
| *Defendants* | § | **57TH JUDICIAL DISTRICT** |

## MOTION TO DISMISS WITHOUT PREJUDICE

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW, CANDACE LARA, Plaintiff in the above-styled and numbered cause, and files this Motion to Dismiss without Prejudice as to Defendant, MCKESSON CORPORATION, and in consideration of a Limited Tolling Agreement hereby presently dismisses all of her claims against said Defendant, without prejudice.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, CANDACE LARA, respectfully request the court to enter an order of dismissal without prejudice as to Defendant, MCKESSON CORPORATION, and grant any and all other relief to which Plaintiff may show herself justly entitled.

**EXHIBIT A, PAGE 105**

Respectfully submitted,

**BAIR HILTY, P.C.**

By: _____
    RONALD L. BAIR
    SBN: 01554900
    rbair@bairhilty.com
    KENNETH A. SCOTT
    SBN: 00791629
    kscott@bairhilty.com
    14711 Pebble Bend Drive
    Houston, Texas 77068
    Tel:  (713) 862-5599
    Fax: (713) 868-9444
    **ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been forwarded to all known counsel of record pursuant to the Texas Rules of Civil Procedure on this the 30ᵗʰ day of November 2020.

Curry L. Cooksey
Courtney A. Parecki
COOKSEY, MARCIN & HUSTON, PLLC
25511 Budde Road, Suite 2202
The Woodlands, Texas 77380

Email: curry@cmh.legal
Email: courtney@cmh.legal

Christopher R. Cowan
Katie A. Fillmore
BUTLER SNOW, LLP
1400 Lavaca Street, Suite 1000
Austin, Texas 78701

Email: Chris.Cowan@butlersnow.com
Email: Katie.fillmore@butlersnow.com

Ryan J. Sullivan
Jane E. Bockus
DYKEMA (DYKEMA GOSSETT, PLLC)
112 E. Pecan Street, Suite 1800
San Antonio, Texas 78205

Email: RSullivan@dykema.com
Email: JBockus@dykema.com

2

Randall L. Christian
Jonathan L. Smith
BOWMAN AND BROOKE, LLP
2901 Via Fortuna Drive, Suite 500
Austin, Texas 78746

Email: randall.christian@bowmanandbrooke.com
Email: jonathan.smith@bowmanandbrooke.com

RONALD L. BAIR/ KENNETH A. SCOTT

CAUSE NO. 2020CI13089

| | | |
|---|---|---|
| **CANDACE LARA** | § | **IN THE DISTRICT COURT OF** |
| *Petitioner* | § | |
| | § | |
| **v.s.** | § | |
| | § | |
| **ZAVATION MEDICAL PRODUCTS,** | § | |
| **LLC, PRECISION SPINE, INC.,** | § | |
| **ZIMMER BIOMET, ZIMMER US,** | § | |
| **INC., ZIMMER BIOMET BONE** | § | **BEXAR COUNTY, TEXAS** |
| **HEALING TECHNOLOGIES d/b/a EBI,** | § | |
| **LLC, BIOMET MICROFIXATION,** | § | |
| **LLC f/k/a ZIMMER BIOMET CMF** | § | |
| **AND THORACIC, LLC, ZIMMER** | § | |
| **BIOMET DISTRIBUTION LLC,** | § | |
| **ZIMMER BIOMET FOUNDATION,** | § | |
| **INC., ZIMMER BIOMET HOLDINGS,** | § | |
| **INC., ZIMMER BIOMET SPINE, INC.,** | § | |
| **MCKESSON CORPORATION, TENET** | § | |
| **HEALTHCARE CORPORATION, AND** | § | |
| **VHS SAN ANTONIO PARTNERS, LLC,** | § | |
| **D/B/A BAPTIST HEALTH SYSTEM** | § | |
| *Defendants* | § | **57TH JUDICIAL DISTRICT** |

## ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE

ON THIS DAY the Court considered Plaintiff's, CANDACE LARA Motion to Dismiss as to Defendant, MCKESSON CORPORATION, without prejudice.

The Court, having considered such Motion finds that it is well taken and should be GRANTED.

It is therefore, ORDERED, ADJUDGED and DECREED that all claims of Plaintiff, CANDACE LARA against Defendant, MCKESSON CORPORATION, should be, and hereby are, dismissed without prejudice.

SIGNED this _____ day of _____, 2020.


_____
JUDGE PRESIDING

**EXHIBIT A, PAGE 108**

APPROVED:

**BAIRHILTY, P.C.**

RONALD L. BAIR
State Bar No. 01554900
rbair@bairhilty.com
KENNETH A. SCOTT
State Bar No. 00791629
kscott@bairhilty.com
14711 Pebble Bend Drive
Houston, Texas 77068
Telephone: (713)862-5599
Facsimile: (713)868-9444
**ATTORNEYS FOR PLAINTIFF**

2



2020CI13089 –P00023

FILED
___ O'CLOCK ___ M

DEC 1 4 2020

MARY ANGIE GARCIA
District Clerk, Bexar County, Texas

DEPUTY

# BAIR ★ HILTY

A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW

**Kenneth A. Scott**
Of Counsel
14711 Pebble Bend Drive
Houston, Texas 77068
Telephone: (713) 862-5599
Facsimile: (713) 868-9444
kscott@bairhilty.com

December 8, 2020

Bexar County Civil District Courts
ATTN: STAFF ATTORNEYS
100 Dolorosa, Room 2.16
San Antonio, Texas 78205

*Via CMRRR: 9489 0090 0027 6067 0280 52*

> RE:   *Cause No. 2020CI13089; Candace Lara v. Zavation Medical Products,*
> *LLC, Precision Spine, Inc., Zimmer Biomet, Zimmer US, Inc., Zimmer Biomet*
> *Bone Healing Technologies d/b/a EBI, LLC, Biomet Microfixation, LCC f/k/a*
> *Zimmer Biomet CMF and Thoracic, LLC, Zimmer Biomet Distribution LLC,*
> *Zimmer Biomet Foundation, Inc., Zimmer Biomet Holdings, Inc., Zimmer Biomet*
> *Spine, Inc., McKesson Corporation, Tenet Healthcare Corporation and VHS San*
> *Antonio Partners, LLC D/B/A/ Baptist Health System;* In the 57th Judicial District
> Court of Bexar County, Texas.

To whom this may concern:

On December 1, 2020, our office received the enclosed copies of the file stamped proposed Order Granting Plaintiff's Motion to Dismiss without Prejudice as to Zavation Medical Products, LLC and proposed Order Granting Plaintiff's Motion to Dismiss without Prejudice as to McKesson Corporation. Please note, these are uncontested/ agreed orders.

Therefore, please issue rulings to the attached proposed orders with Judge's signature and return conformed copy to our office, at your earliest convenience.

I appreciate your attention to this request. Please feel free to email me at sarms@bairhilty.com, if you have any questions.

Very truly yours,

BAIRHILTY, P.C

Stephanie Arms

KAS/saa

**EXHIBIT A, PAGE 110**

DOCUMENT SCANNED AS FILED

**CAUSE NO. 2020CI13089**

| | | |
|---|---|---|
| **CANDACE LARA** | § | **IN THE DISTRICT COURT OF** |
| *Petitioner* | § | |
| | § | |
| **v.s.** | § | |
| | § | |
| **ZAVATION MEDICAL PRODUCTS,** | § | |
| **LLC, PRECISION SPINE, INC.,** | § | |
| **ZIMMER BIOMET, ZIMMER US,** | § | |
| **INC., ZIMMER BIOMET BONE** | § | **BEXAR COUNTY, TEXAS** |
| **HEALING TECHNOLOGIES d/b/a EBI,** | § | |
| **LLC, BIOMET MICROFIXATION,** | § | |
| **LLC f/k/a ZIMMER BIOMET CMF** | § | |
| **AND THORACIC, LLC, ZIMMER** | § | |
| **BIOMET DISTRIBUTION LLC,** | § | |
| **ZIMMER BIOMET FOUNDATION,** | § | |
| **INC., ZIMMER BIOMET HOLDINGS,** | § | |
| **INC., ZIMMER BIOMET SPINE, INC.,** | § | |
| **MCKESSON CORPORATION, TENET** | § | |
| **HEALTHCARE CORPORATION, AND** | § | |
| **VHS SAN ANTONIO PARTNERS, LLC,** | § | |
| **D/B/A BAPTIST HEALTH SYSTEM** | § | |
| *Defendants* | § | **57TH JUDICIAL DISTRICT** |

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE**

ON THIS DAY the Court considered Plaintiff's, CANDACE LARA Motion to Dismiss as to Defendant, MCKESSON CORPORATION, without prejudice.

The Court, having considered such Motion finds that it is well taken and should be GRANTED.

It is therefore, ORDERED, ADJUDGED and DECREED that all claims of Plaintiff, CANDACE LARA against Defendant, MCKESSON CORPORATION, should be, and hereby are, dismissed without prejudice.

DEC 1 4 2020

SIGNED this _____ day of _____, 2020.

Monique Diaz
Presiding Judge
150th District Court
Bexar County, Texas

_____
JUDGE PRESIDING

**EXHIBIT A, PAGE 111**

DOCUMENT SCANNED AS FILED

APPROVED:

**BAIRHILTY, P.C.**

RONALD L. BAIR
State Bar No. 01554900
rbair@bairhilty.com
KENNETH A. SCOTT
State Bar No. 00791629
kscott@bairhilty.com
14711 Pebble Bend Drive
Houston, Texas 77068
Telephone: (713)862-5599
Facsimile: (713)868-9444
**ATTORNEYS FOR PLAINTIFF**

2

**EXHIBIT A, PAGE 112**

DOCUMENT SCANNED AS FILED



US POSTAGE
$ 007.05
DEC 08 2020
PITNEY BOWES

02 7H
0001286415
MAILED FROM ZIP CODE 77068

CERTIFIED MAIL®

UNITED STATES
POSTAL SERVICE®

Pitney Bowes

HOUSTON

9489 0090 0027 6067 0280 52

BEXAR COUNTY CIVIL DISTRICT COURTS
**ATTN: STAFF ATTORNEYS**
100 Dolorosa, Room 2.16
San Antonio, Texas 78205

78205—306677

**BAIR** ★ **HILTY**
A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW

14714 Pebble Bend Drive
Houston, Texas 77068

900/7919 -- saa

**FILED**
____ O'CLOCK __ M

DEC 1 4 2020

**MARY ANGIE GARCIA**
District Clerk, Bexar County, Texas

BY_____ DEPUTY

**EXHIBIT A, PAGE 113**

DOCUMENT SCANNED AS FILED



2020CI13089 -D057

## CAUSE NO. 2020CI13089

| | | |
|---|---|---|
| **CANDACE LARA** | § | **IN THE DISTRICT COURT OF** |
| *Petitioner* | § | |
| | § | |
| **v.s.** | § | |
| | § | |
| **ZAVATION MEDICAL PRODUCTS,** | § | |
| **LLC, PRECISION SPINE, INC.,** | § | |
| **ZIMMER BIOMET, ZIMMER US,** | § | |
| **INC., ZIMMER BIOMET BONE** | § | **BEXAR COUNTY, TEXAS** |
| **HEALING TECHNOLOGIES d/b/a EBI,** | § | |
| **LLC, BIOMET MICROFIXATION,** | § | |
| **LLC f/k/a ZIMMER BIOMET CMF** | § | |
| **AND THORACIC, LLC, ZIMMER** | § | |
| **BIOMET DISTRIBUTION LLC,** | § | |
| **ZIMMER BIOMET FOUNDATION,** | § | |
| **INC., ZIMMER BIOMET HOLDINGS,** | § | |
| **INC., ZIMMER BIOMET SPINE, INC.,** | § | |
| **MCKESSON CORPORATION, TENET** | § | |
| **HEALTHCARE CORPORATION, AND** | § | |
| **VHS SAN ANTONIO PARTNERS, LLC,** | § | |
| **D/B/A BAPTIST HEALTH SYSTEM** | § | |
| *Defendants* | § | **57TH JUDICIAL DISTRICT** |

## ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE

ON THIS DAY the Court considered Plaintiff's, CANDACE LARA Motion to Dismiss as to Defendant, ZAVATION MEDICAL PRODUCTS, LLC, without prejudice.

The Court, having considered such Motion finds that it is well taken and should be GRANTED.

It is therefore, ORDERED, ADJUDGED and DECREED that all claims of Plaintiff, CANDACE LARA against Defendant, ZAVATION MEDICAL PRODUCTS, LLC, should be, and hereby are, dismissed without prejudice.

**DEC 1 4 2020**

SIGNED this _____ day of _____, 2020.

_____

JUDGE PRESIDING

Monique Diaz
Presiding Judge
150th District Court
Bexar County, Texas

12/16/2020 VOL 5364 PG 0193

APPROVED:

BAIRHILTY, P.C.

RONALD L. BAIR
State Bar No. 01554900
rbair@bairhilty.com
KENNETH A. SCOTT
State Bar No. 00791629
kscott@bairhilty.com
14711 Pebble Bend Drive
Houston, Texas 77068
Telephone: (713)862-5599
Facsimile: (713)868-9444
**ATTORNEYS FOR PLAINTIFF**

12/16/2020 VOL 5364 PG 0194

2

FILED
12/22/2020 3:06 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Jessica Zapata

CAUSE NO. 2020CI13089

| | | |
|---|---|---|
| CANDACE LARA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | |
| ZAVATION MEDICAL PRODUCTS, | § | |
| LLC, PRECISION SPINE, INC., | § | |
| ZIMMER BIOMET, ZIMMER US, INC., | § | |
| ZIMMER BIOMET BONE HEALING | § | |
| TECHNOLOGIES d/b/a EBI, LLC, | § | |
| BIOMET MICROFIXATION, LLC f/k/a | § | |
| ZIMMER BIOMET CMF AND | § | BEXAR COUNTY, TEXAS |
| THORACIC, LLC, ZIMMER BIOMET | § | |
| DISTRIBUTION, LLC, ZIMMER | § | |
| BIOMET FOUNDATION, INC., | § | |
| ZIMMER BIOMET HOLDINGS, INC., | § | |
| ZIMMER BIOMET SPINE, INC., | § | |
| MCKESSON CORPORATION, TENET | § | |
| HEALTHCARE CORPORATION, AND | § | |
| VHS SAN ANTONIO PARTNERS, LCC | § | |
| D/B/A BAPTIST HEALTH SYSTEM | § | 57TH JUDICIAL DISTRICT |

**DEFENDANTS' CHAPTER 74 MOTION TO DISMISS WITH PREJUDICE**

COME NOW DEFENDANTS, Tenet Healthcare Corporation and VHS San Antonio Partners, LLC d/b/a Baptist Health System, and file this, their Chapter 74 Motion to Dismiss with Prejudice, and in support thereof would show unto this Court as follows:

## I.     Relief Requested

Defendants respectfully request that this Court dismiss Plaintiff's claims against them with prejudice because Plaintiff failed to comply with the mandatory provisions of Section 74.351(a) of the Texas Civil Practice and Remedies Code. This statute requires a plaintiff who files a health care liability claim to serve an expert report within 120 days of the filing of defendant's answer or have their claims dismissed with prejudice. Defendants filed their Answer on August 19, 2020, which gave Plaintiff until December 17, 2020 to serve an expert report supporting her claims

against these health care providers. To date, no report has been served in this case.  Accordingly, the claims against these Defendants must be dismissed.

## II.        Procedural Background

1.        Plaintiff Candace Lara filed this lawsuit on July 20, 2020 alleging negligence against several defendants, including movants, with respect to spine surgery she underwent on September 13, 2016.  According to her Petition, the medical products placed during the surgery were defective.   Plaintiff (incorrectly) asserts that the movant Defendants were negligent in supplying, marketing and promoting[1] the allegedly defective products that were utilized during her surgery.

2.        Defendants filed their Answer (general denial) to the Petition on August 19, 2020, making December 17, 2020 the 120-day deadline for Plaintiff to serve an expert report in support of her claims against the movant Defendants.  To date, no such report has been served.

## III.        Argument and Authorities

3.        Section 74.351 of the Texas Civil Practice and Remedies Code provides that, not later than the 120th day after the defendant's Original Answer is filed, a plaintiff shall, for each physician or health care provider against whom a claim is asserted, furnish to counsel for each such physician or health care provider, one or more expert reports with a curriculum vitae of each expert listed in the report.  If a plaintiff fails to produce an expert report within the mandated timeframe, the Court shall enter an Order awarding the health care provider reasonable attorney's

---

[1] Contrary to Plaintiff's assertions, Defendants do not supply, market or promote medical products, including the products at issue in this case.  Undersigned counsel sent a sworn Affidavit to this effect to Plaintiff's counsel and requested voluntary dismissal of the claims against these Defendants, but Plaintiff's counsel did not respond.  *See* E-mail and Affidavit, attached as Exhibit A.

fees and costs of court incurred by the health care provider and dismissing the claim with prejudice against re-filing.  TEX. CIV. PRAC. & REM. CODE § 74.351(b).

4.      Section 74.351 applies to health care liability claims.  The Texas Civil Practice and Remedies Code defines a "health care liability claim" as "a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract." TEX. CIV. PRAC. & REM. CODE §74.001(a)(13). Section 74.001 defines a "health care provider" to include a "health care institution" and defines a "health care institution" to include "a hospital" and "a hospital system." TEX. CIV. PRAC. & REM. CODE §74.001(a)(12)(A)(vii) and §74.001 (a)(11)(F)-(G).

5.      The movant Defendants (Tenet Healthcare Corporation and VHS San Antonio Partners, LLC d/b/a Baptist Health System) are hospital systems.  Plaintiff has asserted a health care liability claim against these Defendants alleging that she was injured by their negligence with respect to her spine surgery. As such, Plaintiff's claims are health care liability claims which are governed by Chapter 74 of the Texas Civil Practice and Remedies Code, and she is therefore required to comply with the provisions contained therein.

6.      Plaintiff failed to comply with the provisions of Section 74.351 within the requisite timeframe, and dismissal of her claims against these Defendants is therefore mandatory. Accordingly, this Court should grant this Motion and dismiss Plaintiff's claims against these Defendants.

### IV.   Conclusion

WHEREFORE, PREMISES CONSIDERED, Defendants Tenet Healthcare Corporation and VHS San Antonio Partners, LLC d/b/a Baptist Health System pray that this Court dismiss Plaintiff's claims against them with prejudice, and for such other and further relief to which Defendants may show themselves justly entitled to receive.

Respectfully submitted,
**COOKSEY, MARCIN & HUSTON, PLLC**
25511 Budde Road, Suite 2202
The Woodlands, Texas 77380
Telephone:  (281) 719-5881
Facsimile: (281) 719-5847

By:   _/s/_Courtney A. Parecki
        Curry L. Cooksey
        State Bar No. 04762400
        curry@cmh.legal
        Courtney A. Parecki
        State Bar No. 24104796
        courtney@cmh.legal
**E-Service: eservice@cmh.legal**

**ATTORNEYS   FOR   DEFENDANTS
TENET HEALTHCARE CORPORATION
AND  VHS  SAN  ANTONO  PARTNERS,
LCC D/B/A BAPTIST HEALTH SYSTEM**

### CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing instrument has been served on all counsel of record pursuant to the Texas Rules of Civil Procedure on this the 22nd day of December 2020.

_/s/_Courtney A. Parecki

# EXHIBIT A

**Subject:**     Candace Lara v Zavation, et al.

**Date:**     Wednesday, November 18, 2020 at 10:43:29 AM Central Standard Time

**From:**     Courtney Parecki

**To:**     rbair@bairhilty.com, kscott@bairhilty.com

**CC:**     Curry Cooksey, Samantha Gonzalez, Jenifer Lutton, Firm Filing

**Attachments:** image001.png, image002.png, Affidavit - 10-22-20.pdf

Counsel,

We represent Tenet and VHS San Antonio Partners in this case.  Your client's petition alleges that Tenet and VHS were negligent in marketing, supplying and/or distributing the surgical parts used during the surgery at issue.  I have attached an Affidavit from the administrative director of surgical services for the hospital verifying that it did not market, supply or distribute any of these products, or otherwise place these products into the stream of commerce.  Given this, we ask that you dismiss our clients from this case.  Please let us know if you will agree to do so or whether we will need to file a motion with the court.  Thank you, and please feel free to give me a call If you would like to further discuss.



COOKSEY, MARCIN & HUSTON, PLLC

# **Courtney A. Parecki**   /   *Managing Partner*

**The Woodlands**:   25511 Budde Road, Suite 2202   The Woodlands, TX 77380

**E:** courtney@cmh.legal       **T:** (281) 719-5881       **F:** (281) 719-5847



IMPORTANT NOTICE: This e-mail message is intended to be received only by persons entitled to receive the confidential information it may contain. E-mail messages to clients of Cooksey, Marcin & Huston, PLLC may contain information that is confidential and legally privileged. Additionally, this e-mail may contain Protected Health Information ("PHI"). PHI may be used or disclosed only in accordance with law, and you may be subject to penalties for improper use or further disclosure of any PHI contained in this e-mail. Please do not read, copy, forward, or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it to the sender and delete it completely from your computer system.

CAUSE NO. 2020CI13089

| | | |
|---|---|---|
| CANDACE LARA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | |
| ZAVATION MEDICAL PRODUCTS, LLC, | § | |
| PRECISION SPINE, INC., ZIMMER | § | |
| BIOMET, ZIMMER US, INC., ZIMMER | § | |
| BIOMET BONE HEALING | § | |
| TECHNOLOGIES d/b/a EBI, LLC, BIOMET | § | |
| MICROFIXATION, LLC f/k/a ZIMMER | § | |
| BIOMET CMF AND THORACIC, LLC, | § | BEXAR COUNTY, TEXAS |
| ZIMMER BIOMET DISTRIBUTION, LLC, | § | |
| ZIMMER BIOMET FOUNDATION, INC., | § | |
| ZIMMER BIOMET HOLDINGS, INC., | § | |
| ZIMMER BIOMET SPINE, INC., | § | |
| MCKESSON CORPORATION, TENET | § | |
| HEALTHCARE CORPORATION, AND VHS | § | |
| SAN ANTONIO PARTNERS, LCC D/B/A | § | |
| BAPTIST HEALTH SYSTEM | § | |
| | § | 57TH JUDICIAL DISTRICT |

## AFFIDAVIT OF BAPTIST HEALTH SYSTEM

TO THE HONORABLE JUDGE OF SAID COURT:

My name is Connie Gambino.  I am the Administrative Director of Surgical Services for Baptist Medical Center Hospital. I am signing this on behalf of BAPTIST HEALTH SYSTEM, and I state on my oath as follows:

1. I am fully authorized to make this Affidavit on behalf of BAPTIST HEALTH SYSTEM (hereinafter referred to as "the Hospital") and this Affidavit was executed following my investigation of the facts set forth below.

2. In 2016, Baptist Medical Center did not stock or supply any spinal instrumentation from Zimmer Biomet, Zavation, McKesson, or any other vendors. Therefore, in 2016 Baptist Medical Center did not provide the spinal cage or screws used in Plaintiff's 2016 spinal surgery at Baptist Medical Center.

3. Further, Baptist Health System is in the business of providing professional health care

AFFIDAVIT OF BAPTIST HEALTH SYSTEM          PAGE 1

EXHIBIT A, PAGE 122

services. Baptist Health System does not place surgical devices or surgical device components in the stream of commerce, as it is not in the business of selling surgical devices and components separate from the rendering of professional health care services. Baptist Medical Center did not market, distribute, promote, or supply the surgical spinal components or parts used in Plaintiff's surgery.

Printed Name: _Connie Gambino_

Official Title: _Administrative Director of Surgical Services_

SWORN TO AND SUBSCRIBED BEFORE ME ON THE __22__ DAY OF _October_, 2020.

NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

_Sylvia Mancha_

PRINTED NAME OF NOTARY

SYLVIA MANCHA
Notary Public, State of Texas
Comm. Expires 06-13-2021
Notary ID 5553607

Notary Seal:

My Commission Expires:

AFFIDAVIT OF BAPTIST HEALTH SYSTEM              PAGE 2

FILED
12/22/2020 3:06 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Jessica Zapata

Case 5:21-cv-00183-JKP-RBF   Document 1-3   Filed 02/25/21   Page 125 of 196

CAUSE NO. 2020CI13089

| | | |
|---|---|---|
| CANDACE LARA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | BEXAR COUNTY, TEXAS |
| | § | |
| ZAVATION MEDICAL PRODUCTS, | § | |
| LLC, *et. al.* | § | 57TH JUDICIAL DISTRICT |

**ORDER GRANTING DEFENDANTS' CHAPTER 74**
**MOTION TO DISMISS WITH PREJUDICE**

CAME ON THIS DAY TO BE HEARD, Tenet Healthcare Corporation and VHS San Antonio Partners, LLC d/b/a Baptist Health System's Chapter 74 Motion to Dismiss with Prejudice. The Court after having reviewed the timely filed pleadings, arguments of counsel, if any, and the pertinent case law, is of the opinion that Plaintiff's claims against these defendants be Dismissed with Prejudice. It is therefore,

**ORDERED, ADJUDGED, AND DECREED** that Defendants Tenet Healthcare Corporation and VHS San Antonio Partners, LLC d/b/a Baptist Health System's Chapter 74 Motion to Dismiss with Prejudice be GRANTED. It is further

**ORDERED, ADJUDGED, AND DECREED** that Plaintiffs' causes of action against Tenet Healthcare Corporation and VHS San Antonio Partners, LLC d/b/a Baptist Health System are hereby DISMISSED with prejudice.

Signed this ____ day of _____, 2020.

_____
JUDGE PRESIDING

**EXHIBIT A, PAGE 124**

FILED
12/31/2020 11:10 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Isaias Ibarra

Case 5:21-cv-00183-JKP-RBF   Document 1-3   Filed 02/25/21   Page 126 of 196

CAUSE NO. 2020CI13089

| | | |
|---|---|---|
| CANDACE LARA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | |
| ZAVATION MEDICAL PRODUCTS, | § | |
| LLC, PRECISION SPINE, INC., | § | |
| ZIMMER BIOMET, ZIMMER US, INC., | § | |
| ZIMMER BIOMET BONE HEALING | § | |
| TECHNOLOGIES d/b/a EBI, LLC, | § | |
| BIOMET MICROFIXATION, LLC f/k/a | § | |
| ZIMMER BIOMET CMF AND | § | BEXAR COUNTY, TEXAS |
| THORACIC, LLC, ZIMMER BIOMET | § | |
| DISTRIBUTION, LLC, ZIMMER | § | |
| BIOMET FOUNDATION, INC., | § | |
| ZIMMER BIOMET HOLDINGS, INC., | § | |
| ZIMMER BIOMET SPINE, INC., | § | |
| MCKESSON CORPORATION, TENET | § | |
| HEALTHCARE CORPORATION, AND | § | |
| VHS SAN ANTONIO PARTNERS, LCC | § | |
| D/B/A BAPTIST HEALTH SYSTEM | § | 57TH JUDICIAL DISTRICT |

**FIAT SETTING HEARING**

A hearing on Defendants Tenet Healthcare Corporation and VHS San Antonio Partners, LLC d/b/a Baptist Health System's Chapter 74 Motion to Dismiss with Prejudice (*filed December 22, 2020)* will be heard on the **Submission Docket, Thursday, January 7, 2021, at 1:30 p.m.**, in the Presiding District Court of Bexar County, Texas.

12/31/2020

Signed this _____ day of _____ 2020.

JUDGE MONIQUE DIAZ
PRESIDING JUDGE
150TH DISTRICT COURT

_____
JUDGE PRESIDING

**EXHIBIT A, PAGE 125**

FILED
1/5/2021 1:51 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Isaias Ibarra

CAUSE NO. 2020CI13089

| | | |
|---|---|---|
| CANDACE LARA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | |
| ZAVATION MEDICAL PRODUCTS, | § | |
| LLC, PRECISION SPINE, INC., | § | |
| ZIMMER BIOMET, ZIMMER US, INC., | § | |
| ZIMMER BIOMET BONE HEALING | § | |
| TECHNOLOGIES d/b/a EBI, LLC, | § | |
| BIOMET MICROFIXATION, LLC f/k/a | § | |
| ZIMMER BIOMET CMF AND | § | BEXAR COUNTY, TEXAS |
| THORACIC, LLC, ZIMMER BIOMET | § | |
| DISTRIBUTION, LLC, ZIMMER | § | |
| BIOMET FOUNDATION, INC., | § | |
| ZIMMER BIOMET HOLDINGS, INC., | § | |
| ZIMMER BIOMET SPINE, INC., | § | |
| MCKESSON CORPORATION, TENET | § | |
| HEALTHCARE CORPORATION, AND | § | |
| VHS SAN ANTONIO PARTNERS, LCC | § | |
| D/B/A BAPTIST HEALTH SYSTEM | § | 57TH JUDICIAL DISTRICT |

**FIAT**

Defendants Tenet Healthcare Corporation and VHS San Antonio Partners, LLC d/b/a Baptist Health System's Chapter 74 Motion to Dismiss with Prejudice (*filed December 22, 2020*) is hereby set for hearing on, **Wednesday, January 27, 2021, at 8:30 a.m.**, in the Presiding District Court of Bexar County, Texas. You do not need to go to the Courthouse. The hearing will be conducted via Zoom.

You must attend the Presiding Court Docket Call by Zoom at the time indicated above. The link to the Presiding Court Zoom is https://zoom.us/my/bexarpresidingcourtzoom. The Presiding Court Zoom meeting ID is 917-895-6796. If you are unable to log on you can call the Zoom telephone access number for Presiding Court at (346) 248-7799. You will need to input the Presiding Court Zoom access code: 917-895-6796.

**EXHIBIT A, PAGE 126**

1. Time announcement: 10 minutes.

2. Telephone numbers and email addresses for all attorneys or self-represented litigants:
**Attorneys for Defendants Tenet Healthcare Corporation and VHS San Antonio Partners, LLC d/b/a Baptist Health System**
Curry L. Cooksey
curry@cmh.legal
Courtney A. Parecki
courtney@cmh.legal
(281) 719-5881

**Attorney for Plaintiff Candace Lara**
Ronald L. Bair
rbair@bairhilty.com
(713) 862-5599

**Attorneys for Defendant Precision Spine, Inc.**
Randall L. Christian
Jonathan L. Smith
randall.christian@bowmanandbrooke.com
jonathan.smith@bowmanandbrooke.com
(512) 874-3800

3. Whether the party is ready or not: Defendants Tenet Healthcare Corporation and VHS San Antonio Partners, LLC d/b/a Baptist Health System is ready.

4. Whether an interpreter is required: No

5. The number of witness to be called: None

6. The total number of participants in the call: 2-5 people

7. Whether a record is required: Yes

1/5/2021

Signed this _____ day of _____ 2021.

Laura Salinas
Presiding Judge
166th District Court
Bexar County, Texas

_____
JUDGE PRESIDING

**EXHIBIT A, PAGE 127**

Respectfully submitted,
**COOKSEY, MARCIN & HUSTON, PLLC**
25511 Budde Road, Suite 2202
The Woodlands, Texas 77380
Telephone:  (281) 719-5881
Facsimile: (281) 719-5847

By:  /s/Courtney A. Parecki
     Curry L. Cooksey
     State Bar No. 04762400
     curry@cmh.legal
     Courtney A. Parecki
     State Bar No. 24104796
     courtney@cmh.legal
    **E-Service: eservice@cmh.legal**

**ATTORNEYS FOR DEFENDANTS TENET HEALTHCARE CORPORATION AND VHS SAN ANTONO PARTNERS, LCC D/B/A BAPTIST HEALTH SYSTEM**

## CERTIFICATE OF SERVICE

    I do hereby certify that a true and correct copy of the above and foregoing instrument has been served on all counsel of record pursuant to the Texas Rules of Civil Procedure on this the 5th day of January 2021.

            /s/Courtney A. Parecki

FILED
1/8/2021 5:00 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Jessica Zapata

Case 5:21-cv-00183-JKP-RBF    Document 1-3    Filed 02/25/21    Page 130 of 196

CAUSE NO. 2020CI13089

| | | |
|---|---|---|
| CANDACE LARA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | |
| ZAVATION MEDICAL PRODUCTS, | § | |
| LLC, PRECISION SPINE, INC., | § | |
| ZIMMER BIOMET, ZIMMER US, INC., | § | |
| ZIMMER BIOMET BONE HEALING | § | |
| TECHNOLOGIES d/b/a EBI, LLC, | § | |
| BIOMET MICROFIXATION, LLC f/k/a | § | |
| ZIMMER BIOMET CMF AND | § | BEXAR COUNTY, TEXAS |
| THORACIC, LLC, ZIMMER BIOMET | § | |
| DISTRIBUTION, LLC, ZIMMER | § | |
| BIOMET FOUNDATION, INC., | § | |
| ZIMMER BIOMET HOLDINGS, INC., | § | |
| ZIMMER BIOMET SPINE, INC., | § | |
| MCKESSON CORPORATION, TENET | § | |
| HEALTHCARE CORPORATION, AND | § | |
| VHS SAN ANTONIO PARTNERS, LCC | § | |
| D/B/A BAPTIST HEALTH SYSTEM | § | 57TH JUDICIAL DISTRICT |

## **MOTION TO QUASH AND FOR PROTECTIVE ORDER**

TO THE HONORABLE JUDGE OF SAID COURT:

**COME NOW** DEFENDANTS, TENET HEALTHCARE CORPORATION and VHS

SAN ANTONIO PARTNERS, LLC D/B/A BAPTIST HEALTH SYSTEM, and file this Motion

to Quash and for Protective Order as to Plaintiff's Notice of Intention to Take the Oral/Videotaped

Deposition of the following: (1) The Custodian of Billing Records for Baptist Medical Center; (2)

Dr. Anthony J. Owusu; and (3) Dr. Andrew Neale Bowser. In support of this Motion, Defendants

would show unto the Court as follows:

**EXHIBIT A, PAGE 129**

I.

This is a health care liability claim governed by Chapter 74 of the Texas Civil Practice and Remedies Code.  Plaintiff Candace Lara filed this suit against several defendants, including Defendants herein, claiming that she was injured when a metal screw that had been inserted into her back during surgery performed at Defendants' hospital subsequently broke and came into contact with her spine.

II.

On January 7, 2021, Defendants received Plaintiff's Notices of Intention to Take the Oral/Videotaped Depositions of the Custodian of Billing Records of Baptist Medical Center, Dr. Owusu, and Dr. Bowser.  *See Exhibits "A," "B" and "C" attached hereto and incorporated herein by reference.*

III.

Plaintiff unilaterally noticed the above-referenced depositions for January 20 and 21, 2020 [sic]. Defense counsel is not available for the depositions on January 20th or 21st, 2021.  Plaintiff's deposition notices were served on or about January 7, 2021.  This motion is being filed on January 8, 2021, within three business days of deposition notice receipt.  Therefore, said depositions are automatically quashed unless and until further action is taken by this Court.  TEX. R. CIV. P. 199.4.

IV.

Defendants also move this Court for a Protective Order to preclude Plaintiff from further attempts to take depositions in this matter pending the Court's ruling on Defendants' currently pending Motion to Dismiss which is set for hearing on January 27, 2021.  Defendants filed their Motion to Dismiss due to Plaintiff's failure to comply with Section 74.351(a) of the Texas Civil Practice and Remedies Code.  Section 74.351 governs claims against health care providers and

**EXHIBIT A, PAGE 130**

requires service of an expert report within 120 days of the filing of a health care defendant's answer.  *See* TEX. CIV. PRAC. & REM. CODE § 74.351(a).  Defendants filed their Answer to Plaintiff's Petition on August 19, 2020, making Plaintiff's expert report due no later than December 17, 2020.  Plaintiff did not file any expert report by this deadline.  Dismissal is therefore mandatory, per Section 74.351(b), which provides as follows:

> **(b)** If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by Subsection (a), the court, on the motion of the affected physician or health care provider, shall, subject to Subsection (c), enter an order that:
>
>> **(1)** awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider; and
>>
>> **(2)** dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

TEX. CIV. PRAC. & REM. CODE § 74.351(b).

Because Plaintiff failed to comply with the mandatory requirements of Section 74.351(a) by the deadline, Defendants filed a Motion to Dismiss on December 22, 2020 and set same for hearing on January 27, 2021.  Now Plaintiff is trying to abuse the discovery process by unilaterally noticing depositions, including the deposition of Defendant Hospital, which is a party to this case and whose deposition is expressly prohibited by the discovery stay imposed by Section 74.351(s) as follows:

> **(s)** Until a claimant has served the expert report and curriculum vitae as required by Subsection (a), all discovery in a health care liability claim is stayed except for the acquisition by the claimant of information, including medical or hospital records or other documents or tangible things, related to the patient's health care through:
>
>> **(1)** written discovery as defined in Rule 192.7, Texas Rules of Civil Procedure;
>> **(2)** depositions on written questions under Rule 200, Texas Rules of Civil Procedure; and
>> **(3)** discovery from nonparties under Rule 205, Texas Rules of Civil Procedure.

**EXHIBIT A, PAGE 131**

TEX. CIV. PRAC. & REM. CODE § 74.351(s).

Plaintiff failed to comply with the mandatory provisions of Section 74.351 and the deadline to do so has passed.  Pursuant to the express statutory language, Plaintiff's claims against these Defendant health care providers <u>shall</u> be dismissed.  Plaintiff should be precluded from trying to abuse the discovery process and subject Defendants to depositions during the interim period while awaiting the oral hearing and the Court's ruling on this issue.

V.

**WHEREFORE, PREMISES CONSIDERED**, Defendants TENET HEALTHCARE CORPORATION and VHS SAN ANTONIO PARTNERS, LLC D/B/A BAPTIST HEALTH SYSTEM, move that the specified depositions be and remain quashed and that a protective order be issued to preclude Plaintiff from any further attempts to take depositions before the oral hearing and the Court's ruling on Defendants' Motion to Dismiss.

Respectfully submitted,

**COOKSEY, MARCIN & HUSTON, PLLC**
25511 Budde Road, Suite 2202
The Woodlands, Texas 77380
Telephone:  (281) 719-5881
Facsimile: (281) 719-5847

By:  _/s/_**Courtney A. Parecki**_____
       Curry L. Cooksey
       State Bar No. 04762400
       curry@cmh.legal
       Courtney A. Parecki
       State Bar No. 24104796
       courtney@cmh.legal
   **E-Service: eservice@cmh.legal**

**ATTORNEYS   FOR   DEFENDANTS
TENET HEALTHCARE CORPORATION
AND  VHS  SAN  ANTONO  PARTNERS,
LCC D/B/A BAPTIST HEALTH SYSTEM**

## CERTIFICATE OF SERVICE

     I do hereby certify that a true and correct copy of the above and foregoing instrument has been served on all counsel of record pursuant to the Texas Rules of Civil Procedure on this the 8th day of January 2021.

*/s/***Courtney A. Parecki**         

# EXHIBIT
# A

CAUSE NO. 2020CI13089

| | | |
|---|---|---|
| **CANDACE LARA** | § | **IN THE DISTRICT COURT OF** |
| *Petitioner* | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **ZAVATION MEDICAL PRODUCTS,** | § | |
| **LLC, PRECISION SPINE, INC.,** | § | |
| **ZIMMER BIOMET, ZIMMER US,** | § | |
| **INC., ZIMMER BIOMET BONE** | § | **BEXAR COUNTY, TEXAS** |
| **HEALING TECHNOLOGIES d/b/a EBI,** | § | |
| **LLC, BIOMET MICROFIXATION,** | § | |
| **LLC f/k/a ZIMMER BIOMET CMF** | § | |
| **AND THORACIC, LLC, ZIMMER** | § | |
| **BIOMET DISTRIBUTION LLC,** | § | |
| **ZIMMER BIOMET FOUNDATION,** | § | |
| **INC., ZIMMER BIOMET HOLDINGS,** | § | |
| **INC., ZIMMER BIOMET SPINE, INC.,** | § | |
| **MCKESSON CORPORATION, TENET** | § | |
| **HEALTHCARE CORPORATION, AND** | § | |
| **VHS SAN ANTONIO PARTNERS, LLC,** | § | |
| **D/B/A BAPTIST HEALTH SYSTEM** | § | |
| *Defendants* | § | **57TH JUDICIAL DISTRICT** |

**NOTICE OF INTENTION TO TAKE THE ORAL/VIDEOTAPED DEPOSITION OF**
**THE CUSTODIAN OF BILLING RECORDS OF BAPTIST MEDICAL CENTER WITH**
**SUBPOENA DUCES TECUM**

To:     Defendant, **VHS SAN ANTONIO PARTNERS, LLC dba BAPTIST HEALTH SYSTEM**, by and through its attorneys of record, Curry L. Cooksey and Courtney A. Parecki, Cookey, Marcin & Huston, PLLC, 25511 Budde Road, Suite 2202, The Woodlands, Texas 77380.

YOU WILL TAKE NOTICE that as authorized by Texas Rules of Civil Procedure, after the expiration of reasonable notice, the continuation of the oral and videotaped deposition of the below named witness will be taken at the time and place below designated before an officer duly authorized by law.

| | |
|---|---|
| **WITNESS:** | **T. GOLDMAN (CUSTODIAN OF BILLING RECORDS-BAPTIST MEDICAL CENTER)** |
| | |
| **DATE:** | **January 21, 2020** |

**TIME:**                          **10:00 A.M.**

**PLACE:**                         **CURRY L. COOKSEY**
                                   **COOKSEY, MARCIN & HUSTON, PLLC**
                                   **25511 BUDDE ROAD, SUITE 2202**
                                   **THE WOODLANDS, TEXAS 77380**
                                   **TEL: (281) 719-5881**
                                   **FAX: (281) 719-5847**

**COURT REPORTER:**                **ALL LITIGATION & VIDEO SERVICE, LLC**

**VIDEOGRAPHER:**                  **ALL LITIGATION & VIDEO SERVICE, LLC**

**METHOD:**                        **ZOOM MEETING**

Pursuant to the <u>Texas Supreme Court's Emergency Order regarding the COVID-19</u>

<u>State of Disaster</u>, participants may participate remotely by teleconference, video conference, or other

means.

This deposition shall continue from day to day until the deposition has begun and is

completed.

Respectfully submitted,

**BAIRHILTY, P.C.**

_____
RONALD L. BAIR
State Bar No. 01554900
KENNETH A. SCOTT
State Bar No. 00791629
14711 Pebble Bend Drive
Houston, Texas 77068-2923
Telephone:     (713) 862-5599
Facsimile:     (713) 868-9444
**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record as set forth below, in compliance with the Texas Rules of Civil Procedure on this 7th day of January 2021.

Curry L. Cooksey                                     *e-Service*: *randall.christian@bowmanandbrooke*
Courtney A. Parecki                                     *jonathan.smith@bowmanandbrooke.com*
COOKSEY, MARCIN & HUSTON, PLLC
25511 Budde Road,
Suite 2202
The Woodlands, Texas 77380

Randall L. Christian                                     *e-Service: curry@cmh.legal*
Jonathan L. Smith                                     *courtney@cmh.legal*
BOWMAN AND BROOKE, LLP
2901 Via Fortuna Drive, Suite 500
Austin, Texas 78746


_____
KENNETH A. SCOTT

## SUBPOENA DUCES TECUM

### Definitions

For the purpose of this subpoena duces tecum, the following definition shall apply:

"Document" is used in the broadest of data compilation subject to production under the Texas Rules of Civil Procedure, and includes any tangible thing on or in which data are preserved by any means or in any form, including, without limiting the generality of its meaning, correspondence, letters, envelopes, telephone logs, memoranda, handwritten or stenographic notes, diaries, calendars, contracts, purchase orders, invoices, accounts, ledgers, deeds, studies, financial statements, appraisals, evaluations, analyses, forecasts, statistics, estimates, reviews, working papers, books, magazines, newspapers, booklets, brochures, catalogs, pamphlets, instructions, circulars, bulletins, trade letters, press releases, charts, maps, diagrams, designs, specifications, blueprints, sketches, drawings, pictures, photographs, motion pictures, negatives, undeveloped film, video or audio tapes, belts or disks, voice recordings, transcriptions, computer tapes, computer disk packs or disk files, computer print-outs, magnetically encoded cards or tapes, punch cards or tapes, microfilms, microfiches, laboratory reports, analyses and work papers, printouts of scientific laboratory apparatus, and any other data compilation from which words, numbers, images or other information can be obtained (translated, if necessary, through appropriate devices into reasonably usable form), and shall include all drafts and non-identical copies of such documents.

A subpoena duces tecum pursuant to the Texas Rules of Civil Procedure shall be sought commanding the said witness to produce, before the said officer, the following:

1. Produce record of proof of payment of spinal screw device, used in the 2016 spinal surgery of the plaintiff which made the basis of this lawsuit; and

2. Produce record of payment ledger of complete spinal crew set, used in the 2016 spinal surgery of the plaintiff which made the basis of this lawsuit.

# EXHIBIT
# B

CAUSE NO. 2020CI13089

| | | |
|---|---|---|
| **CANDACE LARA** | § | **IN THE DISTRICT COURT OF** |
| *Petitioner* | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **ZAVATION MEDICAL PRODUCTS,** | § | |
| **LLC, PRECISION SPINE, INC.,** | § | |
| **ZIMMER BIOMET, ZIMMER US,** | § | |
| **INC., ZIMMER BIOMET BONE** | § | **BEXAR COUNTY, TEXAS** |
| **HEALING TECHNOLOGIES d/b/a EBI,** | § | |
| **LLC, BIOMET MICROFIXATION,** | § | |
| **LLC f/k/a ZIMMER BIOMET CMF** | § | |
| **AND THORACIC, LLC, ZIMMER** | § | |
| **BIOMET DISTRIBUTION LLC,** | § | |
| **ZIMMER BIOMET FOUNDATION,** | § | |
| **INC., ZIMMER BIOMET HOLDINGS,** | § | |
| **INC., ZIMMER BIOMET SPINE, INC.,** | § | |
| **MCKESSON CORPORATION, TENET** | § | |
| **HEALTHCARE CORPORATION, AND** | § | |
| **VHS SAN ANTONIO PARTNERS, LLC,** | § | |
| **D/B/A BAPTIST HEALTH SYSTEM** | § | |
| *Defendants* | § | **57TH JUDICIAL DISTRICT** |

**NOTICE OF INTENTION TO TAKE ORAL/VIDEOTAPED DEPOSITION OF
DR. ANTHONY J. OWUSU WITH SUBPOENA**

  **YOU WILL TAKE NOTICE** that as authorized by Texas Rules of Civil Procedure, after

the expiration of reasonable notice, the oral and videotaped deposition of the below named witness

will be taken at the time and place below designated before an officer duly authorized by law.

| | |
|---|---|
| **WITNESS:** | **DR. ANTHONY J. OWUSU** |
| **DATE:** | **January 20, 2021** |
| **TIME:** | **10:00A.M.** |
| **PLACE:** | **BAIR HILTY, P.C.**<br>**14711 PEBBLE BEND DRIVE**<br>**HOUSTON, TEXAS 77068**<br>**TELEPHONE: (713) 862-5599** |
| **COURT REPORTER:** | **ALL LITIGATION & VIDEO SERVICE, LLC** |
| **AND VIDEOGRAPHER:** | **ALL LITIGATION & VIDEO SERVICE, LLC** |

**METHOD:**   **ZOOM MEETING**

Pursuant to the <u>Texas Supreme Court's Emergency Order regarding the COVID-19 State of Disaster</u>, participants may participate remotely by teleconference, video conference, or other means.

A subpoena will be issued to secure the presence of the witness.  The witness can be served at his home address of 75 Wincrest Falls Drive, Cypress, Texas 77429-5217.

This date will be amenable to changes as long as another date is given within five days before the January 27, 2021 hearing date.

This deposition shall continue from day to day until the deposition is begun and completed.

Respectfully submitted,

**BAIRHILTY, P.C.**

_____
RONALD L. BAIR
State Bar No. 01554900
KENNETH A. SCOTT
State Bar No. 00791629
14711 Pebble Bend Drive
Houston, Texas 77068-2923
Telephone: (713) 862-5599
Facsimile: (713) 868-9444
**ATTORNEYS FOR PLAINTIFF**

2

**EXHIBIT A, PAGE 141**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing instrument was served upon all counsel of record in accordance with the Texas Rules of Civil Procedure on this the 7th day of January 2021.

Curry L. Cooksey                                    *e-Service*: *randall.christian@bowmanandbrooke*
Courtney A. Parecki                                        *jonathan.smith@bowmanandbrooke.com*
COOKSEY, MARCIN & HUSTON, PLLC
25511 Budde Road,
Suite 2202
The Woodlands, Texas 77380

Randall L. Christian                                        *e-Service: curry@cmh.legal*
Jonathan L. Smith                                             *courtney@cmh.legal*
BOWMAN AND BROOKE, LLP
2901 Via Fortuna Drive, Suite 500
Austin, Texas 78746

_____
KENNETH A. SCOTT

3

EXHIBIT A, PAGE 142

## CAUSE NO. 2020CI13089

| | | |
|---|---|---|
| **CANDACE LARA** | § | **IN THE DISTRICT COURT OF** |
| *Petitioner* | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **ZAVATION MEDICAL PRODUCTS,** | § | |
| **LLC, PRECISION SPINE, INC.,** | § | |
| **ZIMMER BIOMET, ZIMMER US,** | § | |
| **INC., ZIMMER BIOMET BONE** | § | **BEXAR COUNTY, TEXAS** |
| **HEALING TECHNOLOGIES d/b/a EBI,** | § | |
| **LLC, BIOMET MICROFIXATION,** | § | |
| **LLC f/k/a ZIMMER BIOMET CMF** | § | |
| **AND THORACIC, LLC, ZIMMER** | § | |
| **BIOMET DISTRIBUTION LLC,** | § | |
| **ZIMMER BIOMET FOUNDATION,** | § | |
| **INC., ZIMMER BIOMET HOLDINGS,** | § | |
| **INC., ZIMMER BIOMET SPINE, INC.,** | § | |
| **MCKESSON CORPORATION, TENET** | § | |
| **HEALTHCARE CORPORATION, AND** | § | |
| **VHS SAN ANTONIO PARTNERS, LLC,** | § | |
| **D/B/A BAPTIST HEALTH SYSTEM** | § | |
| *Defendants* | § | **57TH JUDICIAL DISTRICT** |

### SUBPOENA FOR DEPOSITION OF
### DR. ANTHONY J. OWUSU WITH SUBPOENA DUCES TECUM

To:     Any sheriff or constable of the State of Texas or other person authorized to serve and execute subpoenas as provided in Texas Rule of Civil Procedure 176.5.

You are commanded to summon Dr. Anthony J. Owusu, located at his home address of 75 Wincrest Falls Drive, Cypress, Texas 77429-5217, to appear by Zoom Meeting, on January 20, 2021 at 10:00a.m. before a court reporter with the firm of Bair Hilty, P.C., 14711 Pebble Bend Drive, Houston, Texas 77068, to attend and give testimony in this case at a deposition on behalf of Plaintiff CANDACE LARA, and to remain in attendance from day to day until lawfully discharged.

Contempt.  Failure by any person without adequate excuse to obey a subpoena served on that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both. Tex. R. Civ. P. 176.8(a).

4

DO NOT FAIL to return to the Clerk of the 57th District Court in Bexar County, Texas with either the attached officer's return showing the manner of execution or the witness' signed memorandum showing that the witness accepted the subpoena.

ISSUED on January _____, 2021.

Respectfully submitted,

**BAIRHILTY, P.C.**

_____
RONALD L. BAIR
State Bar No. 01554900
KENNETH A. SCOTT
State Bar No. 00791629
BAIRHILTY, P.C.
14711 Pebble Bend Drive
Houston, Texas 77068-2923
Telephone: (713) 862-5599
Facsimile: (713) 868-9444
**ATTORNEYS FOR PLAINTIFF**

This subpoena was issued at the request of Plaintiff, CANDACE LARA, whose attorneys of record are RONALD L. BAIR and KENNETH A. SCOTT, BAIRHILTY, P.C., 14711 Pebble Bend Drive, Houston, Texas 77068-2923, Telephone: (713) 862-5599.

5

## SUBPOENA DUCES TECUM
### Definitions

For the purpose of this subpoena duces tecum, the following definition shall apply:

"Document" is used in the broadest of data compilation subject to production under the Texas Rules of Civil Procedure, and includes any tangible thing on or in which data are preserved by any means or in any form, including, without limiting the generality of its meaning, correspondence, letters, envelopes, telephone logs, memoranda, handwritten or stenographic notes, diaries, calendars, contracts, purchase orders, invoices, accounts, ledgers, deeds, studies, financial statements, appraisals, evaluations, analyses, forecasts, statistics, estimates, reviews, working papers, books, magazines, newspapers, booklets, brochures, catalogs, pamphlets, instructions, circulars, bulletins, trade letters, press releases, charts, maps, diagrams, designs, specifications, blueprints, sketches, drawings, pictures, photographs, motion pictures, negatives, undeveloped film, video or audio tapes, belts or disks, voice recordings, transcriptions, computer tapes, computer disk packs or disk files, computer print-outs, magnetically encoded cards or tapes, punch cards or tapes, microfilms, microfiches, laboratory reports, analyses and work papers, printouts of scientific laboratory apparatus, and any other data compilation from which words, numbers, images or other information can be obtained (translated, if necessary, through appropriate devices into reasonably usable form), and shall include all drafts and non-identical copies of such documents.

A subpoena duces tecum pursuant to the Texas Rules of Civil Procedure shall be sought commanding the said witness to produce, before the said officer, the following:

1. Please produce record of the surgical "preference card" used for plaintiff's 2016 spinal surgery, which made the basis of the lawsuit; and

2. Please produce all orders for surgical devices used in plaintiff's 2016 spinal surgery.

6

EXHIBIT A, PAGE 145

# EXHIBIT
# C

EXHIBIT A, PAGE 146

CAUSE NO. 2020CI13089

| | | |
|---|---|---|
| CANDACE LARA | § | IN THE DISTRICT COURT OF |
| *Petitioner* | § | |
| | § | |
| vs. | § | |
| | § | |
| ZAVATION MEDICAL PRODUCTS, | § | |
| LLC, PRECISION SPINE, INC., | § | |
| ZIMMER BIOMET, ZIMMER US, | § | |
| INC., ZIMMER BIOMET BONE | § | BEXAR COUNTY, TEXAS |
| HEALING TECHNOLOGIES d/b/a EBI, | § | |
| LLC, BIOMET MICROFIXATION, | § | |
| LLC f/k/a ZIMMER BIOMET CMF | § | |
| AND THORACIC, LLC, ZIMMER | § | |
| BIOMET DISTRIBUTION LLC, | § | |
| ZIMMER BIOMET FOUNDATION, | § | |
| INC., ZIMMER BIOMET HOLDINGS, | § | |
| INC., ZIMMER BIOMET SPINE, INC., | § | |
| MCKESSON CORPORATION, TENET | § | |
| HEALTHCARE CORPORATION, AND | § | |
| VHS SAN ANTONIO PARTNERS, LLC, | § | |
| D/B/A BAPTIST HEALTH SYSTEM | § | |
| *Defendants* | § | 57TH JUDICIAL DISTRICT |

## NOTICE OF INTENTION TO TAKE ORAL/VIDEOTAPED DEPOSITION OF
## DR. ANDREW NEALE BOWSER WITH SUBPOENA

**YOU WILL TAKE NOTICE** that as authorized by Texas Rules of Civil Procedure, after

the expiration of reasonable notice, the oral and videotaped deposition of the below named witness

will be taken at the time and place below designated before an officer duly authorized by law.

| | |
|---|---|
| **WITNESS:** | **DR. ANDREW NEALE BOWSER** |
| **DATE:** | **January 20, 2021** |
| **TIME:** | **1:00 P.M.** |
| **PLACE:** | **BAIR HILTY, P.C.**<br>**14711 PEBBLE BEND DRIVE**<br>**HOUSTON, TEXAS 77068**<br>**TELEPHONE: (713) 862-5599** |
| **COURT REPORTER:** | **ALL LITIGATION & VIDEO SERVICE, LLC** |
| **AND VIDEOGRAPHER:** | **ALL LITIGATION & VIDEO SERVICE, LLC** |

**METHOD:**            ZOOM MEETING

Pursuant to the Texas Supreme Court's Emergency Order regarding the COVID-19 State of Disaster, participants may participate remotely by teleconference, video conference, or other means.

A subpoena will be issued to secure the presence of the witness.  The witness can be served at the Hill Country Memorial – Fredericksburg – Windcrest Medical Office located at 506 West Windcrest Street, Fredericksburg, Texas 78624.

This date will be amenable to changes as long as another date is given within five days before the January 27, 2021 hearing date.

This deposition shall continue from day to day until the deposition is begun and completed.

Respectfully submitted,

BAIRHILTY, P.C.

_____
RONALD L. BAIR
State Bar No. 01554900
KENNETH A. SCOTT
State Bar No. 00791629
14711 Pebble Bend Drive
Houston, Texas 77068-2923
Telephone: (713) 862-5599
Facsimile: (713) 868-9444
**ATTORNEYS FOR PLAINTIFF**

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing instrument was served upon all counsel of record in accordance with the Texas Rules of Civil Procedure on this the 7th day of January 2021.

Curry L. Cooksey                                    *e-Service*: *randall.christian@bowmanandbrooke*
Courtney A. Parecki                                  *jonathan.smith@bowmanandbrooke.com*
COOKSEY, MARCIN & HUSTON, PLLC
25511 Budde Road,
Suite 2202
The Woodlands, Texas 77380

Randall L. Christian                                 *e-Service: curry@cmh.legal*
Jonathan L. Smith                                         *courtney@cmh.legal*
BOWMAN AND BROOKE, LLP
2901 Via Fortuna Drive, Suite 500
Austin, Texas 78746


_____
KENNETH A. SCOTT

3

**CAUSE NO. 2020CI13089**

| | | |
|---|---|---|
| **CANDACE LARA** | § | **IN THE DISTRICT COURT OF** |
| *Petitioner* | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **ZAVATION MEDICAL PRODUCTS,** | § | |
| **LLC, PRECISION SPINE, INC.,** | § | |
| **ZIMMER BIOMET, ZIMMER US,** | § | |
| **INC., ZIMMER BIOMET BONE** | § | **BEXAR COUNTY, TEXAS** |
| **HEALING TECHNOLOGIES d/b/a EBI,** | § | |
| **LLC, BIOMET MICROFIXATION,** | § | |
| **LLC f/k/a ZIMMER BIOMET CMF** | § | |
| **AND THORACIC, LLC, ZIMMER** | § | |
| **BIOMET DISTRIBUTION LLC,** | § | |
| **ZIMMER BIOMET FOUNDATION,** | § | |
| **INC., ZIMMER BIOMET HOLDINGS,** | § | |
| **INC., ZIMMER BIOMET SPINE, INC.,** | § | |
| **MCKESSON CORPORATION, TENET** | § | |
| **HEALTHCARE CORPORATION, AND** | § | |
| **VHS SAN ANTONIO PARTNERS, LLC,** | § | |
| **D/B/A BAPTIST HEALTH SYSTEM** | § | |
| *Defendants* | § | **57TH JUDICIAL DISTRICT** |

**SUBPOENA FOR DEPOSITION OF**
**DR. ANDREW NEALE BOWSER WITH SUBPOENA DUCES TECUM**

To:     Any sheriff or constable of the State of Texas or other person authorized to serve and execute subpoenas as provided in Texas Rule of Civil Procedure 176.5.

You are commanded to summon Dr. Andrew Neale Bowser, located at Hill Country Memorial – Fredericksburg – Windcrest Medical Office, 506 West Windcrest Street, Fredericksburg, Texas 78624, to appear by Zoom Meeting, on January 20, 2021 at 1:00 p.m. before a court reporter with the firm of Bair Hilty, P.C., 14711 Pebble Bend Drive, Houston, Texas 77068, to attend and give testimony in this case at a deposition on behalf of Plaintiff CANDACE LARA, and to remain in attendance from day to day until lawfully discharged.

Contempt.  Failure by any person without adequate excuse to obey a subpoena served on that person may be deemed a contempt of the court from which the subpoena is issued or a district court

**EXHIBIT A, PAGE 150**

in the county in which the subpoena is served, and may be punished by fine or confinement, or both. Tex. R. Civ. P. 176.8(a).

DO NOT FAIL to return to the Clerk of the 57th District Court in Bexar County, Texas with either the attached officer's return showing the manner of execution or the witness' signed memorandum showing that the witness accepted the subpoena.

ISSUED on January _____, 2021.

Respectfully submitted,

BAIRHILTY, P.C.

_____
RONALD L. BAIR
State Bar No. 01554900
KENNETH A. SCOTT
State Bar No. 00791629
BAIRHILTY, P.C.
14711 Pebble Bend Drive
Houston, Texas 77068-2923
Telephone: (713) 862-5599
Facsimile: (713) 868-9444
**ATTORNEYS FOR PLAINTIFF**

This subpoena was issued at the request of Plaintiff, CANDACE LARA, whose attorneys of record are RONALD L. BAIR and KENNETH A. SCOTT, BAIRHILTY, P.C., 14711 Pebble Bend Drive, Houston, Texas 77068-2923, Telephone: (713) 862-5599.

5

## SUBPOENA DUCES TECUM
### Definitions

For the purpose of this subpoena duces tecum, the following definition shall apply:

"Document" is used in the broadest of data compilation subject to production under the Texas Rules of Civil Procedure, and includes any tangible thing on or in which data are preserved by any means or in any form, including, without limiting the generality of its meaning, correspondence, letters, envelopes, telephone logs, memoranda, handwritten or stenographic notes, diaries, calendars, contracts, purchase orders, invoices, accounts, ledgers, deeds, studies, financial statements, appraisals, evaluations, analyses, forecasts, statistics, estimates, reviews, working papers, books, magazines, newspapers, booklets, brochures, catalogs, pamphlets, instructions, circulars, bulletins, trade letters, press releases, charts, maps, diagrams, designs, specifications, blueprints, sketches, drawings, pictures, photographs, motion pictures, negatives, undeveloped film, video or audio tapes, belts or disks, voice recordings, transcriptions, computer tapes, computer disk packs or disk files, computer print-outs, magnetically encoded cards or tapes, punch cards or tapes, microfilms, microfiches, laboratory reports, analyses and work papers, printouts of scientific laboratory apparatus, and any other data compilation from which words, numbers, images or other information can be obtained (translated, if necessary, through appropriate devices into reasonably usable form), and shall include all drafts and non-identical copies of such documents.

A subpoena duces tecum pursuant to the Texas Rules of Civil Procedure shall be sought commanding the said witness to produce, before the said officer, the following:

1.  Please produce record of the surgical "preference card" used for plaintiff's 2016 spinal surgery, which made the basis of the lawsuit; and

2.  Please produce all orders for surgical devices used in plaintiff's 2016 spinal surgery.

EXHIBIT A, PAGE 152

FILED
1/8/2021 5:00 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Jessica Zapata

Case 5:21-cv-00183-JKP-RBF   Document 1-3   Filed 02/25/21   Page 154 of 196

CAUSE NO. 2020CI13089

| | | |
|---|---|---|
| CANDACE LARA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | BEXAR COUNTY, TEXAS |
| | § | |
| ZAVATION MEDICAL PRODUCTS, | § | |
| LLC, *et. al.* | § | 57TH JUDICIAL DISTRICT |

## <u>ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER</u>

CAME ON THIS DAY TO BE HEARD, Tenet Healthcare Corporation and VHS San Antonio Partners, LLC d/b/a Baptist Health System's Motion for Protective Order. The Court after having reviewed the timely filed pleadings, arguments of counsel, if any, and the pertinent law, is of the opinion that Defendants' Motion for Protective Order be GRANTED. It is therefore,

**ORDERED, ADJUDGED, AND DECREED** that Defendants Tenet Healthcare Corporation and VHS San Antonio Partners, LLC d/b/a Baptist Health System's Motion for Protective Order be GRANTED. It is further

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff be precluded from any further attempts to take depositions before the Court's ruling on Defendants' Motion to Dismiss which is set for oral hearing on January 27, 2021.

Signed this ____ day of _____, 2021.

_____
JUDGE PRESIDING

**EXHIBIT A, PAGE 153**



2020CI13089 -P00030



Dykema Gossett PLLC
Weston Centre
112 E. Pecan Street, Suite 1800
San Antonio, TX 78205
WWW.DYKEMA.COM
Tel:  (210) 554-5500
Fax: (210) 226-8395

Direct Dial: (210) 554-5229
Direct Fax: (210) 579-7099
Email: BAStetler@dykema.com

**FILED**
O'CLOCK _____ M

JAN 2 1 2021

MARY ANGIE GARCIA
District Clerk, Bexar County, Texas
BY _____ DEPUTY

January 13, 2021                                          **Via U.S. Mail**

Bexar County Civil District Courts
Attn: Staff Attorneys
100 Dolorosa, Room 2.16
San Antonio, Texas 78205

Re:     Cause No. 2020CI13089, Candace Lara v Zavation Medical Products et al., 57th Judicial
        District, Bexar County, Texas

:

        Enclosed please find 2 copies of the Order Granting Plaintiff's Motion to Dismiss Without

Prejudice Defendant McKesson Corporation which was efiled on November 30, 2020 for signature

and entering with the court.  I am enclosing a self-addressed stamped envelope for returning the

conformed copy.

Sincerely,

Barbara Stetler
Paralegal

California | Illinois | Michigan | Minnesota | Texas | Washington, D.C.

**EXHIBIT A, PAGE 154**
DOCUMENT SCANNED AS FILED



ZIP 78205 **$ 000.65**
02 4W
0000361324 JAN. 13. 202

Dykema Gossett PLLC
Weston Centre
112 E. Pecan Street
Suite 1800
San Antonio, TX 78205

DYKEMA

Bexar County Civil District Courts
Attn: Staff Attorneys
100 Dolorosa, Room 2.16
San Antonio, Texas 78205

**FILED**
O'CLOCK _____M

JAN 2 1 2021

MARY ANGIE GARCIA
District Clerk, Bexar County, Texas

BY _____ DEPUTY

782053066 C011

**EXHIBIT A, PAGE 155**

DOCUMENT SCANNED AS FILED



2020CI13089 -D057

CAUSE NO. 2020CI13089

| | | |
|---|---|---|
| **CANDACE LARA** | § | **IN THE DISTRICT COURT OF** |
| *Petitioner* | § | |
| | § | |
| **v.s.** | § | |
| | § | |
| **ZAVATION MEDICAL PRODUCTS,** | § | |
| **LLC, PRECISION SPINE, INC.,** | § | |
| **ZIMMER BIOMET, ZIMMER US,** | § | |
| **INC., ZIMMER BIOMET BONE** | § | **BEXAR COUNTY, TEXAS** |
| **HEALING TECHNOLOGIES d/b/a EBI,** | § | |
| **LLC, BIOMET MICROFIXATION,** | § | |
| **LLC f/k/a ZIMMER BIOMET CMF** | § | |
| **AND THORACIC, LLC, ZIMMER** | § | |
| **BIOMET DISTRIBUTION LLC,** | § | |
| **ZIMMER BIOMET FOUNDATION,** | § | |
| **INC., ZIMMER BIOMET HOLDINGS,** | § | |
| **INC., ZIMMER BIOMET SPINE, INC.,** | § | |
| **MCKESSON CORPORATION, TENET** | § | |
| **HEALTHCARE CORPORATION, AND** | § | |
| **VHS SAN ANTONIO PARTNERS, LLC,** | § | |
| **D/B/A BAPTIST HEALTH SYSTEM** | § | |
| *Defendants* | § | **57TH JUDICIAL DISTRICT** |

## ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE

ON THIS DAY the Court considered Plaintiff's, CANDACE LARA Motion to Dismiss as to Defendant, MCKESSON CORPORATION, without prejudice.

The Court, having considered such Motion finds that it is well taken and should be GRANTED.

It is therefore, ORDERED, ADJUDGED and DECREED that all claims of Plaintiff, CANDACE LARA against Defendant, MCKESSON CORPORATION, should be, and hereby are, dismissed without prejudice.

SIGNED this _____ day of __JAN 2 1 2021__, .



JUDGE PRESIDING

Laura Salinas
Presiding Judge
166th District Court
Bexar County, Texas

**EXHIBIT A, PAGE 156**

APPROVED:

**BAIRHILTY, P.C.**

RONALD L. BAIR
State Bar No. 01554900
rbair@bairhilty.com
KENNETH A. SCOTT
State Bar No. 00791629
kscott@bairhilty.com
14711 Pebble Bend Drive
Houston, Texas 77068
Telephone: (713)862-5599
Facsimile: (713)868-9444
**ATTORNEYS FOR PLAINTIFF**

01/28/2021 VOL 5373 PG 0732

2

CAUSE NO. 2020CI13089

| | | |
|---|---|---|
| CANDACE LARA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | |
| ZAVATION MEDICAL PRODUCTS, | § | |
| LLC, PRECISION SPINE, INC., | § | |
| ZIMMER BIOMET, ZIMMER US, INC., | § | |
| ZIMMER BIOMET BONE HEALING | § | |
| TECHNOLOGIES d/b/a EBI, LLC, | § | |
| BIOMET MICROFIXATION, LLC f/k/a | § | |
| ZIMMER BIOMET CMF AND | § | BEXAR COUNTY, TEXAS |
| THORACIC, LLC, ZIMMER BIOMET | § | |
| DISTRIBUTION, LLC, ZIMMER | § | |
| BIOMET FOUNDATION, INC., | § | |
| ZIMMER BIOMET HOLDINGS, INC., | § | |
| ZIMMER BIOMET SPINE, INC., | § | |
| MCKESSON CORPORATION, TENET | § | |
| HEALTHCARE CORPORATION, AND | § | |
| VHS SAN ANTONIO PARTNERS, LCC | § | |
| D/B/A BAPTIST HEALTH SYSTEM | § | 57TH JUDICIAL DISTRICT |

## DEFENDANTS' BRIEF IN SUPPORT OF CHAPTER 74
## MOTION TO DISMISS WITH PREJUDICE

COME NOW DEFENDANTS, Tenet Healthcare Corporation and VHS San Antonio

Partners, LLC d/b/a Baptist Health System, and file this, their Brief in support of their previously

filed Chapter 74 Motion to Dismiss with Prejudice, and in support thereof would show unto this

Court as follows:

### I.     Relief Requested

Defendants respectfully request that this Court dismiss Plaintiff's claims against them with

prejudice due to Plaintiff's failure to comply with the mandatory provisions of Section 74.351(a)

of the Texas Civil Practice and Remedies Code.  Contrary to Plaintiff's assertions, her claims

against these Defendants are healthcare liability claims as defined by Section 74.001(a)(13) of the

Texas Civil Practice and Remedies Code.  As such, an expert report was required to be served on

these Defendants within 120 days of the filing of their Answer, which would have been December 17, 2020. That date came and went with no expert report having been served. Accordingly, per the express statutory language, dismissal of the claims against these Defendants is mandatory, and Defendants respectfully ask this Court to enter an Order effectuating same.

## II.     Incorporation of Previously Filed Motion and Plaintiff's Claims

Defendants hereby fully incorporate their Chapter 74 Motion to Dismiss, which was filed on December 22, 2020. For ease of reference, a copy of the Motion is attached hereto as **<u>Exhibit A</u>**. Defendants refer the Court to the Motion to Dismiss for a brief recitation of the factual and procedural background of the case.

Additionally, looking at Plaintiff's Original Petition (*see* **<u>Exhibit B</u>**, attached hereto and incorporated by reference) Plaintiff alleges that "[o]n or about September 13, 2016, Plaintiff underwent surgery on her L5-S1 spine." *See* **<u>Exhibit B</u>** at ¶ 19. "The surgeon, Dr. Anthony Owusu, Jr., M.D., inserted a product described as screws, a cage, and other hardware, in order to stabilize Plaintiff's spine and allow healing of her injured back." *Id*. Plaintiff alleges that the "surgical screw had broken, and the screw was directly in contact with bone in her spine, causing the pain experienced by Petitioner." *Id*. Plaintiff claims that Tenet Healthcare Corporation and VHS San Antonio Partners, LLC, "marketed distributed, promoted and supplied the products to Plaintiff through her health care provider." *See id*. at ¶22. Plaintiff has failed to file a Chapter 74 expert report, asserting that Plaintiff's claims against Tenet Healthcare Corporation and VHS San Antonio Partners, LLC d/b/a Baptist Health System, are not a healthcare liability claim. However, it is clear from Plaintiff's Original Petition that this is a case where the hospital supplied a product (that Plaintiff alleges is "defective") and those products (the surgical screws, surgical rods, surgical cage, surgical plate, and surgical cap) were quite obviously an integral part of the healthcare

**EXHIBIT A, PAGE 159**

services provided.  Accordingly, Plaintiff's claims are indeed, quite obviously, healthcare liability claims, and this matter must be dismissed against Tenet Healthcare Corporation and VHS San Antonio Partners, LLC because Plaintiff failed to timely file the required Chapter 74 expert report.

### III.     Argument and Authorities

### A. Requirement of Chapter 74 Expert Report in Healthcare Liability Claims

1.      Section 74.351 of the Texas Civil Practice and Remedies Code provides that, in a "health care liability claim," a plaintiff <u>shall</u>, for each physician or health care provider against whom a claim is asserted, furnish to counsel for each such physician or health care provider, one or more expert reports with a curriculum vitae of each expert listed in the report.  The statute requires that the expert report be served within 120 days after the defendant's answer is filed.  *See* TEX. CIV. PRAC. & REM. CODE § 74.351(a).

2.      If no report is served within the timeframe specified in Section 74.351(a), the claims against the physician or health care provider <u>shall</u> be dismissed.  *See* TEX. CIV. PRAC. & REM. CODE § 74.351(b).

3.      There is no dispute in this case as to whether an expert report was served by the deadline.  It was not, and Plaintiff does not contend otherwise.  Instead, Plaintiff has taken the position that her claims against Defendants are not "health care liability claims" and a report is therefore not required. Plaintiff is incorrect.

4.      An expert report is required in any "health care liability claim," which is defined as "a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or

**EXHIBIT A, PAGE 160**

contract." TEX. CIV. PRAC. & REM. CODE §74.001(a)(13). Section 74.001 defines a "health care provider" to include a "health care institution" and defines a "health care institution" to include "a hospital" and "a hospital system." TEX. CIV. PRAC. & REM. CODE §74.001(a)(12)(A)(vii) and §74.001 (a)(11)(F)-(G).

5.      The movant Defendants (Tenet Healthcare Corporation and VHS San Antonio Partners, LLC d/b/a Baptist Health System) are hospital systems.  Plaintiff has asserted a health care liability claim against these Defendants alleging that she was injured by their negligence with respect to her spine surgery. As such, Plaintiff's claims are health care liability claims which are governed by Chapter 74 of the Texas Civil Practice and Remedies Code, and she is therefore required to comply with the provisions contained therein.

### B. Plaintiff's Claims against Tenet and VHS are Obviously HCLCs

6.      Plaintiff is evidently taking the position that her claims are not "health care liability claims" because they are premised upon a theory of alleged negligent marketing, distribution and supplying of surgical components as opposed to direct hands-on patient care.   Plaintiff misunderstands the scope and applicability of Section 74.351.  The statute applies any time a health care provider is sued for an alleged departure from the standard of care with respect to "medical care, or health care, or safety, or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant."  *See* TEX. CIV. PRAC. & REM. CODE §74.001(a)(13).

7.      Here, Plaintiff has pled that Defendants "…marketed, distributed, promoted and supplied the [surgical] products to Plaintiff through her health care provider."  *See* Plaintiff's Petition, **Exhibit B**, at ¶ 22.  Plaintiff has also pled that she was injured by the surgical products

**EXHIBIT A, PAGE 161**

as it was later discovered that a surgical screw had broken and come into contact with the nerves in her spine. *See id*. at ¶ 25.

8.      On their face, Plaintiff's claims against the movant Defendants are health care liability claims.  Defendants are health care providers as that phrase is defined by statute.  The claims against them arise either from the provision of medical or health care, or from the provision of safety, or professional or administrative services directly related to health care.  The provision of this care and/or these services is alleged to have proximately caused Plaintiff's injury. Accordingly, the claims are health care liability claims and an expert report was required to have been served by the December 17, 2020 deadline.

9.      Where the patient cannot provide a product used in the course of medical services, then the product loses its separate character as a good and is part of the service.  *See Easterly v. HSP of Tex.*, 772 S.W.2d 211, 213 (Tex. App.—Dallas 1989, no writ).  Strict liability can be applied to a hospital where the court found that the hospital introduced into the stream of commerce a defective product <u>unrelated</u> to the essential professional relationship.  *Thomas v. St. Joseph Hosp.*, 618 S.W. 2d 791, 796, 97 (Tex. App. –Houston [1st Dist.] 1981, writ ref'd n.r.e.). **Therefore, the question that must be ascertained is: <u>whether the surgical screws, surgical rods, surgical cage, surgical plate, and surgical cap were intimately and inseparably connected to the professional service of providing Plaintiff with healthcare services?</u>** Obviously, they were.  Plaintiff could not just produce these items herself (as opposed to pajamas). These items were produced in relation to a physician's order to utilize them in the professional, surgical services rendered to Plaintiff.

10.      To be held strictly liable, the law requires that one must sell a product in a defective condition and must be engaged in the business of selling such a product.  *See* Restatement Second

**EXHIBIT A, PAGE 162**

of Torts, § 402A (1965).  Generally, hospitals are not engaged in the business of selling the products or equipment used in the course of providing medical services.  *See Thomas v. St. Joseph Hosp*., 618 S.W.2d 791, 796-97 (Tex. Civ. App.—Houston [1st Dist] 1981, writ. ref'd. n.r.e.). Here, as the court discussed in *Easterly*, the products used are intimately and inseparably connected with the provision of medical services.  *See Easterly*, 772 S.W.2d at 213.  The surgical screws, surgical rods, surgical cage, surgical plate, and surgical cap were meant to be permanently attached to the Plaintiff and were an inseparable part of providing medical services to the Plaintiff. In *Easterly*, the Appellant wife was admitted to appellee hospital to deliver a child, and was administered an epidural anesthesia from a sealed epidural kit appellee provided.  A catheter broke during the procedure requiring a subsequent surgery to remove.  Appellant husband and wife sued appellee hospital arguing the alleged sale of a defective product based on strict liability, breach of warranty, and deceptive trade practices.  The trial court granted appellee's summary judgment motion.  The appellate court affirmed.  The court held that appellee was not liable in strict liability because the epidural kit was so integrally related to the medical services provided that it was not a good sold in a commercial transaction.  **The court also held that the fundamental purpose of a hospital was to heal, and hospitals are providers of services, not merchants selling goods, so no implied warranties existed to breach.**  Here, obviously the sale of the surgical screw and other items was an integral part of the medical procedure rendered.  These goods were not a separate good sold in a commercial transaction.  *See also Shivers v. Good Shepherd Hosp. Inc*., 427 S.W.2d 104, passim (Tex. Civ. App.—Tyler 1968, writ ref'd n.r.e.)(hospital not strictly liable because it was not a manufacturer or distributor of alleged defective drug).  In other words, here, the surgical items, like in *Easterly*, were so intimately connected to the service provided as to lose its separate character as a good.  *Easterly*, 772, S.W.2d at 213, (quoting *Thomas v. St. Joseph*

EXHIBIT A, PAGE 163

*Hospital*, 618 S.W.2d at 791, as distinguishable because, in that case, the patient could have provided his own pajamas).

11.     In *Cobb v. Dallas Fort Worth Med. Ctr.-Grand Prairie*, 48 S.W.3d 820, (Tex. App.—Waco 2001, no pet.) Rebecca Cobb suffered from severe back pain and weakness.  Dr. Jefferey Carter examined her and diagnosed her condition as being caused by an internal disc disruption in her lower back.  *Cobb v. Dallas Fort Worth Med. Ctr.-Grand Prairie*, 48 S.W.3d 820 at 823.  He recommended that she have surgery to repair the damaged disk, which included insertion of pedicular hardware in her back.  Dr. Carter performed the surgery with Dr. James Pollifrone assisting and Mark Buckley acting as scrub technician.  *Id*.  Several days later, Dr. Carter discovered that the screws used to install the pedicular hardware in Mrs. Cobb's back were made for a child patient and were not safe for use in a patient of Mrs. Cobb's weight and size.  *Id*. Dr. Carter warned Mrs. Cobb that she has at great risk of the screws shifting and possibly causing greater injury. *Id*.  He recommended that she have additional surgery to replace the pediatric screws with screws of the correct size.  *Id*.  Mr. and Mrs. Cobb filed suit against Drs. Cater and Pollifrone and DFWMC.  *Id*.  DFWMC filed a motion for summary judgment which the trial court granted and then severed from the Cobb's claims against the remaining defendants.  *Id*.  The Cobbs appealed claiming that DFWMC is liable under the DTPA for unconscionable misrepresentations made to Mrs. Cobb regarding the hardware used with her surgery and was strictly liable.  *Id*.  The Cobbs alleged that the transpedicular hardware and the screws were defective and not FDA approved.  They claimed that the transpedicular "set" is separable from the services of DFWMC and thus DFWMC may be strictly liable.  *Id*.  The Court reasoned that DFWMC is not in the business of independently selling "TSRH sets" to the public, nor is it in the business of providing them outside of its primary purpose or providing medical facilities.  *Id*. at 826.  Also, Mrs. Cobb

EXHIBIT A, PAGE 164

could not have provided her own "set" for use during her surgery.  *Id*. at 827.  **Accordingly, the court held that the allegedly defective pedicular hardware and screws installed in Mrs. Cobb's back were inseparable from the services rendered by the hospital.**  Therefore, DFWMC established its entitlement to judgment as a matter of law on the Cobb's strict liability claim.  *Id*.  *See also Parker v. Simmons*, 248 S.W.3d 860, 866 (Tex. App.—Texarkana 2008)(patient was dissatisfied with dentures but the patient's claims were HCLCs because they were an inseparable part of the rendition of health care services and an expert report was required). When doctors [and other healthcare providers] prescribe medication [or other goods] as part of their medical services, as opposed to offering goods for sale to the general public, they are not selling the medication for commercial purposes but are engaged in the business of providing professional medical services.  *Hadley v. Wyeth Labs, Inc*. 287 S.W.3d 847, 850 (Tex. App.—Houston [14th Dist.] 2009, pet. denied)(holding that physician who had prescribed allegedly defective medications was not a seller of those medications for purposes of the indemnity provisions of § 82.002 of the Texas Civil Practice and Remedies Code because he was not in the business of distributing or placing those medications in the stream of commerce)(*citing Cobb*, 48, S.W.3d at 826-27; *Easterly*, 772 S.W.2d at 213; and *Nevauex*, 656 S.W.2d at 926).  *See also Marks v. St. Luke's Episcopal Hospital*, 319 S.W.3d 658 (Tex. 2010)(Patient fell in hospital room and claimed it was caused by the footboard on his hospital bed and sued for negligence.  The hospital bed was rendered an inseparable part of the healthcare services provided).

12.     The surgical items complained of by Plaintiff were obviously an inseparable part of the rendition of health care services and an expert report was required and not timely provided. Plaintiff failed to comply with the provisions of Section 74.351 within the requisite timeframe,

**EXHIBIT A, PAGE 165**

and dismissal of her claims against these Defendants is therefore mandatory.  Accordingly, this Court should grant this Motion and dismiss Plaintiff's claims against these Defendants.

### IV.     Conclusion

WHEREFORE, PREMISES CONSIDERED, Defendants, Tenet Healthcare Corporation and VHS San Antonio Partners, LLC d/b/a Baptist Health System, pray that this Court dismiss Plaintiff's claims against them with prejudice, and for such other and further relief to which Defendants may show themselves justly entitled to receive.

Respectfully submitted,
**COOKSEY, MARCIN & HUSTON, PLLC**
25511 Budde Road, Suite 2202
The Woodlands, Texas 77380
Telephone:  (281) 719-5881
Facsimile: (281) 719-5847

By:   _/s/  Casey P. Marcín_

Curry L. Cooksey
State Bar No. 04762400
curry@cmh.legal
Courtney A. Parecki
State Bar No. 24104796
courtney@cmh.legal
Casey P. Marcin
State Bar No. 24048973
casey@cmh.legal

**E-Service: eservice@cmh.legal**

**ATTORNEYS    FOR    DEFENDANTS TENET HEALTHCARE CORPORATION AND VHS SAN ANTONIO PARTNERS, LCC D/B/A BAPTIST HEALTH SYSTEM**

### CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing instrument has been served on all counsel of record pursuant to the Texas Rules of Civil Procedure on this the 22nd day of January 2021.

_/s/Casey P. Marcín_

Casey P. Marcin

CAUSE NO. 2020CI13089

| | | |
|---|---|---|
| CANDACE LARA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | |
| ZAVATION MEDICAL PRODUCTS, | § | |
| LLC, PRECISION SPINE, INC., | § | |
| ZIMMER BIOMET, ZIMMER US, INC., | § | |
| ZIMMER BIOMET BONE HEALING | § | |
| TECHNOLOGIES d/b/a EBI, LLC, | § | |
| BIOMET MICROFIXATION, LLC f/k/a | § | |
| ZIMMER BIOMET CMF AND | § | BEXAR COUNTY, TEXAS |
| THORACIC, LLC, ZIMMER BIOMET | § | |
| DISTRIBUTION, LLC, ZIMMER | § | |
| BIOMET FOUNDATION, INC., | § | |
| ZIMMER BIOMET HOLDINGS, INC., | § | |
| ZIMMER BIOMET SPINE, INC., | § | |
| MCKESSON CORPORATION, TENET | § | |
| HEALTHCARE CORPORATION, AND | § | |
| VHS SAN ANTONIO PARTNERS, LCC | § | |
| D/B/A BAPTIST HEALTH SYSTEM | § | 57TH JUDICIAL DISTRICT |

## **DEFENDANTS' CHAPTER 74 MOTION TO DISMISS WITH PREJUDICE**

COME NOW DEFENDANTS, Tenet Healthcare Corporation and VHS San Antonio Partners, LLC d/b/a Baptist Health System, and file this, their Chapter 74 Motion to Dismiss with Prejudice, and in support thereof would show unto this Court as follows:

### I.    Relief Requested

Defendants respectfully request that this Court dismiss Plaintiff's claims against them with prejudice because Plaintiff failed to comply with the mandatory provisions of Section 74.351(a) of the Texas Civil Practice and Remedies Code.  This statute requires a plaintiff who files a health care liability claim to serve an expert report within 120 days of the filing of defendant's answer or have their claims dismissed with prejudice.  Defendants filed their Answer on August 19, 2020, which gave Plaintiff until December 17, 2020 to serve an expert report supporting her claims

against these health care providers. To date, no report has been served in this case. Accordingly, the claims against these Defendants must be dismissed.

## II.   Procedural Background

1.   Plaintiff Candace Lara filed this lawsuit on July 20, 2020 alleging negligence against several defendants, including movants, with respect to spine surgery she underwent on September 13, 2016. According to her Petition, the medical products placed during the surgery were defective. Plaintiff (incorrectly) asserts that the movant Defendants were negligent in supplying, marketing and promoting[1] the allegedly defective products that were utilized during her surgery.

2.   Defendants filed their Answer (general denial) to the Petition on August 19, 2020, making December 17, 2020 the 120-day deadline for Plaintiff to serve an expert report in support of her claims against the movant Defendants. To date, no such report has been served.

## III.   Argument and Authorities

3.   Section 74.351 of the Texas Civil Practice and Remedies Code provides that, not later than the 120th day after the defendant's Original Answer is filed, a plaintiff shall, for each physician or health care provider against whom a claim is asserted, furnish to counsel for each such physician or health care provider, one or more expert reports with a curriculum vitae of each expert listed in the report. If a plaintiff fails to produce an expert report within the mandated timeframe, the Court shall enter an Order awarding the health care provider reasonable attorney's

---

[1] Contrary to Plaintiff's assertions, Defendants do not supply, market or promote medical products, including the products at issue in this case. Undersigned counsel sent a sworn Affidavit to this effect to Plaintiff's counsel and requested voluntary dismissal of the claims against these Defendants, but Plaintiff's counsel did not respond. *See* E-mail and Affidavit, attached as Exhibit A.

fees and costs of court incurred by the health care provider and dismissing the claim with prejudice against re-filing.  TEX. CIV. PRAC. & REM. CODE § 74.351(b).

4.     Section 74.351 applies to health care liability claims.  The Texas Civil Practice and Remedies Code defines a "health care liability claim" as "a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract." TEX. CIV. PRAC. & REM. CODE §74.001(a)(13). Section 74.001 defines a "health care provider" to include a "health care institution" and defines a "health care institution" to include "a hospital" and "a hospital system." TEX. CIV. PRAC. & REM. CODE §74.001(a)(12)(A)(vii) and §74.001 (a)(11)(F)-(G).

5.     The movant Defendants (Tenet Healthcare Corporation and VHS San Antonio Partners, LLC d/b/a Baptist Health System) are hospital systems.  Plaintiff has asserted a health care liability claim against these Defendants alleging that she was injured by their negligence with respect to her spine surgery. As such, Plaintiff's claims are health care liability claims which are governed by Chapter 74 of the Texas Civil Practice and Remedies Code, and she is therefore required to comply with the provisions contained therein.

6.     Plaintiff failed to comply with the provisions of Section 74.351 within the requisite timeframe, and dismissal of her claims against these Defendants is therefore mandatory. Accordingly, this Court should grant this Motion and dismiss Plaintiff's claims against these Defendants.

## IV.     Conclusion

WHEREFORE, PREMISES CONSIDERED, Defendants Tenet Healthcare Corporation and VHS San Antonio Partners, LLC d/b/a Baptist Health System pray that this Court dismiss Plaintiff's claims against them with prejudice, and for such other and further relief to which Defendants may show themselves justly entitled to receive.

> Respectfully submitted,
> **COOKSEY, MARCIN & HUSTON, PLLC**
> 25511 Budde Road, Suite 2202
> The Woodlands, Texas 77380
> Telephone:  (281) 719-5881
> Facsimile: (281) 719-5847
>
> By:  */s/*Courtney A. Parecki                                
>       Curry L. Cooksey
>       State Bar No. 04762400
>       curry@cmh.legal
>       Courtney A. Parecki
>       State Bar No. 24104796
>       courtney@cmh.legal
>       **E-Service: eservice@cmh.legal**
>
> **ATTORNEYS FOR DEFENDANTS TENET HEALTHCARE CORPORATION AND VHS SAN ANTONO PARTNERS, LCC D/B/A BAPTIST HEALTH SYSTEM**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing instrument has been served on all counsel of record pursuant to the Texas Rules of Civil Procedure on this the 22nd day of December 2020.

> */s/*Courtney A. Parecki

FILED
7/20/2020 10:11 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Maria Jackson

Case 5:21-cv-00183-JKP-RBF   Document 1-3   Filed 02/25/21   Page 172 of 196

13-cits-pps

CASE NO. _____ **2020CI13089**

| | | |
|---|---|---|
| **CANDACE LARA** | § | **IN THE DISTRICT COURT OF** |
| *Petitioner* | § | |
| | § | |
| **v.s.** | § | |
| | § | |
| | § | |
| **ZAVATION MEDICAL PRODUCTS,** | § | |
| **LLC, PRECISION SPINE, INC.,** | § | |
| **ZIMMER BIOMET, ZIMMER US,** | § | |
| **INC., ZIMMER BIOMET BONE** | § | **BEXAR COUNTY, TEXAS** |
| **HEALING TECHNOLOGIES d/b/a EBI,** | § | |
| **LLC, BIOMET MICROFIXATION,** | § | |
| **LLC f/k/a ZIMMER BIOMET CMF** | § | |
| **AND THORACIC, LLC, ZIMMER** | § | |
| **BIOMET DISTRIBUTION LLC,** | § | |
| **ZIMMER BIOMET FOUNDATION,** | § | |
| **INC., ZIMMER BIOMET HOLDINGS,** | § | |
| **INC., ZIMMER BIOMET SPINE, INC.,** | § | |
| **MCKESSON CORPORATION, TENET** | § | |
| **HEALTHCARE CORPORATION, AND** | § | |
| **VHS SAN ANTONIO PARTNERS, LLC,** | § | |
| **D/B/A BAPTIST HEALTH SYSTEM** | § | **57th** |
| *Defendants* | § | **____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE COURT:

COMES NOW, Plaintiff Candace Lara ("Plaintiff") complaining of Zavation Medical Products, LLC, Precision Spine, Inc., Zimmer Biomet, Zimmer US, Inc., Zimmer Biomet Bone Healing Technologies d/b/a EBI, LLC, Biomet Microfixation, LLC f/k/a Zimmer Biomet CMF and Thoracic, LLC, Zimmer Biomet Distribution LLC, Zimmer Biomet Foundation, Inc., Zimmer Biomet Holdings, Inc. Zimmer Biomet Spine, Inc., McKesson Corporation, Tenet Healthcare Corporation, and VHS San Antonio Partners, LLC, D/B/A Baptist Health System (collectively "Defendants") and demanding judgment for monetary damages from Defendants for personal

**EXHIBIT A, PAGE 171**

Unofficial Copy

injuries arising from a defective product introduced into the body of Plaintiff by way of a surgery. Defendants are liable to Plaintiff on the grounds that the product designed, distributed, marketed and/or promoted by Defendants was defective, and such defect was the producing and proximate cause of injury to the Plaintiff. In support thereof, Plaintiff would show the following:

## I.
## DISCOVERY CONTROL PLAN

1.      Plaintiff intends to conduct discovery of this matter under Discovery Control Plan Level 3 pursuant to Rule 190.1 and 190.4 of the Texas Rules of Civil Procedure.

## II.
## STATEMENT OF RELIEF SOUGHT

2.      Plaintiff seeks money relief over $1,000,000 and demands judgment for all the other relief to which Plaintiff is deemed to be entitled.   The damages sought are within the jurisdictional limits of this Court.

## III.
## PARTIES

3.      Candace Lara is a natural person and resident of Gillespie County, Texas.

4.      Defendant, ZAVATION MEDICAL PRODUCTS, LLC is a Limited Liability Company duly formed under the laws of the state of Mississippi and doing business in Mississippi and Texas.  Defendant ZAVATION MEDICAL PRODUCTS, LLC may be served with process by serving its registered agent, C.T. Corporation System, at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.  SERVICE IS REQUESTED AT THIS TIME.

5.      Defendant PRECISION SPINE, INC. is a Foreign For-Profit Corporation duly formed under the laws of the state of Delaware and doing business in New Jersey and Texas. Defendant PRECISION SPINE, INC. may be served with process by serving its registered agent,

EXHIBIT A, PAGE 172

Unofficial Copy

Cogency Global Inc. at 248 E. Capitol Street, Suite 840, Jackson, Mississippi 39201.  SERVICE IS REQUESTED AT THIS TIME.

6.       Defendant ZIMMER BIOMET is a Foreign For-Profit Corporation duly formed under the laws of the state of Delaware and doing business in Indiana and Texas.  Defendant ZIMMER BIOMET may be served with process by serving its registered agent, Corporation Service Company, at 135 North Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204. SERVICE IS REQUESTED AT THIS TIME.

7.       Defendant ZIMMER US, INC. is a Foreign For-Profit Corporation duly formed under the laws of the state of Delaware and doing business in Indiana and Texas.  Defendant ZIMMER US, INC. may be served with process by serving its registered agent, Corporation Service Company, at 135 North Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204. SERVICE IS REQUESTED AT THIS TIME.

8.       Defendant ZIMMER BIOMET BONE HEALING TECHNOLOGIES d/b/a EBI, LLC is a Domestic Limited Liability Company duly formed under the laws of the state of Indiana and doing business in Indiana and Texas.  Defendant ZIMMER BIOMET BONE HEALING TECHNOLOGIES d/b/a EBI, LLC may be served with process by serving its registered agent, Corporation Service Company, at 135 North Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204.  SERVICE IS REQUESTED AT THIS TIME.

9.       Defendant BIOMET MICROFIXATION, LLC f/k/a ZIMMER BIOMET CMF AND THORACIC, LLC is a Foreign Limited Liability Company duly formed under the laws of the state of Florida and doing business in Indiana and Texas.   Defendant BIOMET MICROFIXATION, LLC f/k/a ZIMMER BIOMET CMF AND THORACIC, LLC may be served with process by serving its registered agent, Corporation Service Company, at 135 North

**EXHIBIT A, PAGE 173**

Unofficial Copy

Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204.  SERVICE IS REQUESTED AT THIS TIME.

10.     Defendant ZIMMER BIOMET DISTRIBUTION LLC is a Foreign Limited Liability Company duly formed under the laws of the state of Delaware and doing business in Indiana and Texas.  Defendant ZIMMER BIOMET DISTRIBUTION LLC may be served with process by serving its registered agent, Corporation Service Company, at 135 North Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204.  SERVICE IS REQUESTED AT THIS TIME.

11.     Defendant ZIMMER BIOMET FOUNDATION, INC. is a Domestic Nonprofit Corporation duly formed under the laws of the state of Indiana and doing business in Indiana and Texas.  Defendant ZIMMER BIOMET FOUNDATION, INC. may be served with process by serving its registered agent, Corporation Service Company, at 135 North Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204.  SERVICE IS REQUESTED AT THIS TIME.

12.     Defendant ZIMMER BIOMET HOLDINGS, INC. is a Foreign For-Profit Corporation duly formed under the laws of the state of Delaware and doing business in Indiana and Texas.  Defendant ZIMMER BIOMET HOLDINGS, INC. may be served with process by serving its registered agent, Corporation Service Company, at 135 North Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204.  SERVICE IS REQUESTED AT THIS TIME.

13.     Defendant ZIMMER BIOMET SPINE, INC. is a Foreign For-Profit Corporation duly formed under the laws of the state of Delaware and doing business in Indiana and Texas. Defendant ZIMMER BIOMET SPINE, INC. may be served with process by serving its registered agent, Corporation Service Company, at 135 North Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204.  SERVICE IS REQUESTED AT THIS TIME.

14.     Defendant MCKESSON CORPORATION is a Foreign For-Profit Corporation

EXHIBIT A, PAGE 174

Unofficial Copy

duly formed under the laws of the State of Delaware, and doing business in Texas. Defendant MCKESSON CORPORATION has an office in Dallas, Texas, and is doing business in Texas. Defendant MCKESSON CORPORATION may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.  SERVICE IS REQUESTED AT THIS TIME.

15.     Defendant TENET HEALTHCARE CORPORATION is a corporation with headquarters located at 1445 Ross Ave., Suite 1400, Dallas, Texas 75202, and is doing business in Texas.  Defendant TENET HEALTHCARE CORPORATION may be served with process by serving its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.  SERVICE IS REQUESTED AT THIS TIME.

16.     Defendant VHS SAN ANTONIO PARTNERS, LLC D/B/A BAPTIST HEALTH SYSTEM is a domestic limited liability company with its principal place of business located at 215 E. Quincy Blvd., Suite 200, San Antonio, Texas 78215, and is doing business in Texas. Defendant VHS SAN ANTONIO PARTNERS, LLC D/B/A BAPTIST HEALTH SYSTEM may be served with process by serving its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.  SERVICE IS REQUESTED AT THIS TIME.

## IV.
## VENUE AND JURISDICTION

17.     The amount in controversy and the damages sought in this civil action are within the jurisdictional limits of this Court, and compliance with Texas Rule of Civil Procedure 47. Plaintiff seeks and demands judgment for monetary relief over $1,000,000.

18.     Venue is proper in Bexar County, Texas pursuant to TEX. CIV. PRAC. & REM.

EXHIBIT A, PAGE 175

Unofficial Copy

CODE § 15.002 (a)(1) (Vernon 1995) because all or a substantial part of the events and/or omissions giving rise to Plaintiff's claims occurred in Bexar County, Texas.  Specifically, the surgery by which the product(s) were implanted into Plaintiff was performed at Baptist Medical Center, San Antonio, Bexar County, Texas.

**V.**
**STATEMENT OF FACTS**

19.     On or about September 13, 2016, Plaintiff underwent surgery on her L5-S1 spine. The surgeon, Dr. Anthony Owusu, Jr. M.D., inserted a product described as screws, a cage and other hardware, in order to stabilize Plaintiff's spine and allow healing of her injured back.  After the surgery, Plaintiff began to experience serious and debilitating pain.  She took steps to relieve the pain and identify the problem, to no avail.  Doctors were unable to determine the cause of her continued pain and disability.  Plaintiff underwent pain management and testing.  Finally, on or about July 18, 2018, petitioner underwent a myelogram and CT scan which revealed that a surgical screw had broken, and the screw was directly in contact with bone in her spine, causing the pain experienced by Petitioner.

**VI.**
**THE PRODUCT(S)**

20.     The defectively designed, manufactured, marketed and promoted products include the following:

A.     10-2003 L2 Surgical Screws (four);

B.     13R-6540-6545 L2 Surgical Screws (four);

C.     11-C040 L2 Surgical Rods (two);

D.     10-1001 L2 Surgical Screw (one);

E.     10-C3215-13 L2 Surgical Cage (one);

**EXHIBIT A, PAGE 176**

Unofficial Copy

F.      10-P3215-138 L2 Surgical Plate (one);

G.      10-4025 L2 Surgical Screws (four); and,

H.      1002-13 L2 Surgical Cap (one).

Said products are herein sometimes referred to as "screws, cage and other hardware" or "product" or "products."

## VII.
## DEFENDANTS MANUFACTURED PRODUCTS

21.     Defendants, Zavation Medical Products, LLC, Precision Spine, Inc., Zimmer Biomet, Zimmer US, Inc., Zimmer Biomet Bone Healing Technologies d/b/a EBI, LLC, Biomet Microfixation, LLC f/k/a Zimmer Biomet CMF and Thoracic, LLC, Zimmer Biomet Distribution LLC, Zimmer Biomet Foundation, Inc., Zimmer Biomet Holdings, Inc., and Zimmer Biomet Spine, Inc. were, at the time of this occurrence, and are now engaged in the business of designing, manufacturing, packaging, marketing, promoting, supplying and distributing certain products, including the surgical screws and cage inserted into and around Plaintiff's spinal column at L5-S1, for sale to and for use by members of the general public. Defendants placed the screws, cage, and other hardware into the stream of commerce by delivering the product to hospitals and medical professionals, sometimes by intermediaries and suppliers, including Defendants McKesson Corporation, Tenet Healthcare Corporation and VHS San Antonio Partners, LLC.

## VIII.
## DEFENDANTS DISTRIBUTED PRODUCTS

22.     Defendants McKesson Corporation, Tenet Healthcare Corporation and VHS San Antonio Partners, LLC marketed, distributed, promoted and supplied the products to Plaintiff through her health care provider. Said Defendants placed or continued to place the products in the stream of commerce.

**EXHIBIT A, PAGE 177**

Unofficial Copy

**EXHIBIT A, PAGE 178**

Unofficial Copy

## IX.
## PLAINTIFF RECEIVED THE PRODUCT

23.     On or about September 13, 2016, plaintiff underwent surgery which included the implantation of the screws, cage and other hardware manufactured by one or more of the Defendants and supplied by McKesson Corporation, Tenet Healthcare Corporation and VHS San Antonio Partners, LLC d/b/a Baptist Medical Center.  Plaintiff paid for the product through health insurance.  The screws, cage and other hardware designed manufactured, packaged, marketed, distributed, promoted and supplied by Defendants was in the same condition at the time plaintiff was injured as it was when it was originally manufactured and at the time it was distributed or sold by McKesson Corporation, Tenet Healthcare Corporation and VHS San Antonio Partners, LLC.

## X.
## PLAINTIFF'S USE OF THE PRODUCT

24.     Plaintiff was injured by using or consuming the screw, cage and other hardware in the manner intended and foreseen by the Defendants.  The product in question was sold and marketed as screws, cage and hardware to be inserted into and around a human spinal column and/or individual vertebrae of a patient in the manner intended and foreseen by the defendants.

## XI.

## PLAINTIFF WAS INJURED BY PRODUCT

25.     Unbeknownst to Plaintiff for an extended period of time, the screw, cage or other hardware failed or broke following the September 13, 2016 surgery.  Plaintiff, through active medical care and with the assistance of physicians, attempted to identify the source of her continued pain and disability, to no avail, until July 18, 2018.  At that time, Plaintiff underwent a myelogram which revealed that a surgical screw failed, and one part of the screw was in direct contact with bones or nerves in Plaintiff's back, subjecting her to extreme physical pain and mental

EXHIBIT A, PAGE 179

Unofficial Copy

anguish.  Plaintiff was injured by using the product in the manner described above.

## XII.
## INJURY WAS CAUSED BY DEFECT IN PRODUCT

26.    The product in question,  the screws, cages or other hardware, were defective and unsafe for their intended purposes at the time it left the control of each Defendant in that it failed to conform to the product design and specifications of other  similar products in that it lacked sufficient strength, flexibility or other characteristics required for the product to perform as intended.

27.    Pleading additionally and in the alternative, the product was defectively designed so as to render it unreasonably dangerous to plaintiff. In particular, the design was such that the screw, cage or other hardware were incompatible together and improperly designed for the intended use. A safer alternative design would have utilized better quality materials, manufacturing processes, and/or a design that would eliminate the potential for the product to break or otherwise fail while in Plaintiff's body.  On information and belief, such safer alternative design existed at the time the product was manufactured. A safer alternative design would have prevented or significantly reduced the risk of the plaintiff's injuries, without substantially impairing the product's utility. Furthermore, the safer alternative design was economically and technologically feasible at the time the product left the control of the defendants by the application of existing or reasonably achievable scientific knowledge.

28.    Pleading in the alternative, the products were defectively supplied, marketed and promoted by Defendants McKesson Corporation, Tenet Healthcare Corporation and VHS San Antonio Partners, LLC in that they did not include or transmit applicable warnings, or failed to

EXHIBIT A, PAGE 180

Unofficial Copy

provide adequate warnings.  Further, said Defendants placed into the stream of commerce, or passed on through the stream of commerce, the defective products.

29.     These defects were a producing cause of the plaintiff's injuries and damages.

## XIII.
## DEFENDANTS WERE NEGLIGENT

30.     Defendants, Zavation Medical Products, LLC, Precision Spine, Inc., Zimmer Biomet, Zimmer US, Inc., Zimmer Biomet Bone Healing Technologies d/b/a EBI, LLC, Biomet Microfixation, LLC f/k/a Zimmer Biomet CMF and Thoracic, LLC, Zimmer Biomet Distribution LLC, Zimmer Biomet Foundation, Inc., Zimmer Biomet Holdings, Inc., and Zimmer Biomet Spine, Inc. were negligent in manufacturing or designing or marketing or promoting the product in the following respects:  The surgical screw, cage and surrounding hardware should not have failed, and the screws manufactured or designed or marketed by Defendants should not have broken soon after implantation into and around Plaintiff's spine.

31.     Defendants, Zavation Medical Products, LLC, Precision Spine, Inc., Zimmer Biomet, Zimmer US, Inc., Zimmer Biomet Bone Healing Technologies d/b/a EBI, LLC, Biomet Microfixation, LLC f/k/a Zimmer Biomet CMF and Thoracic, LLC, Zimmer Biomet Distribution LLC, Zimmer Biomet Foundation, Inc., Zimmer Biomet Holdings, Inc. and Zimmer Biomet Spine, Inc. were negligent in failing to design the product so that would not fail or break during the period of its intended use, causing serious and debilitating pain, and a safer alternative design should have been incorporated by a reasonable and prudent manufacturer under the same or similar circumstances.

32.     Defendants McKesson Corporation, Tenet Healthcare Corporation and VHS San Antonio Partners, LLC were negligent in distributing the products.

EXHIBIT A, PAGE 181

Unofficial Copy

33.     The product was placed on the market without sufficient warning the consumers of the device that the screws might break shortly after introduction into the spine, causing severe and debilitating pain.  In fact, it was the reasonable expectation of Plaintiff that the products would last the remainder of her lifetime.

34.     These acts and omissions, taken by themselves or in combination, were a proximate cause of the plaintiff's injuries and damages.

## XIV.
## RES IPSA LOQUITOR APPLIES

35.     Plaintiff cannot more specifically allege the acts of negligent manufacture or design on the part of Defendants, because facts in that regard are peculiarly within the knowledge of the Defendants. In the alternative, in the event Plaintiff is unable to prove specific acts of design or manufacture, including negligence and strict product liability, plaintiff relies on the doctrine of res ipsa loquitur. In this connection, plaintiff will show that the character of the occurrence giving rise to this litigation is such that it would not have happened in the absence of negligence, and that the design and manufacture of the  screws, cage and other hardware was within the exclusive control of Defendants, Zavation Medical Products, LLC, Precision Spine, Inc., Zimmer Biomet, Zimmer US, Inc., Zimmer Biomet Bone Healing Technologies d/b/a EBI, LLC, Biomet Microfixation, LLC f/k/a Zimmer Biomet CMF and Thoracic, LLC, Zimmer Biomet Distribution LLC, Zimmer Biomet Foundation, Inc., Zimmer Biomet Holdings, Inc. and Zimmer Biomet Spine, Inc. at the time the negligence probably occurred. Plaintiff had no means of ascertaining the method or manner in which the product was designed and manufactured, and it came into Plaintiff's possession in the same condition it was in when it left the control of Defendants, Zavation Medical Products, LLC, Precision Spine, Inc., Zimmer Biomet, Zimmer US, Inc., Zimmer Biomet Bone

**EXHIBIT A, PAGE 182**

Unofficial Copy

Healing Technologies d/b/a EBI, LLC, Biomet Microfixation, LLC f/k/a Zimmer Biomet CMF and Thoracic, LLC, Zimmer Biomet Distribution LLC, Zimmer Biomet Foundation, Inc., Zimmer Biomet Holdings, Inc., and Zimmer Biomet Spine, Inc. Thus, Defendants, Zavation Medical Products, LLC, Precision Spine, Inc., Zimmer Biomet, Zimmer US, Inc., Zimmer Biomet Bone Healing Technologies d/b/a EBI, LLC, Biomet Microfixation, LLC f/k/a Zimmer Biomet CMF and Thoracic, LLC, Zimmer Biomet Distribution LLC, Zimmer Biomet Foundation, Inc., Zimmer Biomet Holdings, Inc., and Zimmer Biomet Spine, Inc. were negligent in the design and/or the manufacture of the screw, cage and other hardware, which negligence was a proximate cause of the injuries and damages sustained by plaintiff.

## XV.
## PLAINTIFF'S INJURIES FROM PRODUCT DEFECT

36.     Plaintiff sustained serious personal injuries when the surgical screw broke or otherwise failed.  Plaintiff was in excruciating pain for almost two years before doctors could identify the source of the problem, the broken screw.  Plaintiff was eventually required to undergo a surgery to remove the broken screw and repair the damage done.  Plaintiff has incurred reasonable and necessary doctors and medical expenses as a result of the treatment required. Plaintiff has also suffered severe physical and mental pain, suffering, and anguish.

37.     At the time of the product failed, plaintiff was employed as a keyholder/ Lead Sales at Dollar General, and was earning $ 10.50 per hour. Due to this injury, plaintiff was unable to work for Dollar General, and has sustained lost wages in the past.

## XVI.
## DAMAGES AND PRAYER FOR RELIEF

38.     The above paragraphs are incorporated herein by reference as if fully set forth herein verbatim.

**EXHIBIT A, PAGE 183**

Unofficial Copy

39.     As a producing and proximate result of Defendant's conduct, by act or omission, Plaintiff Candace Lara was injured and otherwise sustained damages. Plaintiff prays that Defendants, Zavation Medical Products, LLC, Precision Spine, Inc., Zimmer Biomet, Zimmer US, Inc., Zimmer Biomet Bone Healing Technologies d/b/a EBI, LLC, Biomet Microfixation, LLC f/k/a Zimmer Biomet CMF and Thoracic, LLC, Zimmer Biomet Distribution LLC, Zimmer Biomet Foundation, Inc., Zimmer Biomet Holdings, Inc., Zimmer Biomet Spine, Inc., McKesson Corporation, Tenet Healthcare Corporation and VHS San Antonio Partners, LLC be cited to appear and answer herein and that after a lawful trial that the court (via judgment) award both special and general money damages to Plaintiff Candace Lara and against Defendants, including:

A.     Reasonable and necessary costs of medical care and treatment incurred in the past as a result of the injuries sued for herein and in all reasonable probability will be incurred in the future;

B.     Past and future physical pain and mental anguish;

C.     Past and future physical impairment and/or disfigurement;

D.     Past lost earnings and future loss of earning capacity;

E.     Costs of court; and

F.     Pre and post judgment interest as allowed by law.

## XVII.
## REQUEST FOR DISCLOSURE AND NOTICE OF INTENT

COMES NOW Candace Lara, Plaintiff in the above-entitled and numbered cause, and pursuant to Rule 194, advises that each Defendant is requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a), (b), (c), (d), (e), (f), (g), (h), (i), (k) and (l). Such disclosure must comply with Tex. R. Civ. P. 194 and be presented in writing at the office of BairHilty, P.C.

**EXHIBIT A, PAGE 184**

Unofficial Copy

Notice is hereby given of intent to utilize items produced in discovery in the trial of this matter and the authenticity of such items is self-proven pursuant per Tex. R. Civ. P. 193.7.

## XVIII.
## JURY DEMAND

COMES NOW Candace Lara, Plaintiff, and hereby prays that the above and foregoing action be tried by a jury on all issues, claims, and demands presented herein, and that this case be placed upon this Court's jury docket. The required fee is being tendered with this jury demand.


Respectfully submitted,

**BairHilty, P.C.**


**RONALD L. BAIR**
State Bar No. 01554900
Email: rbair@bairhilty.com
14711 Pebble Bend Drive
Houston, Texas 77068
Telephone: (713)862-5599
Facsimile: (713)868-9444

**ATTORNEYS FOR PLAINTIFF
CANDACE LARA**

**EXHIBIT A, PAGE 185**

Unofficial Copy

FILED
1/25/2021 6:19 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Elvira Enriquez

Case 5:21-cv-00183-JKP-RBF   Document 1-3   Filed 02/25/21   Page 187 of 196

**CASE NO. 2020CI13089**

| | | |
|---|---|---|
| **CANDACE LARA** | § | **IN THE DISTRICT COURT OF** |
| *Petitioner* | § | |
| | § | |
| **v.s.** | § | |
| | § | |
| | § | |
| **ZAVATION MEDICAL PRODUCTS,** | § | |
| **LLC, PRECISION SPINE, INC.,** | § | |
| **ZIMMER BIOMET, ZIMMER US,** | § | |
| **INC., ZIMMER BIOMET BONE** | § | **BEXAR COUNTY, TEXAS** |
| **HEALING TECHNOLOGIES d/b/a EBI,** | § | |
| **LLC, BIOMET MICROFIXATION,** | § | |
| **LLC f/k/a ZIMMER BIOMET CMF** | § | |
| **AND THORACIC, LLC, ZIMMER** | § | |
| **BIOMET DISTRIBUTION LLC,** | § | |
| **ZIMMER BIOMET FOUNDATION,** | § | |
| **INC., ZIMMER BIOMET HOLDINGS,** | § | |
| **INC., ZIMMER BIOMET SPINE, INC.,** | § | |
| **MCKESSON CORPORATION, TENET** | § | |
| **HEALTHCARE CORPORATION, AND** | § | |
| **VHS SAN ANTONIO PARTNERS, LLC,** | § | |
| **D/B/A BAPTIST HEALTH SYSTEM** | § | |
| *Defendants* | § | **57th JUDICIAL DISTRICT** |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**CHAPTER 74 MOTION TO DISMISS WITH PREJUDICE**

COMES NOW, Plaintiff Candace Lara ("Plaintiff" or "Lara") and files this her Response to

Defendants Tenet Healthcare Corporation and VHS San Antonio Partners, LLC d/b/a Baptist Health

System's ("Defendants" or "Tenet/VHS") Chapter 74 Motion to Dismiss with Prejudice and would

respectfully show unto the Court as follows:

**I.**

**RELIEF REQUESTED**

Plaintiff requests that this Court deny Defendants Chapter 74 Motion to Dismiss with Prejudice,

and grant Plaintiff such other and further relief to which she may show herself justly entitled.

**EXHIBIT A, PAGE 186**

## II.

## FACTUAL BACKGROUND

On or about September 13, 2016, Plaintiff underwent surgery on her L5-S1 spine.  The surgeon, Dr. Anthony Owusu, Jr. M.D., inserted a product described as screws, a cage and other hardware, in order to stabilize Plaintiff's spine and allow healing of her injured back.  After the surgery, Plaintiff began to experience serious and debilitating pain.  She took steps to relieve the pain and identify the problem, to no avail.  Doctors were unable to determine the cause of her continued pain and disability.  Plaintiff underwent pain management and testing.  Finally, on or about July 18, 2018, petitioner underwent a myelogram and CT scan which revealed that a surgical screw had broken, and the screw was directly in contact with bone in her spine, causing the pain experienced by Petitioner.   The broken screw in question was manufactured by Defendant Precision Spine, Inc.  Plaintiff contends that the screw and other hardware were supplied, marketed, distributed and promoted by Tenet/VHS. In summary, this case is about the integrity of a product, a broken screw, and not a medical act of negligence.

## III.

## PROCEDURAL BACKGROUND

Plaintiff filed suit against multiple parties, including Defendants herein, on July 17, 2020, and Plaintiff's Original Petition was accepted for filing on Monday, July 20, 2020.  Defendants answered on August 19, 2020 and included Special Exceptions to Plaintiff's Original Petition.  Due to Plaintiff's agreement to enter into tolling agreements with other Defendants, the only Defendant's actively engaged in this litigation at this time are Tenet/VHS and Precision Spine, Inc.  On December 22, 2020, Tenet/VHS filed a Chapter 74 Motion to Dismiss with Prejudice, setting a hearing for January 7, 2021.  Tenet/VHS subsequently, and unilaterally, rescheduled the hearing for January 27, 2021. Defendants Tenet/VHS is seeking to dismiss Plaintiff's case on claims Plaintiff has not even plead herself. Procedurally, Defendants

cannot decide and plead Plaintiff's causes of action. Regardless, the Plaintiff's claims are in the purview of Product Liability law and not Medical Malpractice so the Defendants' motion is moot and should be denied.

**IV.**

**ARGUMENT AND AUTHORITIES**

Tenet/VHS contends that Plaintiff has alleged a health care liability claim pursuant to Texas Civil Practices and Remedies Code Chapter 74.   Plaintiff denies that Chapter 74 applies and would show that Defendants have failed to plead or prove that Chapter 74 applies.   Because Chapter 74 does not apply, Plaintiff was not required to provide expert reports in accordance with Tex. Civ. Prac. & Rem. Code Sec. 74.351.  Because Plaintiff was not required to file such reports, Defendants' Motion to Dismiss must be denied.

**A. Tenet/VHS has failed to plead the applicability of Texas Civil Practices and Remedies Code Chapter 74.**

Defendants' Tenet/VHS's Original Answer fails to properly allege the applicability of Chapter 74. As such, Defendant's Motion to Dismiss is outside the pleadings, and Defendants cannot prevail.  In fact, Tenet/VHS went so far as to specially except that Plaintiff did not plead a claim under Chapter 74.  *See Defendants' Original Answer, Paragraph II.*  Thus, the current state of Tenet/VHS pleadings includes a request for Plaintiff to plead the very cause of action they now claim was allege, and which they now seek to dismiss.

**B. Tenet/VHS has failed to prove the applicability of Texas Civil Practices and Remedies Code Chapter 74.**

Defendants Tenet/VHS claim that Plaintiffs' claims against them are "[O]bviously" health care liability claims.  See Defendants Brief in Support of Chapter 74 Motion to Dismiss with Prejudice, page

EXHIBIT A, PAGE 188

4.  But Defendants stop short of offering any proof and offer only assumptions and allegations.  More is required to dismiss a cause of action, and Defendants know it.

Defendants unsuccessfully seek to cast Plaintiffs claims against them as health care liability claims.  A health care liability claims pursuant to Chapter 74 is defined as follows:

> "…[A] cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which **proximately results** in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract. Plaintiff does not allege a health care liability claim as to Tenet/VHS, and thus, Texas Civil Practices and Remedies Code Chapter 74 does not apply.

*See Tex. Civ. Prac. & Rem. Code Sec. 74.001(a)(13) (emphasis added).*  Accordingly, to be defined as a health care liability claim Plaintiff's cause of action must be premised upon a causation standard of proximate cause.  A Defendant that seeks to avail itself of the protections of Chapter 74 must plead and prove this fact.  Defendants have not and cannot.

Plaintiff brings a cause of action for strict product liability as to Defendants Tenet/VHS.  Plaintiff does not contend that any act or omission of said Defendants was a proximate cause of Plaintiff's injuries, but merely a producing cause.

Chapter 74 has been found to be inapplicable to personal injury claims against medical device manufacturers.  *Verticor, Ltd. v. Wood*, 509 S.W.3d 488, CCH Prod. Liab. Rep. ¶19721, 2015 Tex. App. LEXIS 11722 (Tex. App. Austin Nov. 13, 2015, no pet.).  In fact, at least one Texas appellate court has upheld a decision that a claim against a medical device distributor was not afforded the protections of Chapter 74.  *See Orthopedic Res., Inc. v. Swindell*, 329 S.W.3d 70, 2010 Tex. App. LEXIS 8897 (Tex. App. Dallas Nov. 8, 2010, no pet.)( Trial court properly denied a medical device distributor's motion to dismiss a product liability and negligence action for failure to file an expert report because the court could have reasonably concluded that the distributor was not a health care provider under Tex. Civ. Prac. &

**EXHIBIT A, PAGE 189**

Rem. Code Ann. § 74.001(a)(12)(B)(ii) as it was not acting in the course and scope of its contract with a clinic when it gave instructions to a patient's husband on the use of durable medical equipment).

Wherefore, premises considered, Candace Lara, Plaintiff, requests this Court deny Defendants Chapter 74 Motion to Dismiss, and grant Plaintiff such other and further relief to which she may be justly entitled.

Respectfully submitted,

**BairHilty, P.C.**

**RONALD L. BAIR**
State Bar No. 01554900
Email: rbair@bairhilty.com
14711 Pebble Bend Drive
Houston, Texas 77068
Telephone: (713)862-5599
Facsimile: (713)868-9444

**ATTORNEYS FOR PLAINTIFF**
**CANDACE LARA**

Page 5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing instrument was served on all known counsel of record, listed below, in the manner required by the Texas Rules of Civil Procedure, on this the 25th day of January 2021.

Curry L. Cooksey                                      *Via e-Service: eservice@cmh.legal*
Courtney A. Parecki
Casey P. Marcin
COOKSEY, MARCIN & HUSTON, PLLC
25511 Budde Road, Suite 2202
The Woodlands, Texas 77380


Randall L. Christian                    *Via e-Service: randy.christian@bowmanandbrooke.com*
Jonathan L. Smith                       *Via e-Service: jonathan.smith@bowmanandbrooke.com*
BOWMAN AND BROOKE, LLP
2901 Via Fortuna Drive, Suite 500
Austin, Texas 78746



_____
**RONALD L. BAIR**

FILED
1/26/2021 2:39 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Jessica Zapata

Case 5:21-cv-00183-JKP-RBF   Document 1-3   Filed 02/25/21   Page 193 of 196

**CAUSE NO. 2020CI13089**

| | | |
|---|---|---|
| **CANDACE LARA** | § | **IN THE DISTRICT COURT OF** |
| *Petitioner* | § | |
| | § | |
| **v.s.** | § | |
| | § | |
| **ZAVATION MEDICAL PRODUCTS,** | § | |
| **LLC, PRECISION SPINE, INC.,** | § | |
| **ZIMMER BIOMET, ZIMMER US,** | § | |
| **INC., ZIMMER BIOMET BONE** | § | **BEXAR COUNTY, TEXAS** |
| **HEALING TECHNOLOGIES d/b/a EBI,** | § | |
| **LLC, BIOMET MICROFIXATION,** | § | |
| **LLC f/k/a ZIMMER BIOMET CMF** | § | |
| **AND THORACIC, LLC, ZIMMER** | § | |
| **BIOMET DISTRIBUTION LLC,** | § | |
| **ZIMMER BIOMET FOUNDATION,** | § | |
| **INC., ZIMMER BIOMET HOLDINGS,** | § | |
| **INC., ZIMMER BIOMET SPINE, INC.,** | § | |
| **MCKESSON CORPORATION, TENET** | § | |
| **HEALTHCARE CORPORATION, AND** | § | |
| **VHS SAN ANTONIO PARTNERS, LLC,** | § | |
| **D/B/A BAPTIST HEALTH SYSTEM** | § | |
| *Defendants* | § | **57TH JUDICIAL DISTRICT** |

## PLAINTIFF'S NOTICE OF NONSUIT WITHOUT PREJUDICE

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW, CANDACE LARA, Plaintiff in the above-styled and numbered cause, and files this Notice of Nonsuit without Prejudice as to Defendants, TENET HEALTHCARE CORPORATION, and VHS SAN ANTONIO PARTNERS, LLC D/B/A BAPTIST HEALTH SYSTEM, and hereby presently dismisses all of her claims against said Defendants, without prejudice.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, CANDACE LARA, respectfully request the court to enter an order of dismissal without prejudice as to Defendants, TENET HEALTHCARE CORPORATION, and VHS SAN ANTONIO PARTNERS, LLC D/B/A BAPTIST HEALTH SYSTEM, and grant any and all other relief to which Plaintiff may show herself justly entitled.

**EXHIBIT A, PAGE 192**

Respectfully submitted,

**BAIR HILTY, P.C.**

By: _____

  RONALD L. BAIR
  SBN: 01554900
  rbair@bairhilty.com
  KENNETH A. SCOTT
  SBN: 00791629
  kscott@bairhilty.com
  14711 Pebble Bend Drive
  Houston, Texas 77068
  Tel:  (713) 862-5599
  Fax: (713) 868-9444
  **ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

   I do hereby certify that a true and correct copy of the foregoing has been forwarded to all known counsel of record pursuant to the Texas Rules of Civil Procedure on this the 26th day of January 2021.

Curry L. Cooksey           *Via e-Service: eservice@cmh.legal*
Courtney A. Parecki
Casey P. Marcin
COOKSEY, MARCIN & HUSTON, PLLC
25511 Budde Road, Suite 2202
The Woodlands, Texas 77380

Randall L. Christian     *Via e-Service: randy.christian@bowmanandbrooke.com*
Jonathan L. Smith      *Via e-Service: jonathan.smith@bowmanandbrooke.com*
BOWMAN AND BROOKE, LLP
2901 Via Fortuna Drive, Suite 500
Austin, Texas 78746

_____
 RONALD L. BAIR / KENNETH A. SCOTT

2

FILED
1/26/2021 2:39 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Jessica Zapata

Case 5:21-cv-00183-JKP-RBF   Document 1-3   Filed 02/25/21   Page 195 of 196

## CAUSE NO. 2020CI13089

| | | |
|---|---|---|
| **CANDACE LARA** | § | **IN THE DISTRICT COURT OF** |
| *Petitioner* | § | |
| **vs.** | § | |
| | § | |
| **ZAVATION MEDICAL PRODUCTS,** | § | |
| **LLC, PRECISION SPINE, INC.,** | § | |
| **ZIMMER BIOMET, ZIMMER US,** | § | |
| **INC., ZIMMER BIOMET BONE** | § | |
| **HEALING TECHNOLOGIES d/b/a EBI,** | § | **BEXAR COUNTY, TEXAS** |
| **LLC, BIOMET MICROFIXATION,** | § | |
| **LLC f/k/a ZIMMER BIOMET CMF** | § | |
| **AND THORACIC, LLC, ZIMMER** | § | |
| **BIOMET DISTRIBUTION LLC,** | § | |
| **ZIMMER BIOMET FOUNDATION,** | § | |
| **INC., ZIMMER BIOMET HOLDINGS,** | § | |
| **INC., ZIMMER BIOMET SPINE, INC.,** | § | |
| **MCKESSON CORPORATION, TENET** | § | |
| **HEALTHCARE CORPORATION, AND** | § | |
| **VHS SAN ANTONIO PARTNERS, LLC,** | § | |
| **D/B/A BAPTIST HEALTH SYSTEM** | § | |
| *Defendants* | § | **57TH JUDICIAL DISTRICT** |

## ORDER GRANTING PLAINTIFF'S NOTICE OF NONSUIT WITHOUT PREJUDICE

ON THIS DAY the Court considered Plaintiff's, CANDACE LARA Notice of Nonsuit as to Defendants, TENET HEALTHCARE CORPORATION, and VHS SAN ANTONIO PARTNERS, LLC D/B/A BAPTIST HEALTH SYSTEM, without prejudice.

The Court, having considered such Notice finds that it is well taken and should be GRANTED.

It is therefore, ORDERED, ADJUDGED and DECREED that all claims of Plaintiff, CANDACE LARA against Defendants, TENET HEALTHCARE CORPORATION, and VHS SAN ANTONIO PARTNERS, LLC D/B/A BAPTIST HEALTH SYSTEM, should be, and hereby are, dismissed without prejudice.

SIGNED this _____ day of _____, 2021.

_____
JUDGE PRESIDING

**EXHIBIT A, PAGE 194**

APPROVED:

**BAIRHILTY, P.C.**

RONALD L. BAIR
State Bar No. 01554900
rbair@bairhilty.com
KENNETH A. SCOTT
State Bar No. 00791629
kscott@bairhilty.com
14711 Pebble Bend Drive
Houston, Texas 77068
Telephone: (713)862-5599
Facsimile: (713)868-9444
**ATTORNEYS FOR PLAINTIFF**

2